UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CARRIE M. LEO,

                Plaintiff,

-v-

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and THE UNITED STATES DEPARTMENT OF AGRICULTURE, and the following INDIVIDUALS, in their individual and official capacities: BASIL SEGGOS—Commissioner, SONNIE PERDUE—Secretary, WILLIAM POWELL—Lieutenant/Captain, DEC Division of Law Enforcement, JOSEPH THERRIEN—Director, DEC Special Licenses Unit, ANDREA D'AMBROSIO—USDA Animal Care Inspector, and John/Jane Does #1-15,

                Defendants.

Index No. 6:20-cv-07039
(Hon. Frank P. Geraci, Jr.)

**DECLARATION OF ASSISTANT ATTORNEY GENERAL BRITTANY M. HANER IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**

I, Brittany M. Haner, declare, pursuant to Local Rule 7(a)(3):

1. I am an Assistant Attorney General in the Office of the New York State Attorney General. I represent the New York State Department of Environmental Conservation (DEC), Basil Seggos, Joseph Therrien, and William Powell (collectively, State Defendants) in this action.

2. I submit this Declaration in support of the State Defendants' Motion to Dismiss the plaintiff's complaint.

3. On December 4, 2020, plaintiff filed a complaint for violations of civil rights in the United States District Court for the Western District of New York (Complaint). [Docket 1].

4. On December 28, 2020, Judge Frank P. Geraci, Jr. issued a Screening Order. [Docket 5].

5. In the Screening Order, the Court determined that the Complaint contained allegations which seemed to implicate the following theories: (1) procedural and substantive due process; (2) equal protection; (3) First Amendment freedom of speech and retaliation for protected speech; and (4) Fourth Amendment protection from unreasonable searches and seizures. [Docket 5].

6. State Defendants now move to dismiss the Complaint because plaintiff's claims are time-barred and federal court is an improper venue. Further, the Complaint fails to state any cause of action for relief pursuant to 42 U.S.C. § 1983.

7. The Complaint alleges, among other things, that DEC wrongly revoked, and wrongly denied her application for, DEC licenses to possess and rehabilitate regulated wildlife, respectively.

8. The DEC Commissioner acted with respect to plaintiff's possession license after completion of a hearing before an Administrative Law Judge (ALJ) and a review of the ALJ's recommendations.

9. In support of its motion, State Defendants provide records that are referred to by plaintiff in the Complaint. **Exhibit A** is a true and accurate copy of the November 7, 2018 DEC Commissioner's Order, DEC Case No. OHMS 2017-72265, regarding plaintiff's possession license.

10. Attached as **Exhibit B** is a true and accurate copy of the July 10, 2018 Hearing Report of DEC ALJ Richard Sherman, DEC Case No. OHMS 2017-72265 (Hearing Report).

11. Attached as **Exhibit C** is a true and accurate copy of plaintiff's former DEC-issued license to rehabilitate regulated wildlife (rehabilitation license), which was Exhibit 4 to the Hearing Report, and was effective from June 1, 2016 through December 31, 2016.

12. Attached as **Exhibit D** is a true and accurate copy of plaintiff's January 25, 2017 application for a new rehabilitation license.

13. Attached as **Exhibit E** is a true and accurate copy of the August 14, 2017 DEC Notice of Denial in response to plaintiff's application for a new rehabilitation license, which was Exhibit 12 to the Hearing Report.

14. Attached as **Exhibit F** is a true and accurate copy of the August 14, 2017 DEC Notice of Intent to revoke plaintiff's possession license, which was Exhibit 3 to the Hearing Report.

15. Attached as **Exhibit G** is a true and accurate copy of plaintiff's July 18, 2016 application to renew her possession license, which was Exhibit 6 to the Hearing Report.

16. Attached as **Exhibit H** is a true and accurate copy of a letter from the Wayne County Court confirming the disposition of *Carrie M. Leo v. NYSDEC et al.*, Index No. 83559 (Wayne County 2019), which was a CPLR Article 78 challenge to the November 7, 2018 Commissioner's Order. In that action, plaintiff served DEC with a petition, but she did not file it with the County Clerk and receive an index number, though she used an index number (83559) on her petition that apparently related to another matter—possibly her application to waive filing fees *in forma pauperis*. The Wayne County Supreme Court gave plaintiff an opportunity to cure the filing defect, but she did not cure it. Therefore, no action was commenced.

17. Attached as **Exhibit I** is a true and accurate copy of plaintiff's former DEC-issued license to collect and possess wildlife (possessin license), which was Exhibit 2 to the Hearing Report, and was effective from July 8, 2015 through July 7, 2016.

18. State Defendants respectfully request that the Court dismiss the Complaint

in its entirety and such other and further relief as the Court may deem just and proper.

Dated: March 22, 2021	LETITIA JAMES
	Attorney General of the State of New York
	Attorney for State Defendants

	By:	/s/ Brittany M. Haner
		BRITTANY M. HANER
		*Assistant Attorney General*
		Environmental Protection Bureau
		The Capitol
		Albany, NY 12224
		(518) 776-2389
		Brittnay.Haner@ag.ny.gov