# Exhibit A

STATE OF NEW YORK
DEPARTMENT OF ENVIRONMENTAL CONSERVATION
625 BROADWAY
ALBANY, NEW YORK 12233-1550

In the Matter

- of -

the Notice of Intent to Revoke a Special License Issued
Pursuant to Environmental Conservation Law (ECL)
§§ 11-0511 and 11-0515, and Part 175 of
Title 6 of the Official Compilation of Codes, Rules and Regulations
of the State of New York (6 NYCRR) to:

**CARRIE M. LEO,**

Respondent.

DEC Case No. OHMS 2017-72265

ORDER OF THE COMMISSIONER

November 7, 2018

# ORDER OF THE COMMISSIONER

Respondent Carrie M. Leo resides at 3199 Walworth Road, Walworth, New York, where she operates a facility for captive wildlife (facility). In 2013, the Department of Environmental Conservation (Department or DEC) issued to respondent a license to collect or possess certain species of wildlife for education/exhibition purposes (LCPEE #623). The Department issued the most recent version of LCPEE #623 to respondent on July 8, 2015, which was effective from that date through July 7, 2016. Respondent submitted a request to amend LCPEE #623 on March 24, 2016 which was pending before the Department when, on August 14, 2017, the Director of the Department's Division of Fish and Wildlife issued a Notice of Intent to Revoke License (notice of intent to revoke) to respondent with respect to LCPEE #623.[1]

Department staff alleged that respondent possessed regulated wildlife without authorization and failed to comply with requirements of LCPEE #623. These alleged violations, staff asserted, warranted the revocation of respondent's license. Pursuant to 6 NYCRR 175.5(a), the grounds upon which the Department may revoke respondent's LCPEE license include, among other things: a failure to comply with any term or condition of the license; an exceedance of the scope of the purpose, or activities described in the application; or a failure to comply with any provision of State or federal law or regulation directly related to the licensed activity. These grounds for revocation are also set forth in LCPEE #623 (see Hearing Report at 4, Hearing Exhibit 2 at 4 [General Condition 4]).

Department staff's notice of intent to revoke listed the following four reasons for the revocation:

"1) Unauthorized possession of wildlife without a proper license from the Department;
"2) Failure to keep accurate records and submit timely reports to the Department;
"3) Failure to comply with terms and conditions of [respondent's] special licenses issued by the Department; [and]
"4) Failure to comply with the terms of a federal license directly related to the activity authorized by [LCPEE #623]" (see Hearing Exhibit 3 [Notice of Intent to Revoke], at 1).

By letter dated August 22, 2017 respondent advised the Department that she opposed the revocation of LCPEE #623 and requested a hearing.

Where a proceeding arises out of Department staff's notification of its intent to revoke a license based on alleged violations of law, and the licensee requests a hearing, the notice of intent to revoke takes the place of a complaint and the request for a hearing takes the place of an answer (see 6 NYCRR 622.3[b][2]). Department staff bears the burden of proof on all its charges and must prove the factual allegations underlying those charges by a preponderance of the evidence (see 6 NYCRR 622.11[b][1], [c]). Where a respondent asserts an affirmative

---

[1] Respondent has held a wildlife rehabilitation license (WRL) #1646 that the Department issued to her on January 9, 2012. WRL #1646 was effective, with modifications, from January 9, 2012 to December 31, 2016 (see Hearing Exhibit 4). On August 14, 2017, the Department denied respondent's request to renew WRL #1646 (see Hearing Exhibit 12).

defense, the respondent bears the burden of proof and must prove facts in support of the defense by a preponderance of the evidence (see 6 NYCRR 622.11[b][2], [c]).

This matter was assigned to Administrative Law Judge (ALJ) Richard Sherman. The ALJ convened the hearing in this matter on March 13, 2018. The hearing was conducted pursuant to the provisions of the Department's uniform enforcement hearing procedures (6 NYCRR part 622). The ALJ prepared the attached hearing report in which he recommends that I issue an order revoking LCPEE #623. The ALJ also recommends that I direct respondent to transfer or otherwise dispose all wildlife that is being held at the facility without proper DEC authorization within sixty (60) days of service of a Commissioner order upon respondent.

I hereby adopt the ALJ's hearing report as my decision in this matter, subject to my comments below.

## DISCUSSION

The ALJ, in his hearing report, comprehensively evaluated each of Department staff's bases for revoking respondent's license (see Hearing Report at 4-13). A review of that analysis follows.

Unauthorized Possession of Wildlife

The notice of intent to revoke stated that respondent "possess[ed] and fail[ed] to release to the wild in a timely manner six (6) wild coyote . . . and four (4) Virginia opossum" (Hearing Exhibit 3, at 1). The notice of intent to revoke also states that respondent's veterinarian evaluated several opossums and six coyotes at respondent's facility in August 2015 and found the opossums to be "quite habituated" and the coyotes "too socialized towards humans for release" (id. at 1-2). The notice of intent to revoke asserted that respondent knew that these animals were "non-releasable and therefore not rehabilitation candidates" and that, despite this, respondent continued to possess these animals and did not contact the Department until March 2016 to add the coyotes to LCPEE #623 and did not contact the Department until July 2016 to add the opossums (id.).

-- Coyotes

Respondent's LCPEE license does not authorize respondent to possess coyotes. Department staff's expert, Joseph Therrien, testified that Ms. Leo held certain species without authorization from the Department, including six coyotes that were acquired and held without a license and that these coyotes appeared too socialized towards humans for release (Hearing Transcript [Tr] at 16, 18, 36, see also undated letter from the Indiana Coyote Rescue Center [none of the six coyotes "are releasable due to their social acceptance of their caretakers, their stay in captivity from before their eyes opened, and comfortability around strangers"] (Hearing Exhibit 5 at 3). Department staff determined that the six coyotes were "raised in such a way that they became too habituated to humans to be released" and, therefore, the Department confiscated the coyotes on May 10, 2016 (Hearing Exhibit 8 [May 11, 2016 Report of Inspection]).

2

As set forth under 6 NYCRR 184.1(a), "[t]he purpose of this Part [wildlife rehabilitators] is to establish a specially trained group of individuals, collectively called wildlife rehabilitators, to provide for the care of injured and debilitated wildlife so that such wildlife may be returned to the wild" (emphasis added). On this record, it is clear that respondent was not rehabilitating the coyotes pursuant to the terms and conditions of her wildlife rehabilitation license (WRL #1646). WRL #1646 does not authorize her to possess animals that are not being rehabilitated (see Hearing Exhibit 4 at 4 [WRL #1646 condition 21 (stating that "[w]ildlife that has been successfully rehabilitated shall be immediately released to the wild" and that "[t]his [WRL] license does not authorize permanent possession of wildlife"]).

Respondent's methods of caring for the animals resulted in the coyotes being overly socialized to humans. The ALJ concluded that Department staff met its burden to demonstrate that respondent possessed six coyotes in violation of LCPEE #623, and I concur. I further conclude that respondent was not rehabilitating the coyotes for release to the wild and, therefore, respondent was not authorized to possess the coyotes under her WRL license.

-- Opossums

Respondent's LCPEE license authorizes her to possess one male Virginia opossum (see Hearing Exhibit 2, at 2 [License Condition 1]; see also Hearing Tr at 14).

The record establishes that respondent held a number of opossums even though LCPEE #623 authorized her to possess only one (see Hearing Report at 7, Hearing Exhibit 8 [May 11, 2016 inspection report]; Exhibit 15 [January 13, 2016 and April 21, 2016 inspection reports]). The record further establishes that the opossums held by respondent became too habituated to humans to be released into the wild and, therefore, were not authorized under respondent's WRL license (see Hearing Report at 7-8). The notice of intent to revoke states that respondent "possess[ed] and fail[ed] to release to the wild in a timely manner . . . four (4) Virginia opossum" (Hearing Exhibit 3, at 1). Department staff testified that respondent kept opossums without an appropriate license (Hearing Tr at 40).

The ALJ concluded that Department staff met its burden to demonstrate that respondent possessed four Virginia opossums in violation of LCPEE #623, and I concur. The record further demonstrates that respondent was not rehabilitating the opossums for release to the wild and, therefore, respondent was not authorized to possess the opossums under her WRL license.

Failure to Keep Accurate Records and Submit Timely Reports to the Department

The notice of intent to revoke stated that respondent violated LCPEE #623 by her "[f]ailure to keep accurate records and submit timely reports to the Department" (Hearing Exhibit 3 at 1 [item 2]). At the hearing, staff's expert testified that respondent pleaded guilty in Macedon Town Court to violating Condition 22 of LCPEE #623 which required respondent to submit an accurate and complete LCPEE report form to the Department prior to the expiration date of LCPEE #623 (Hearing Tr at 46-47; Hearing Report at 8).

3

As the ALJ notes, respondent does not contest the allegation that she failed to submit an accurate and complete LCPEE report form as is required under License Condition 22 of LCPEE #623 (see Hearing Report at 8).  Based on the record before me, Department staff met its burden to establish that respondent violated License Condition 22 of LCPEE #623 by her failure to submit an LCPEE report form.

<u>Failure to Comply with Terms and Conditions of Special License</u>

The notice of intent to revoke listed several conditions of LCPEE #623 that respondent is alleged to have violated (see Hearing Exhibit 3 at 3).  Among these is LCPEE #623 License Condition 22 which is addressed above.  The other license conditions cited in the notice of intent to revoke are addressed below.

- LCPEE #623 License Condition 6 ("licensee shall not add additional animals or replace listed animals without a written amendment to this license").  At issue was respondent's possession of coyotes, opossum and chipmunks.  The ALJ found that respondent violated License Condition 6 in that respondent admitted that she actually had obtained six coyotes in April 2015, nearly a full year before she submitted her LCPEE amendment request to have the coyotes added to LCPEE #623 (see Hearing Report at 9-10; see also Post-Hearing Brief of Department Staff dated April 30, 2018 [Staff Post-Hearing Brief], at 7).  The record further established that respondent retained possession of four non-releasable opossums long before she sought to add them to LCPEE #623 (see Hearing Report at 9).  The ALJ, however, found that Department staff failed to establish that respondent held chipmunks in violation of License Condition 6 of LCPEE #623 (see Hearing Report at 10).

- LCPEE #623 License Condition 10 ("[t]he licensee shall provide food, water, care and caging facilities to ensure the physiological and psychological well-being of the listed animal(s)" (Hearing Exhibit 2, at 2).  Staff noted that respondent pleaded guilty in Macedon Town Court, Criminal Part, to violations of two conditions set forth in LCPEE #623 (see Hearing Transcript at 44-46), and proffered the certificate of conviction from the Macedon Town Court that establishes that respondent pleaded guilty to violating License Condition 10 (see Hearing Exhibit 13 at 2 [charged under ticket number BF0195322]; see also Hearing Tr at 132 [Leo admission that she pleaded guilty to two violations in Macedon Town Court]).

    The lack of proper enclosures for the opossums was also identified during inspections of respondent's facility by the United States Department of Agriculture/Animal and Plant Health Inspection Service (USDA).  The USDA inspection report for April 21, 2016 states that "[t]he opossums are still housed in the barn in stacking stainless steel enclosures" that "do not provide sufficient space to allow . . . adequate freedom of movement" (Hearing Exhibit 15 [April 21, 2016 inspection report at 1 (§ 3.128)]).  The lack of proper enclosures for the opossums was also cited in a prior USDA inspection report for the facility (id. [January 13, 2016 inspection report at 1 (§ 3.128)]).

4

As the record demonstrates, respondent has failed to provide the proper caging facilities for the opossums and has, accordingly, violated License Condition 10 under LCPEE #623.

- LCPEE #623 License Condition 12 ("licensee shall comply with all notifications required by the New York State General Municipal Law Section 209-cc for all listed animals subject to that law").

    Department staff did not proffer evidence or argument on this alleged violation and, consequently, the ALJ deemed this allegation to be withdrawn (see Hearing Report at 9 n 4).

<u>Failure to comply with the terms of a federal license directly<br>related to the activity authorized by LCPEE #623</u>.

General Condition 4.iv of LCPEE #623 provides that LCPEE #623 is subject to revocation if the "licensee fails to comply with any provisions of . . . Federal laws . . . directly related to the licensed activity."

Department staff's expert testified that "anyone who exhibits a mammal, warm blooded species, [is] covered under the Animal Welfare Act, the federal act, and that's implemented by the U.S. Department of Agriculture" and the exhibitor must "have a USDA Class C exhibitor's license" (Hearing Tr at 40-41). Department staff's expert further testified that he was contacted by the USDA inspector assigned to respondent's facility and was informed that respondent "had refused the inspections of USDA [that are] required by the Animal Welfare Act" (Hearing Tr at 41 [referencing three occasions]). Two USDA inspection reports in the record detail respondent's refusal to allow access to her facility (see Hearing Exhibit 15 [August 11, 2016 inspection report (noting respondent's refusal to allow officials entry to facility) and July 27, 2016 inspection report (same)]). Department staff established that respondent violated LCPEE #623 General Condition 4 by failing to comply with the terms of a federal license.

I concur with the ALJ that the remaining arguments that respondent raised in her closing brief are lacking in merit.

<u>Disposition of Wildlife at Respondent's Facility</u>

Department staff notes that respondent still claims to hold a "small number of animals" at her facility under LCPEE #623 (Staff Post-Hearing Brief at 13). Staff requests that respondent be directed "to transfer or otherwise dispose of any and all wildlife previously held pursuant to [LCPEE #623] within a specified amount of time" (id.). Staff's request for such a direction is appropriate and reasonable. Accordingly, I direct respondent to transfer or otherwise dispose of all wildlife held at the facility without proper authorization from the Department within sixty (60) days of the service of my order upon respondent. In this regard, I direct that respondent: (a) within seven (7) days of the service of this order upon respondent, provide to the Department an accurate and complete list of all wildlife regulated by the Department that is at the facility or in respondent's possession; and (b) not less than fourteen (14) days prior to any transfer or disposal

of wildlife, provide written notification to the Department of the proposed transfer or disposal for Department's review and approval. The notification must include the name and address of any facility or entity receiving the wildlife and the name and telephone number of the appropriate contact person at the facility or entity. Department staff may, at its discretion, request respondent to provide further documentation regarding the receiving facility or entity.

**NOW, THEREFORE,** having considered this matter and being duly advised, it is **ORDERED** that:

I. Respondent Carrie M. Leo is adjudged to have committed the following violations:

   A. Failed to comply with License Conditions 6 (Addition or Replacement of Animals Without Written Authorization Prohibited), 10 (Providing Care for Animal[s]) and 22 (Education/Exhibition Reporting Requirement) of a License to Collect or Possess Certain Species of Wildlife for Education/Exhibition Purposes (LCPEE) #623;

   B. Failed to comply with the terms of a federal license directly related to the activity authorized by LCPEE #623 (see General Condition 4 iv. of LCPEE #623);

   C. Possessed wildlife without a proper license from the Department of Environmental Conservation; and

   D. Failed to keep accurate records and submit timely reports to the Department.

II. The remaining violations charged in Department staff's August 24, 2017 notice of intent to revoke are dismissed.

III. As a result of the violations established, respondent Carrie M. Leo's License to Collect or Possess Certain Species of Wildlife for Education/Exhibition Purposes (LCPEE #623) is hereby revoked and the March 24, 2016 amendment application to LCPEE #623, if still pending, is denied.

IV. Respondent shall:

   A. Within seven (7) days of the service of this order upon respondent, provide to the Department an accurate and complete list of all wildlife regulated by the Department that is at the facility or in respondent's possession;

   B. Not less than fourteen (14) days prior to any transfer or disposal of wildlife, provide written notification to the Department of the proposed transfer or disposal for the Department's review and approval. The notification must include the name and address of any facility or entity receiving the wildlife and the name and telephone number of the appropriate contact person at the facility or entity. Department staff may, at its discretion, request respondent to provide further documentation regarding the receiving facility or entity; and

    C. Within sixty (60) days of the service of this order upon respondent, respondent Carrie M. Leo shall complete the transfer or otherwise dispose of all wildlife held at the facility or in respondent's possession without authorization from the Department.

V. All communications from respondent Carrie M. Leo to the Department concerning this order shall be made to

> Mark D. Sanza
> Assistant Counsel
> New York State Department of Environmental Conservation
> Office of General Counsel
> 625 Broadway, 14th Floor
> Albany, New York 12233-1500.

VI. The provisions, terms and conditions of this order shall bind respondent Carrie M. Leo, and her agents, successors, and assigns, in any and all capacities.

            For the New York State Department
            of Environmental Conservation

            By: _____/s/_____
                    Basil Seggos
                      Commissioner

Dated:   November 7, 2018
          Albany, New York