3199 Walworth Road
Walworth, NY 14568
April 26, 2021

Judge Frank P. Geraci, Jr.
U.S. District Court, Western District of New York
2 Niagara Square
Buffalo, NY 14202-3350

**RE:** *Leo v NYSDEC et al.*
Docket #6:20-cv-07039-FPG

Dear Judge Geraci,

Enclosed is a letter I received from an attorney at the Office of the U.S. Attorney.  It seems the court sent process to the wrong office.

Enclosed are also summonses, process receipts and complaints for serving process to the Buffalo Office of the U.S. Attorney.  It would be very much appreciated if your office could have them personally served by the federal marshals.

I also would like to request an update on the request I sent about in my last mailing for an extension in time to serve the defendants since, despite good faith effort, I was having difficulty finding the location at which to serve the defendants who are federal officials.

Thank you.

Sincerely,

Carrie M. Leo, *Plaintiff*

*enclosure*

cc:   **VIA EMAIL**
Brittany M. Haner, Esq.
Assistant Attorney General
NYS Office of the Attorney General
Environmental Protection Bureau
The Capitol | Albany, New York 12224
Telephone:  (518) 776-2389
Fax (518) 650-9364
Brittany.Haner@ag.ny.gov





RECEIVED
APR 1 9 2021
BY: .........(CL)...........

**U.S. Department of Justice**

United States Attorney
*Western District of New York*

100 State Street                          *(585) 263-6760*
Rochester, New York 14614                 *fax (585) 399-3920*
                                          *Writer's Direct Dial: (585) 399-3961*
                                          *Kathryn.L.Smith@usdoj.gov*

April 16, 2021

Carrie M. Leo
3199 Walworth Road
Walworth, New York   14568

> **Re:**   *Carrie M. Leo v. NYS Dep't of Env't Conservation, et al.* | **20-CV-7039 FPG**

Dear Ms. Leo:

I am contacting you as a courtesy regarding the above referenced matter.

It has come to my attention that you have commenced a lawsuit under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against former U.S. Secretary of Agriculture Sonny Purdue and U.S. Department of Agriculture ("USDA") Animal Care Inspector Andrea D'Ambrosio.   Your complaint, filed in the District Court for the Western District of New York ("WDNY"), alleges that your rights under the U.S. Constitution were violated by federal officials.

Rule 4(i)(3) of the Federal Rules of Civil Procedure ("FRCP") provides that when bringing suit against a federal employee sued in his or her individual capacity -- as you have in your *Bivens* lawsuit -- the party "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

Rule 4(e) of the FRCP permits service on an individual within a judicial district in the United States by:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     doing any of the following:

>    (A)     delivering a copy of the summons and of the complaint to the individual personally;

>    (B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>    (C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.



Carrie M. Leo
April 16, 2021
**2 |** P a g e

Rule 4(i)(1) governs service on the United States:

1)    To serve the United States, a party must:

    (A)    (i) deliver a copy of the summons and of the complaint to the United States attorney *for the district where the action is brought*—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

            (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office;

    (B)    send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

(emphasis added).   I have enclosed a copy of FRCP 4 for your reference.

At this time, the U.S. Attorney for the Western District of New York and the U.S. Attorney General have not been served.   Also, please note that former Secretary Purdue is no longer serving at the USDA. Neither the U.S. Attorney for the WDNY nor the USDA has authority to accept service of your *Bivens* complaint on his behalf.

If you would like to discuss this matter further, please do not hesitate to contact me at (585) 399-3961. You may also contact the WDNY's *Pro Se* Assistance Program in Rochester by calling (585) 295-5709.

        Very truly yours,

        JAMES P. KENNEDY, JR.
        United States Attorney
        Western District of New York

By:    KATHRYN L. SMITH
        Assistant U.S. Attorney

KLS/jmm
Enclosure
cc:  Hon. Frank P. Geraci, Jr.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

|  |  |  |
|---|---|---|
| CARRIE M. LEO, | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.   20-cv-7039 |
| New York Department of Environmental Conservation & the United States Department of Agriculture and the following INDIVIDUALS in their individual and official capacities: BASIL SEGGOS - DEC Commissioner, SONNY PERDUE - Secretary, WILLIAM POWELL - Lieutenant/Captain, DEC Division of Law Enforcement, JOSEPH THERRIEN - Director, Special Licenses Unit, ANDREA D'AMBROSIO - USDA Animal Care Inspector and *John/Jane Does #1-15, | ) ) ) ) ) ) ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Andrea D'Ambrosio
> United States Department of Agriculture
> 138 Delaware Avenue
> Buffalo, NY 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Carrie M. Leo
> 3199 Walworth Road
> Walworth, NY 14568

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                              .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                                , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because                                                ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

|  |  |  |
|---|---|---|
| CARRIE M. LEO, | ) | |
| *Plaintiff(s)* | ) ) ) ) | |
| v. | ) | Civil Action No.   20-cv-7039 |
| New York Department of Environmental Conservation & the United States Department of Agriculture and the following INDIVIDUALS in their individual and official capacities: BASIL SEGGOS - DEC Commissioner, SONNY PERDUE - Secretary, WILLIAM POWELL - Lieutenant/Captain, DEC Division of Law Enforcement, JOSEPH THERRIEN - Director, Special Licenses Unit, ANDREA D'AMBROSIO - USDA Animal Care Inspector and *John/Jane Does #1-15, | ) ) ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

United States Department of Agriculture
138 Delaware Avenue
Buffalo, NY 14202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Carrie M. Leo
3199 Walworth Road
Walworth, NY 14568

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*



                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Carrie M. Leo | COURT CASE NUMBER<br>6:2020-CV-0739 |
|---|---|
| DEFENDANT<br>NYSDEC, USDA, Seggos, Perdue, Powell, Therrien, D'Ambrosio, *John/Jane Does #1-15 | TYPE OF PROCESS<br>Summons & Complaint |

**SERVE AT**

NAME OF INDIVIDUAL, Company, Corporation Etc. to Serve or Description of Property

UNITED STATES DEPARTMENT OF AGRICULTURE AND ANDREA D'AMBROSIO

ADDRESS (Street or RFD), Appearance No., City, State and ZIP Code;

U.S. ATTORNEY 138 Delaware Avenue,  Buffalo, NY 14202

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| Carrie M. Leo<br>3199 Walworth Road<br>Walworth, NY 14568 | Number of process to be served with this Form 285 | 2 |
|---|---|---|
| | Number of parties to be served with this case | USDA = 2<br>Total in case = 6 |
| | Check for service on U.S.A. | ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses All Telephone Numbers and Estimated Times Available for Service(s)*):

Hours open 8:30 A.M. - 4:30 P.M.

| Signature of Attorney other Originator requesting service on behalf of | ✗ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(315) 538-8316 | DATE<br>April 24, 2021 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY -- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than on USM 285 is submitted?)* | Total Process | District of Origin<br>No _____ | District to Serve<br>No _____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

Address *(complete only different than shown above)*

| Service Fee | Total Mileage Charges including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT.

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11-13

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Carrie M. Leo | COURT CASE NUMBER<br>6:2020-CV-0739 |
|---|---|
| DEFENDANT<br>NYSDEC, USDA, Seggos, Perdue, Powell, Therrien, D'Ambrosio, *John/Jane Does #1-15 | TYPE OF PROCESS   Summons &<br>Complaint |

| SERVE AT { | NAME OF INDIVIDUAL, Company, Corporation Etc. to Serve or Description of Property<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE AND ANDREA D'AMBROSIO |
|---|---|
| | ADDRESS (Street or RFD), Appearance No., City, State and ZIP Code;<br><br>U.S. ATTORNEY 138 Delaware Avenue, Buffalo, NY 14202 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| Carrie M. Leo<br>3199 Walworth Road<br>Walworth, NY 14568 | Number of process to be<br>served with this Form 285   **2** |
| | Number of parties to be<br>served with this case   USDA = 2<br>Total in case = 6 |
| | Check for service<br>on U.S.A.   ✓ |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (***Include Business and Alternate Addresses***
***All Telephone Numbers and Estimated Times Available for Service(s):***

| Signature of Attorney other Originator requesting service on behalf of | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(315) 538-8316 | DATE<br>April 24, 2021 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY -- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total<br>number of process indicated.<br>*(Sign only for USM 285 if more<br>than on USM 285 is submitted?)* | Total Process | District of<br>Origin<br><br>No ___ | District to<br>Serve<br><br>No ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described
on the individual, company, corporation, etc., at the address shown above on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

Address *(complete only different than shown above)*

| Service Fee | Total Mileage Charges<br>including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or<br>(Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT.

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11-13

Pro Se 15 (Rev. 12/16) Complaint for Violation [of] Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of New York State

Fourth Division

Case No. 20-cv-7039 FPG

(to be filled in by the Clerk's Office)

Carrie M. Leo

*Plaintiff(s)*

-v-

New York State Department of Environmental
Conservation & the United Stated Department of
Agriculture and the following INDIVIDUALS, in
their individual and official capacities; BASIL
SEGGOS - Commissioner, SONNY PERDUE -
Secretary, WILLIAM POWELL -
Lieutenant/Captain, DEC Division of Law
Enforcement, JOSEPH THERRIEN - Director, DEC
Special Licenses Unit, ANDREA D'AMBROSIO -
USDA Animal Care Inspector and *John/Jane Does
#1-15.

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)*  ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

*\* may be individuals who work for the government or those who do not.*

Pro Se 15 (Rev. 12/16) Complaint for Violation ⌐ vil Rights (Non-Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Carrie M. Leo |
| Address | 3199 Walworth Road |
| | Walworth            NY            14568 |
| | *City*            *State*            *Zip Code* |
| County | Wayne |
| Telephone Number | (315)538-8316 |
| E-Mail Address | carrieleo15@gmail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | New York State Department of Environmental Conservation |
| Job or Title *(if known)* | |
| Address | 625 Broadway |
| | Albany            NY            12233 |
| | *City*            *State*            *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Basil Seggos |
| Job or Title *(if known)* | Commissioner |
| Address | 625 Broadway |
| | Albany            NY            12233 |
| | *City*            *State*            *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | unknown |

☒ Individual capacity      ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violat...  f Civil Rights (Non-Prisoner)

---

**Defendant No. 3**

| | |
|---|---|
| Name | United States Department of Agriculture |
| Job or Title *(if known)* | |
| Address | 1400 Independence Avenue, S.W. |

| | | |
|---|---|---|
| Washington | DC | 20250 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | District of Columbia |
| Telephone Number | 202-720-2791 |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Sonny Perdue |
| Job or Title *(if known)* | Secretary |
| Address | 1400 Independence Avenue., S.W. |

| | | |
|---|---|---|
| Washington | DC | 20250 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | District of Columbia |
| Telephone Number | 202-720-2791 |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 5**

| | |
|---|---|
| Name | Joe Therrien |
| Job or Title *(if known)* | Director, Special Licenses Unit |
| Address | 625 Broadway, 5th Floor |

| | | |
|---|---|---|
| Albany, | NY | 12233-7011 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Albany |
| Telephone Number | 518-402-8985 |
| E-Mail Address *(if known)* | joseph.therrien@dec.ny.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 6**

| | |
|---|---|
| Name | William Powell |
| Job or Title *(if known)* | Lieutenant/Captain, Division of Law Enforcement |
| Address | 6274 East Avon-Lima Rd. |

| | | |
|---|---|---|
| Avon, | NY | 14414-9519 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Livingston |
| Telephone Number | 585-226-6706 |
| E-Mail Address *(if known)* | william.powell@dec.ny.gov |

☒ Individual capacity    ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violat    f Civil Rights (Non-Prisoner)

### Defendant No. 7

| | |
|---|---|
| Name | Andrea D'Ambrosio |
| Job or Title *(if known)* | Animal Care Inspector |
| Address | 1400 Independence Avenue, S.W. |

| | | | |
|---|---|---|---|
| | Washington, | D.C. | 20250 |
| | *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | District of Columbia |
| Telephone Number | 202-720-2791 |
| E-Mail Address *(if known)* | |

☒ Individual capacity      ☒ Official capacity

II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Equal treatment under the law, freedom of speech, freedom of petition, freedom from unreasonable  searches and seizures, right to due process of law, rights of accused person, freedom from cruel and unusual punishment, freedom to enjoy one's own property, freedom to not have property taken by the government without just compensation and freedom of establishing ones own business.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Due process, property rights, equal treatment under the law, chance for recourse/redress and false accusations/defamation.

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

On or around November 7, 2015, the Division of Law Enforcement of the DEC visited my wildlife center due to a neighbor contacting the agency about my having wild animals. I was duly licensed by the DEC and USDA to possess and exhibit wild and exotic animals. Although

Pro Se 15 (Rev. 12/16) Complaint for Violat    f Civil Rights (Non-Prisoner)

the officers saw nothing of concern after touring the center, they returned on May 10, 2016 demanding another tour of the facility for an "inspection" and seizing a pack of six adult coyotes I possessed with the authority of my wildlife rehabilitation license through the DEC.

Two to three days afterward, the town zoning officer cited my stepfather, the landowner, for two alleged violations.  On or around July 26, 2016, the DEC cited me with eleven citations mostly for possession of coyotes.  The charges were resolved with a plea to two civil violations of my keeping opossums in hospital cages in the barn during the winter and for submitting an annual log for one of my licenses late; two alleged violations which are committed by other licenses frequently without citation or discipline.

In 2017, I became aware of Lt. Powell and Officer Thomas from the DEC acting against my business by making me take the entire center down even though it was constructed legally, and the town know of it.  In fact, one of the zoning officers visited the center in or around December 2015 to look around and was given a tour of the entire facility.  The zoning officer saw nothing of concern.

The DEC was not going to settle without my full surrendering of all licensure and the relocation of all animals, which was an extreme measure for a business which was duly licensed and operating within the confines of the law.  The center even offered a community service of wildlife rehabilitation which was done on a volunteer basis and financed from personal funds and a few donations.

In April 2017, I boarded three animals with a colleague and friend I trusted at the time while I recovered from surgery.  I boarded the animals in order to maintain the standard of care for the animals by temporarily keeping them with someone who could take care of them full-time until I recovered.  However, without my permission and knowledge, the colleague took the animals out of New York State, with the help of specific staff members of the DEC and USDA and imported them illegally into Texas State.

Since then, I have been vying in court to gain repossession of the animals only to have interference from the DEC and USDA in convincing my colleague that I didn't have the proper licensing to keep the animals.  Even though an attorney from the DEC's Office of General Counsel confirmed for me in writing that my licensing was, in fact, valid to have not only the animals back from my colleague but that I could have additional animals listed    on the license if I were to obtain more animals, which I didn't plan on.

I was granted a preliminary injunction on September 10, 2018 (and amended on May 2, 2019) for the return of my animals.  However, the Defendant started to allege, one by one, the animals were either stolen or deceased.  However, evidence which I've gathered since then shows otherwise.  The Defendant's attorney opted to use a number of highly unethical methods in prejudicing my repossession of the animals and teamed up with the DEC (and possibly the USDA).

The DEC has been giving the Defendant information and other documents which I have reason are prejudicing me against the assertion of my rights.  Although I've asked for copies of the documents since they clearly had to do with me and my licensing of my animals and business, they have never given me copies.

I have also become aware of Lt. Powell, Joe Therrien, James Farquhar, Andrea D'Ambrosio and Tonya Hadijis (the former two from the DEC and the latter two from the USDA) acting against my interests and rights secretly by protecting the person who still has possession of my animals.  I have sought assistance from everyone I can think of, including all the way up the "ladder" of

Pro Se 15 (Rev. 12/16) Complaint for Violat    Civil Rights (Non-Prisoner)

authority, so to speak, to the Commissioner of the DEC and the Secretary of the USDA only to be met with hostility or indifference.

In order to discredit me, both agencies have used the law to accuse me of violating laws which either don't exist, or which are improperly implied.  In the meantime, DEC officials, namely Powell and Therrien, have incited my neighbors to act against me, including the      vandalism of my center twice and unlawful release of my animals when I wasn't around the premises.  Local (town, county) authorities and officials have been turned against me based on severely derogatory and personal statements made about me by Lt. Powell and Officer Kevin Thomas - the DEC Division of Law Enforcement officers who work in my region, referred to by the DEC as "Region 8."

My state licenses were either denied renewal in a very untimely fashion or revoked while the      Department violated a multitude of regulations and rules during the process it took in doing so.  Presently, the USDA is now invoking a proceeding to terminate my federal license simply because the state license was revoked. During any consideration the Department may have given concerning my licensing, I have had literally absolutely no say whatsoever, even and especially, in the hearing which was held to revoke one of my state licenses on March 13, 2018 (the license was revoked by final determination by the Commissioner on or around November 7, 2018).

Most recently, I have become aware that I am being defamed by the same staff members mentioned in this summary as I've been accused (not directly, of course) for animal cruelty, such as starving animals, etc.  Powell has solicited false testimony in manipulating potential witnesses to say things about me which aren't true and for which there is no evidence or evidence which squarely contradicts statements he has coached other people to say against me.

There is no recourse or redress unless a person has considerable financial support or have connections in the government to "pull strings" much like what the DEC and USDA have done for the colleague of mine who stole my animals.

*New York State Department of Environmental Conservation* staff members Joe Therrien, Paul Stringer, William Powell and James Farquhar[1] misrepresented the licensing I had through the Department's Special Licenses Unit telling a person who was boarding animals for me that I didn't have the authority to possess such animals.  However, the two licenses I had through the Department, the *License for Wildlife Rehabilitation* (LWR) and *License to Collect & Possess* (LCP) were valid for the year 2017 and most of 2018, respectively.

While talking to other individuals about my licensing, the Department repeatedly refused to give me status on my licenses never returning calls, emails, or letters.  Even though my *License to Collect & Possess* continued to undergo rolling renewals annually in July 2017 and July 2018, I was never given an updated paper license, even though I had requested one.  It is standard practice to give every licensee a paper version of their licenses However, when the colleague who boarded my animals contacted the SLU, he was not ignored at all and in fact a conspiracy developed between him and the Department in preventing the return of my animals even though this was part of the contract to which we both agreed before the boarding arrangement took place on or around April 23, 2017.  Eventually the renewal applications for both licenses I sent to the Department were denied months after the 45-day deadline for the Department to respond or else there would be an automatic approval of the application.  Technically, the applications were renewed automatically, and the LWR's new expiration date is 12/31/2022 and then LCP undergoes annual rolling renewals.

Pro Se 15 (Rev. 12/16) Complaint for Violat     Civil Rights (Non-Prisoner)

I also have reason to believe the Department has helped this colleague fabricate an entire fable about me by justifying and telling members of the public and other authority figures that may enter the scene occasionally that I had the animals taken away from me due to neglect and/or cruelty and I wasn't licensed for them; both of which are not true. If this was the truth, then the individual who boarded my animals would also be in violation of the law then, as it is prohibited by virtue of all of his state and federal licensing conditions to acquire animals from an illegal source. However, since then he has exported the animals from New York State, traversed a number of states in traveling to Texas, imported the animals, including his own menagerie (which includes endangered species), unlawfully. He continues to possess all of the animals illegally to this day only   carrying federal licensing to exhibit without respecting Texas state law and licensing indigenous species, furbearers, and endangered species.   The three animals he took from me where all furbearers (fox, fisher and badger) and two were from species considered indigenous to the state of Texas.

It is clear he is passing around documents given to him by the DEC which have been referred to as a "phone summary" by Therrien in an email on or around November 8, 2017 which he states was written and given to my colleague.   Another reference to yet another document was made by my colleague was on December 6, 2019 when he stated he had "orders" to "transport and dispose" of my animals. The Department has given me no notice whatsoever that any possession of my animals up to the time my colleague boarded them was unlawful and they knew what live inventory I had at the time as well.

Furthermore, I was never given any notice of "orders".  In fact, I've requested copies of the documents numerous times from both my colleague and the Department to no avail.  There is this "secret conspiracy" or collaboration between my colleague and the DEC as        well as at least one staff member in the USDA working to keep my animals from returning to me.  For mere possession, the animals do not need to be licensed - only if they are exhibited.

I have also been confronted by individuals who have spoken to Powell and possibly other officers who have made derogatory and untrue remarks concerning me, my business and character.  These statements occurred during pending cases in which the Department cited me excessively and unfairly for the possession of wild animals which were authorized by the licensing I had at the time for wildlife rehabilitation.  In addition to the fact that the Department tried entrapping me by refusing to process my amendment requests and renewal applications for the rehab and long-term possession license (LCP), according to their own regulation, the requests and renewals were already approved automatically at the 45-day deadline for the Department to send notice to the licensee of its decision to approve or decline amendment requests and licensing renewals.

The United States Department of Agriculture Animal Care Inspector, Andrea D'Ambrosio, encouraged my colleague to take as many animals as possible from my center with the intent not to return them.   She also suggested a lien or agister's lien for the return of my animals. This denies due process rights as well as aid the commission of fraud and possibly other torts. covering up and allowing numerous violations of law by my colleague which led to his violation of at least three federal laws, in addition to a multitude of New York and Texas State Conservation Laws.

Furthermore, the animal care complaints I filed with the USDA were "investigated" by D'Ambrosio who did not put forth good-faith effort in determining what happened to my animals. In fact, I have reason to believe she told others, such as SBA Ombudsman, Steve Bennett, that I "forfeited" the animals, which, again, is untrue. Another inspector who responded to one of the

. Pro Se 15 (Rev. 12/16) Complaint for Violat    . Civil Rights (Non-Prisoner)

animal care complaints and did an inspection of the facility at which my colleague kept my animals in Texas failed to verify any state licensing, including export and import documentation. If she had, she would have seen that his activity with the animals was unlawful. However, it is likely the inspector was "under the thumb" of D'Ambrosio who was protecting my colleague as she too was collaborating with the New York State Department of Environmental Conservation in keeping my animals from me.   This, from my understanding, is still occurring to this day.

While the above mentioned staff members and my colleague are violating a host of laws and have been in this case for years, I had my LWR untimely denied, my LCP revoked through a process during which the Department violated many of its own rules governing proceedings for licensing revocations and am currently fighting to keep my USDA Exhibitor's License. Yet the staff members have suffered no ill effects from violating my civil rights and breaking the very laws they are charged to uphold and enforce. Nor is my colleague required to follow the law and has broken far more than I had been accused of violating since this case began yet he still has yet to experience even one citation. He currently continues to possess my and his animals in the State of Texas unlawfully.

All efforts of mine at recourse or redress have been unsuccessful. In fact, my latest attempt with the USDA spears to have spurred their current attempt to terminate my federal exhibitor's license. The effect of the termination will be the inability of me to have, possess or transport any animals indefinitely, which is what the ultimate goal of DEC's and USDA's involved staff members are although they will not admit it publicly. These people are putting forth extreme effort in an even more extreme end result - especially for someone who does not deserve it.


III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.


A.      Where did the events giving rise to your claim(s) occur?

Much of the allegations coming from the  authorities occurred at my center in Walworth, NY. They are specified in the longer narratives contained herein. Other circumstances occurred during the case, Leo v Thomas Index No. 2017-1668 pending in the New York State Supreme Court of Jefferson County and is currently on appeal.


B.      What date and approximate time did the events giving rise to your claim(s) occur?

This matter has been going on from the first Saturday of November 2015 to the present day. However, I did not become aware of the damage and intentions of the DEC and USDA until later. There are various dates such as dates when certain inflammatory statements were made, dates when misrepresentations of law were being made both in and out of Court especially when the preliminary injunction was granted for the return of my animals., etc.

Included as an attachment is a timeline incorporating the various dates as they correspond to the actions of the DEC, USDA and other parties and non-parties involved in this civil rights case.


C.      What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

Pro Se 15 (Rev. 12/16) Complaint for Violai    Civil Rights (Non-Prisoner)

## Background

In November 2015, Captain (then Lieutenant) Powell and I had a minor argument on
the phone during which he threatened to terminate the licensing I had through the
DEC.  Not long afterward, I have reason to believe he riled up my neighbors and
colleagues making derogatory remarks about me and my facility and sending around
gossip and rumors about the same things. He also breached confidentiality.  He never
gave the Plaintiff a chance to abide by his expectations, even though they seemed to
be different than those used for other licensees similarly situated.  His approach was
"one strike and you're out".  Powell then imposed punishment on my family and I by
manipulating town authorities to threaten my parents with tens of thousands of dollars
of fines for things which weren't even wrong with their property. He had another officer
tell me I had to get rid of all of my animals and take down all of the fencing, etc. down
even though everything was licensed and legal.  This is my business and a way to earn
a living.  He then collaborated with the person who stole my animals in July 2017 by
passing around rumors that I was an animal abuser and starve animals, etc.   None of
this was true.  Not to mention, I've never been cited for such things to this day.  He has
created an entire fable around my business and I instead of dealing with reality.  He
manipulated and had undue influence over potential witnesses having them lie for him
to back up his lies.  One witness stated he was upset when the officers, presumably at
the command of Powell, tried getting him to say he was black marketing animals with
me which wasn't true at all.

My licensing was misrepresented causing prejudice against me in the repossession of
my animals.  There are many more items but those will be included in the Amended
Complaint.

James Farquhar and Joe Therrien have been interfering covertly with a case of mine
and causing prejudice and conferring with the lawyer for the opposing side concerning
my licensing which is being misrepresented.  There are also at least two documents
written for the defendant about me, the case and my licensing but they will not give
me a copy but they have given a copy to the defendant, who was licensed just as I was
so we were on equal footing and should have been treated that way.

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

I sustained no physical injuries related to the actions of the Defendants which necessitated medical attention.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged.  Explain the basis for these claims.

As a self-represented litigant, I do not know whether many things are within the jurisdiction of the Court
or not.  Hence, I realize I may request relief that may be inappropriate despite my best efforts to research
and seek guidance from attorneys to prevent such inappropriate requests.  As a result, I understand that
some requests will be denied based on the fact that the Court does not have the ability or jurisdiction to
provide certain types of relief I may request.

. Pro Se 15 (Rev. 12/16) Complaint for Violat.     . Civil Rights (Non-Prisoner)

With that in mind, following are the requests for relief based on the details in this complaint.

## RELIEF REQUESTED

1. **DECLARATORY JUDGMENT** on the status of my licensing at the time I boarded my animals on April 23, 2017 as well as during the month of July 2017 when I became aware of my animals having been taken illegally out of New York State and how long the validity of my licensing remained intact before the Commissioner's final determination on revocation of the license on November 7, 2018. The license in question is the License to Collect & Possess #623.

2. **DECLARATORY JUDGMENT**

3. **Transparency.**

   A. **ORDER for DEC**

   (1) to provide me a copy of the "phone summary"[1] and "orders"[2] which were mentioned in the November 8, 2017 email[3] by Therrien to Tyler Thomas and to which Tyler alluded in the factbook post of December 6, 2019,[4] respectively. These documents should be given to me since they've been given and passed around among other members of the public. In fact, I cannot be sure they didn't make it to the judge who dismissed my case in Leo v Thomas since the defense attorney would likely not be above doing something such as sending him the documents along with his motion for summary judgment or at another time during the case.

   (2) There are also emails which should also be unredacted and sent to me which will be included in the attachments to the amended complaint.[5]

   (3) to cease any collaboration with Tyler Thomas or any other individual or business that has any animals or other property of mine, in preventing the return of the property, especially if it is under order from a court of law. They should also be made to cease involvement, including advice, pertaining to legal proceedings in which they are not a party. Any other acts which result in prejudice against me, legally or otherwise, should also be ceased. Inflammatory remarks, including false accusations, should be immediately ceased as well as any breach of confidentiality.

   (4) I request the DEC is ordered to remove the Commissioner's final decision notice from their website since I am getting threats and many angry remarks from DEC supporters and those who receive "incentives" to help the DEC with their cases, such as those being rewarded with free animals taken, sometimes unlawfully, from people the DEC targets for political and/or personal reasons. It is also important to note that I have directly requested the DEC, in the recent past, to remove the notice due to concerns for my safety and that of my business. They promptly refused and in fact, promoted the page directing them to the notice with members of the public. This is quite hypocritical for an agency who passes stifling prohibitive restrictions against the possession of almost every kind of exotic animal due to the agency's alleged "concern" for public welfare and safety, yet they are encouraging those threatening me to act on those threats. Clearly, there is very little concern for the welfare and safety of others on the part of the Department. .

   (5) I request both agencies, the DEC and USDA, cease any and all retaliative efforts, be they via the DLE officers spinning a yarn at my expense passing around inflammatory remarks and gossip about me and my affairs or via the legal process. I also should not experience any retaliation from either agency when I ask my legislative representatives to oppose the adoption

---

[1] refer to phone summary exhibit
[2] refer to "orders" exhibit
[3] refer to attachment which contains email between Therrien and tyler
[4] refer to attachment with orders facebook post
[5] make exhibit with redacted emails to be unredacted and sent to me

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

of regulations or other matters the agencies come up with which may be the focus about which
I work with legislators.

**B.   ORDER for USDA.**

**(1)** The USDA was dishonest with me in regard to one of my foia requests[6] for documents[7] held
by their IES department stating that the documents I requested were destroyed as they were
kept for only one year, per policy.  This is incorrect as IES policy is known to keep documents
for six years and the documents are not destroyed and need to be turned over to me.

**(2)** It is clear the USDA has used two sets of varying standards between other individuals,
especially staff members and other licensees and I.  Violations of federal and state laws should
be managed consistently and fairly.[8]  I ask the Court to mandate the treatment of both staff
members and licensees or any other individuals to be by the same standards given the severity
of the misconduct.  Given the multitude of violations by Tyler Thomas alone, termination of
his federal Exhibitor's License should be considered as is the USDA mandating the return of
my animals and working with Thomas in returning them to me.

**(3)** Staff members like Andrea D'Ambrosio should also be held accountable for the damage she
has done to both my business and my personal life with false accusations and colluding with
the DEC in terminating licensure so I can never possess animals again.  The extremism of this
conduct and end-result is especially concerning..  I should not be treated like a person
convicted of felony animal cruelty, especially when I've never had even so much as a civil
violation citing me for such.  Staff members on both the state and federal levels should be
made accountable.

**(4)** I request amendments to my past USDA Animal Welfare inspection reports in which I believe
I've been cited incorrectly.  For instance, I was cited by D'Ambrosio for not arranging for a
person to clean the animal enclosures daily when I was out of state for three days.  Yet, when I
did exactly that during my surgery in April 2017, she intervened and told the colleague who
stole my animals that he should take as many animals as he can without the intention of ever
returning them.  The USDA should not have an inspector telling a licensee one thing then
acting against her when she follows the inspector's instruction to avoid a similar citation under
similar circumstances in the future.

**(5)** Between the months of March 2020 and August 2020, the USDA staff altered inspection
reports of mine by adding the word "CRITICAL" to many of the allegations in the reports
which intensifies the alleged violation both with the agency and anyone who reads the report.
Altering the reports in this manner is a direct violation of their agency procedure/protocol.

**C.   ORDER for both agencies; that is, the DEC and the USDA**

(1) Supervisory staff of those who have committed misconduct, both on the state and federal
levels, should also be held accountable for failure to address the misconduct and in fact,
going along with it and being apart of it instead.   Supervisory staff in the DEC would
partially consist of James Farquhar, who is the manager of Joseph Therrien of the SLU
and Tonya Hadijis, as well as Betty Goldentyer of the Animal Care/Welfare Unit of the
USDA-APHIS, were also aware of D'Ambrosio's misconduct and instead of protecting the
licensee against the misuse of her position, the supervisors chose to condone it and, like
the state agency, go along with and become apart of the misconduct.  If staff members
were held accountable, such misconduct would be much more of a rarity than it is now.

(2) to revoke or terminate the licensure of the colleague who boarded my animals, Tyler
Thomas.  He is in clear violation of federal laws such as ***The Animal Welfare Act***, the
***Endangered Species Act*** and the ***Lacey Act*** as well as the provisions of his licensing

---

[6] foia request denied due to alleged destruction of IES records
[7] usda documents redacted in foia
[8] According to Executive

through the USFWS and the USDA.   New York State laws which have been violated are numerous ECL and *6 NYCRR* provisions which forbid the acquirement of animals via unlawful sources (if I was supposedly unlawfully possessing my animals prior to boarding them with Thomas), possessing animals without proper licensing, not documenting export of all animals, including the endangered species in his collection of animals.  The DEC writing "*orders*" for transporting and disposing of my animals occurred after Thomas already had the animals imported into Texas and the animals weren't given to him as they were still owned by me.  The state cannot give away property belonging to someone else; especially, in this case, since I was indeed licensed properly to have them for exhibition. For mere possession, the animals do not need to be licensed as they can be apart of a personal collection.  The DEC should also be mandated to work with the Texas Parks & Wildlife Department in levying charges against Thomas for the unlawful import,

(3)   possession, exhibition, transport, etc. of animals which are supposed to be licensed under Texas conservation law.  Lack of documentation and import certificates are also violations.  There even was a likelihood Thomas trapped a wild badger and exported the animal out of Texas state without proper licensure.  He had a trapping license but that did not authorize him to keep the animal in captivity for his own profit or for any other reason.  He is supposed to apply for an additional state license in order to deal in animals caught from the wild in Texas.

His USFWS license should also be revoked since he left a red-tailed hawk in the possession of his family in New York when he moved to Texas with the rest of the animals.  Andrea D'Ambrosio, his inspector at the time, helped him out by stating he had "no animals" at his facility when she stopped by for the last inspection of his in 2017 after he had moved to Texas.  In fact, he had several animals still in his New York State facility in Alexandria Bay.  Him giving the hawk to unlicensed caregivers is a clear violation of the federal Migratory Bird Treaty Act and should cause termination of the USFWS license he has.

There are also several other licensees who have been harboring wildlife and/or exotic animals illegally who should also face termination of licensure, both state and federal.

A.  **Staff members of both the state and federal agencies involved should be terminated immediately and forbidden from working, volunteering, or associating themselves with public service agencies ever again.**

1.   Lieutenant/Captain William Powell and Officer Kevin Thomas should be held accountable for violating state conservation laws as well as laws concerning breach of privacy, violation of constitutional rights, soliciting and using false testimony, conspiracy, and abusing the legal process by using zoning and non-zoning violations in order to destroy my business when there was no need to do so, especially in that matter.  They should also be held accountable for conspiracy, aiding and abetting and failing to investigate and giving false citations to me.

2.   Joe Therrien, James Farquhar and Paul Stringer misrepresented my licensing in order to prejudice me in the return of my animals which I own.  I had licensing until November 7, 2018 and still possess the federal exhibitor's license so therefore I was licensed to have and exhibit all animals which were yet to be returned to me by the other licensee/my colleague with whom I boarded the animals.  All three staff members knew this, and this is why they are acting against my interests and rights secretly passing out documents they have written containing derogatory, mostly likely false, information pertaining to my ownership of my animals, my business and activities, possibly accusing me of animal cruelty, a completely unsubstantiated accusation but one which puts most people in instant judgment against the person against whom such an accusation is made.  I cannot be certain if such documents made it to the judge in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member contacted the judge for the dismissal in order to avoid a jury trial.

Pro Se 15 (Rev. 12/16) Complaint for Violation Civil Rights (Non-Prisoner)

not authorize him to keep the animal in captivity for his own profit or for any other reason. He is supposed to apply for an additional state license in order to deal in animals caught from the wild in Texas.

His USFWS license should also be revoked since he left a red-tailed hawk in the possession of his family in New York when he moved to Texas with the rest of the animals. Andrea D'Ambrosio, his inspector at the time, helped him out by stating he had "no animals" at his facility when she stopped by for the last inspection of his in 2017 after he had moved to Texas. In fact, he had several animals still in his New York State facility in Alexandria Bay. Him giving the hawk to unlicensed caregivers is a clear violation of the federal Migratory Bird Treaty Act and should cause termination of the USFWS license he has.

Just because he was encouraged to do certain things by government departments doesn't mean he should be considered not to have violated the law. In fact, he is also acting under the color of law by colluding with the DEC and USDA committing unlawful acts and violating a plethora of laws. The the government too should be held accountable for violating the laws; especially when they then hypocritically turn around and make worthless allegations against me for doing so with little to no evidence to substantiate such charges. The state assured my conviction and licensure revocation by prejudicing my opportunity for fair hearings and decision-makers presiding over such hearings.

This is an extremely dangerous agency which revels in its place as a dictator of the people of this state. Countless rights have been denied to the people and because they get deference from the judiciary, they continue to abuse the trust of the public by the unjust and exclusive management of natural resources as well as management of our personal property; the latter of which should not be occurring at all. The Plaintiff in this matter respectfully requests the Court to take such matters into consideration when deferring to this agency if it does at all. In this matter, especially, the agency should not enjoy deference at all as this is energy pushing their unlawful imposition of an agenda of special interests and cruel treatment of the public. It is time the agency finally is held accountable in order to curb their misconduct which they so egregiously perpetrate against anyone exercising his or her rights.

There are also several other licensees who have been harboring wildlife and/or exotic animals illegally who should also face termination of licensure, both state and federal.

A. **Staff members of both the state and federal agencies involved should be terminated immediately and forbidden from working, volunteering, or associating themselves with public service agencies ever again.**

1. Lieutenant/Captain William Powell and Officer Kevin Thomas should be held accountable for violating state conservation laws as well as laws concerning breach of privacy, violation of constitutional rights, soliciting and using false testimony, conspiracy, and abusing the legal process by using zoning and non-zoning violations in order to destroy my business when there was no need to do so, especially in that matter. They should also be held accountable for conspiracy, aiding and abetting and failing to investigate and giving false citations to me.

2. Joe Therrien, James Farquhar and Paul Stringer misrepresented my licensing in order to prejudice me in the return of my animals which I own. I had licensing until November 7, 2018 and still possess the federal exhibitor's license so therefore I was licensed to have and exhibit all animals which were yet to be returned to me by the other licensee/my colleague with whom I boarded the animals. All three staff members knew this, and this is why they are acting against my interests and rights secretly passing out documents they have written containing derogatory, mostly likely false, information pertaining to my ownership of my animals, my business and activities, possibly accusing me of animal cruelty, a completely unsubstantiated accusation but one which puts most people in instant judgment against the person against

Pro Se 15 (Rev. 12/16) Complaint for Violat.   Civil Rights (Non-Prisoner)

whom such an accusation is made.   I cannot be certain if such documents made it to the judge
in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member
contacted the judge for the dismissal in order to avoid a jury trial.

3. <u>Andrea D'Ambrosio</u> should be held accountable with unlawful interference with a
contract/business relationship and/or opportunity, conspiracy, aiding and abetting, defamation,
false accusations, violations of the *Animal Welfare Act* and failure to conduct good-faith
investigations concerning the case of stolen animals.[9]

4. <u>DEC</u> - failure to enforce laws, rules, and regulations.   failure to acknowledge redress I
attempted and providing or  blocking any recourse I could have for relief against unfair
treatment by the agency.

5. <u>USDA</u> - same as for the DEC described in previous paragraph.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,
and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a
nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the
requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be
served.  I understand that my failure to keep a current address on file with the Clerk's Office may result
in the dismissal of my case.

Date of signing:          August 23, 2020

Signature of Plaintiff

Printed Name of Plaintiff          Carrie M. Leo

Sworn to before me this 23rd day of November 2020

*Public Notary*

LAUREN FRIEDL
Notary Public - State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

---

[9] Even after I requested the Animal Care Division staff to not allow D'Ambrosio close to any information concerning me and my
business since she was no longer associated with me as an animal care inspector, the management still put her and her supervisor,
Tonya Hadijis, as main contacts for "investigating" the animal care complaints I submitted.  Of course,  the information I sent in or
noted was not even accessed, much less considered as part of the investigation by D'Ambrosio.  It makes no sense to put a person
who is implicated in a complaint as "investigator" of the complaint.  Clearly, they will cover up their involvement and that is exactly
what she did.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carrie M. Leo

## DEFENDANTS

NYSDEC, USDA, Seggos, Powell, Therrien, Perdue, D'Ambrosio & John/Jane Does #1-15

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Albany
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
self-represented litigant, request for appointment of attorney accompanies this sheet and submitted to the Court

Attorneys *(If Known)*
NYS OAG for NYSDEC, Seggos, Powell and Therrien, U.S. Attorney - USDA, Perdue and D'Ambrosio

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
civil rights violations, including Bivens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
Nov 22, 2020

SIGNATURE OF ATTORNEY OF RECORD
*Carrie M. Leo*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of New York State

Fourth Division

Case No. 20-cv-7039FPG

(to be filled in by the Clerk's Office)

Carrie M. Leo

*Plaintiff(s)*

-v-

New York State Department of Environmental
Conservation & the United Stated Department of
Agriculture and the following INDIVIDUALS, in
their individual and official capacities: BASIL
SEGGOS - Commissioner, SONNY PERDUE -
Secretary, WILLIAM POWELL -
Lieuteanant/Captain, DEC Division of Law
Enforcement, JOSEPH THERRIEN - Director, DEC
Special Licenses Unit, ANDREA D'AMBROSIO -
USDA Animal Care Inspector and *John/Jane Does
#1-15.

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)*  ☒ Yes  ☐ No



## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

* may be individuals who work for the government or those who do not.

Pro Se 15 (Rev. 12/16) Complaint for Violation    ivil Rights (Non-Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Carrie M. Leo |
| Address | 3199 Walworth Road |
| | Walworth                    NY            14568 |
| | *City*                        *State*         *Zip Code* |
| County | Wayne |
| Telephone Number | (315)538-8316 |
| E-Mail Address | carrieleo15@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | New York State Department of Environmental Conservation |
| Job or Title *(if known)* | |
| Address | 625 Broadway |
| | Albany                       NY            12233 |
| | *City*                        *State*         *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Basil Seggos |
| Job or Title *(if known)* | Commissioner |
| Address | 625 Broadway |
| | Albany                       NY            12233 |
| | *City*                        *State*         *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | unknown |

☒ Individual capacity        ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violat...  f Civil Rights (Non-Prisoner)

**Defendant No. 3**

| | |
|---|---|
| Name | United States Department of Agriculture |
| Job or Title *(if known)* | |
| Address | 1400 Independence Avenue, S.W. |

| Washington | DC | 20250 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | District of Columbia |
| Telephone Number | 202-720-2791 |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Sonny Perdue |
| Job or Title *(if known)* | Secretary |
| Address | 1400 Independence Avenue., S.W. |

| Washington | DC | 20250 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | District of Columbia |
| Telephone Number | 202-720-2791 |
| E-Mail Address *(if known)* | |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 5**

| | |
|---|---|
| Name | Joe Therrien |
| Job or Title *(if known)* | Director, Special Licenses Unit |
| Address | 625 Broadway, 5th Floor |

| Albany, | NY | 12233-7011 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Albany |
| Telephone Number | 518-402-8985 |
| E-Mail Address *(if known)* | joseph.therrien@dec.ny.gov |

☒ Individual capacity    ☒ Official capacity

**Defendant No. 6**

| | |
|---|---|
| Name | William Powell |
| Job or Title *(if known)* | Lieutenant/Captain, Division of Law Enforcement |
| Address | 6274 East Avon-Lima Rd. |

| Avon, | NY | 14414-9519 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Livingston |
| Telephone Number | 585-226-6706 |
| E-Mail Address *(if known)* | william.powell@dec.ny.gov |

☒ Individual capacity    ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violat   f Civil Rights (Non-Prisoner)

**Defendant No. 7**

|  |  |  |  |
|---|---|---|---|
| Name | Andrea D'Ambrosio |  |  |
| Job or Title *(if known)* | Animal Care Inspector |  |  |
| Address | 1400 Independence Avenue, S.W. |  |  |
|  | Washington, | D.C. | 20250 |
|  | *City* | *State* | *Zip Code* |
| County | District of Columbia |  |  |
| Telephone Number | 202-720-2791 |  |  |
| E-Mail Address *(if known)* |  |  |  |

☒ Individual capacity    ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Equal treatment under the law, freedom of speech, freedom of petition, freedom from unreasonable searches and seizures, right to due process of law, rights of accused person, freedom from cruel and unusual punishment, freedom to enjoy one's own property, freedom to not have property taken by the government without just compensation and freedom of establishing ones own business.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Due process, property rights, equal treatment under the law, chance for recourse/redress and false accusations/defamation.

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

On or around November 7, 2015, the Division of Law Enforcement of the DEC visited my wildlife center due to a neighbor contacting the agency about my having wild animals. I was duly licensed by the DEC and USDA to possess and exhibit wild and exotic animals. Although

Pro Se 15 (Rev. 12/16) Complaint for Violati͟   ͟ ͟ ͟f Civil Rights (Non-Prisoner)

the officers saw nothing of concern after touring the center, they returned on May 10, 2016
demanding another tour of the facility for an "inspection" and seizing a pack of six adult coyotes
I possessed with the authority of my wildlife rehabilitation license through the DEC.

Two to three days afterward, the town zoning officer cited my stepfather, the landowner, for two
alleged violations. On or around July 26, 2016, the DEC cited me with eleven citations mostly
for possession of coyotes. The charges were resolved with a plea to two civil violations of my
keeping opossums in hospital cages in the barn during the winter and for submitting an annual
log for one of my licenses late; two alleged violations which are committed by other licenses
frequently without citation or discipline.

In 2017, I became aware of Lt. Powell and Officer Thomas from the DEC acting against my
business by making me take the entire center down even though it was constructed legally, and
the town know of it. In fact, one of the zoning officers visited the center in or around December
2015 to look around and was given a tour of the entire facility. The zoning officer saw nothing
of concern.

The DEC was not going to settle without my full surrendering of all licensure and the relocation
of all animals, which was an extreme measure for a business which was duly licensed and
operating within the confines of the law. The center even offered a community service of wildlife
rehabilitation which was done on a volunteer basis and financed from personal funds and a few
donations.

In April 2017, I boarded three animals with a colleague and friend I trusted at the time while I
recovered from surgery. I boarded the animals in order to maintain the standard of care for the
animals by temporarily keeping them with someone who could take care of them full-time until
I recovered. However, without my permission and knowledge, the colleague took the animals
out of New York State, with the help of specific staff members of the DEC and USDA and
imported them illegally into Texas State.

Since then, I have been vying in court to gain repossession of the animals only to have
interference from the DEC and USDA in convincing my colleague that I didn't have the proper
licensing to keep the animals. Even though an attorney from the DEC's Office of General
Counsel confirmed for me in writing that my licensing was, in fact, valid to have not only the
animals back from my colleague but that I could have additional animals listed   on the license
if I were to obtain more animals, which I didn't plan on.

I was granted a preliminary injunction on September 10, 2018 (and amended on May 2, 2019)
for the return of my animals. However, the Defendant started to allege, one by one, the animals
were either stolen or deceased. However, evidence which I've gathered since then shows
otherwise. The Defendant's attorney opted to use a number of highly unethical methods in
prejudicing my repossession of the animals and teamed up with the DEC (and possibly the
USDA).

The DEC has been giving the Defendant information and other documents which I have reason
are prejudicing me against the assertion of my rights. Although I've asked for copies of the
documents since they clearly had to do with me and my licensing of my animals and business,
they have never given me copies.

I have also become aware of Lt. Powell, Joe Therrien, James Farquhar, Andrea D'Ambrosio and
Tonya Hadijis (the former two from the DEC and the latter two from the USDA) acting against
my interests and rights secretly by protecting the person who still has possession of my animals.
I have sought assistance from everyone I can think of, including all the way up the "ladder" of

Pro Se 15 (Rev. 12/16) Complaint for Violat    f Civil Rights (Non-Prisoner)

authority, so to speak, to the Commissioner of the DEC and the Secretary of the USDA only to be met with hostility or indifference.

In order to discredit me, both agencies have used the law to accuse me of violating laws which either don't exist, or which are improperly implied.  In the meantime, DEC officials, namely Powell and Therrien, have incited my neighbors to act against me, including the    vandalism of my center twice and unlawful release of my animals when I wasn't around the premises.  Local (town, county) authorities and officials have been turned against me based on severely derogatory and personal statements made about me by Lt. Powell and Officer Kevin Thomas - the DEC Division of Law Enforcement officers who work in my region, referred to by the DEC as "Region 8."

My state licenses were either denied renewal in a very untimely fashion or revoked while the    Department violated a multitude of regulations and rules during the process it took in doing so.  Presently, the USDA is now invoking a proceeding to terminate my federal license simply because the state license was revoked. During any consideration the Department may have given concerning my licensing, I have had literally absolutely no say whatsoever, even and especially, in the hearing which was held to revoke one of my state licenses on March 13, 2018 (the license was revoked by final determination by the Commissioner on or around November 7, 2018).

Most recently, I have become aware that I am being defamed by the same staff members mentioned in this summary as I've been accused (not directly, of course) for animal cruelty, such as starving animals, etc.  Powell has solicited false testimony in manipulating potential witnesses to say things about me which aren't true and for which there is no evidence or evidence which squarely contradicts statements he has coached other people to say against me.

There is no recourse or redress unless a person has considerable financial support or have connections in the government to "pull strings" much like what the DEC and USDA have done for the colleague of mine who stole my animals.

---

***New York State Department of Environmental Conservation*** staff members Joe Therrien, Paul Stringer, William Powell and James Farquhar[1] misrepresented the licensing I had through the Department's Special Licenses Unit telling a person who was boarding animals for me that I didn't have the authority to possess such animals.  However, the two licenses I had through the Department, the *License for Wildlife Rehabilitation* (LWR) and *License to Collect & Possess (LCP)* were valid for the year 2017 and most of 2018, respectively.

While talking to other individuals about my licensing, the Department repeatedly refused to give me status on my licenses never returning calls, emails, or letters.  Even though my *License to Collect & Possess* continued to undergo rolling renewals annually in July 2017 and July 2018, I was never given an updated paper license, even though I had requested one.  It is standard practice to give every licensee a paper version of their licenses However, when the colleague who boarded my animals contacted the SLU, he was not ignored at all and in fact a conspiracy developed between him and the Department in preventing the return of my animals even though this was part of the contract to which we both agreed before the boarding arrangement took place on or around April 23, 2017.  Eventually the renewal applications for both licenses I sent to the Department were denied months after the 45-day deadline for the Department to respond or else there would be an automatic approval of the application.  Technically, the applications were renewed automatically, and the LWR's new expiration date is 12/31/2022 and then LCP undergoes annual rolling renewals.

Pro Se 15 (Rev. 12/16) Complaint for Violat    Civil Rights (Non-Prisoner)

I also have reason to believe the Department has helped this colleague fabricate an entire fable about me by justifying and telling members of the public and other authority figures that may enter the scene occasionally that I had the animals taken away from me due to neglect and/or cruelty and I wasn't licensed for them; both of which are not true. If this was the truth, then the individual who boarded my animals would also be in violation of the law then, as it is prohibited by virtue of all of his state and federal licensing conditions to acquire animals from an illegal source.   However, since then he has exported the animals from New York State, traversed a number of states in traveling to Texas, imported the animals, including his own menagerie (which includes endangered species), unlawfully.  He continues to possess all of the animals illegally to this day only    carrying federal licensing to exhibit without respecting Texas state law and licensing indigenous species, furbearers, and endangered species.   The three animals he took from me where all furbearers (fox, fisher and badger) and two were from species considered indigenous to the state of Texas.

It is clear he is passing around documents given to him by the DEC which have been referred to as a "phone summary" by Therrien in an email on or around November 8, 2017 which he states was written and given to my colleague.  Another reference to yet another document was made by my colleague was on December 6, 2019 when he stated he had "orders" to "transport and dispose" of my animals.  The Department has given me no notice whatsoever that any possession of my animals up to the time my colleague boarded them was unlawful and they knew what live inventory I had at the time as well.

Furthermore, I was never given any notice of "orders".  In fact, I've requested copies of the documents numerous times from both my colleague and the Department to no avail.  There is this "secret conspiracy" or collaboration between my colleague and the DEC as     well as at least one staff member in the USDA working to keep my animals from returning to me.  For mere possession, the animals do not need to be licensed - only if they are exhibited.

I have also been confronted by individuals who have spoken to Powell and possibly other officers who have made derogatory and untrue remarks concerning me, my business and character.  These statements occurred during pending cases in which the Department cited me excessively and unfairly for the possession of wild animals which were authorized by the licensing I had at the time for wildlife rehabilitation.  In addition to the fact that the Department tried entrapping me by refusing to process my amendment requests and renewal applications for the rehab and long-term possession license (LCP), according to their own regulation, the requests and renewals were already approved automatically at the 45-day deadline for the Department to send notice to the licensee of its decision to approve or decline amendment requests and licensing renewals.

The United States Department of Agriculture Animal Care Inspector, Andrea D'Ambrosio, encouraged my colleague to take as many animals as possible from my center with the intent not to return them.   She also suggested a lien or agister's lien for the return of my animals. This denies due process rights as well as aid the commission of fraud and possibly other torts. covering up and allowing numerous violations of law by my colleague which led to his violation of at least three federal laws, in addition to a multitude of New York and Texas State Conservation Laws.

Furthermore, the animal care complaints I filed with the USDA were "investigated" by D'Ambrosio who did not put forth good-faith effort in determining what happened to my animals. In fact, I have reason to believe she told others, such as SBA Ombudsman, Steve Bennett, that I "forfeited" the animals, which, again, is untrue. Another inspector who responded to one of the

Pro Se 15 (Rev. 12/16) Complaint for Violat___ Civil Rights (Non-Prisoner)

animal care complaints and did an inspection of the facility at which my colleague kept my animals
in Texas failed to verify any state licensing, including export and import documentation. If she
had, she would have seen that his activity with the animals was unlawful. However, it is likely
the inspector was "under the thumb" of D'Ambrosio who was protecting my colleague as she too
was collaborating with the New York State Department of Environmental Conservation in keeping
my animals from me.   This, from my understanding, is still occurring to this day.

While the above mentioned staff members and my colleague are violating a host of laws and have
been in this case for years, I had my LWR untimely denied, my LCP revoked through a process
during which the Department violated many of its own rules governing proceedings for licensing
revocations and am currently fighting to keep my USDA Exhibitor's License.  Yet the staff
members have suffered no ill effects from violating my civil rights and breaking the very laws
they are charged to uphold and enforce. Nor is my colleague required to follow the law and has
broken far more than I had been accused of violating since this case began yet he still has yet to
experience even one citation.  He currently continues to possess my and his animals in the State
of Texas unlawfully.

All efforts of mine at recourse or redress have been unsuccessful.  In fact, my latest attempt with
the USDA spears to have spurred their current attempt to terminate my federal exhibitor's license.
The effect of the termination will be the inability of me to have, possess or transport any animals
indefinitely, which is what the ultimate goal of DEC's and USDA's involved staff members are
although they will not admit it publicly.  These people are putting forth extreme effort in an even
more extreme end result - especially for someone who does not deserve it.

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

Much of the allegations coming from the  authorities occurred at my center in Walworth, NY.  They
are specified in the longer narratives contained herein. Other circumstances occurred during the case,
Leo v Thomas Index No. 2017-1668 pending in the New York State Supreme Court of Jefferson
County and is currently on appeal.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

This matter has been going on from the first Saturday of November 2015 to the present day.  However,
I did not become aware of the damage and intentions of the DEC and USDA until later.  There are
various dates such as dates when certain inflammatory statements were made, dates when
misrepresentations of law were being made both in and out of Court especially when the preliminary
injunction was granted for the return of my animals., etc.

Included as an attachment is a timeline incorporating the various dates as they correspond to the
actions of the DEC, USDA and other parties and non-parties involved in this civil rights case.

C.      What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what?
Was anyone else involved?  Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation Civil Rights (Non-Prisoner)

## Background

In November 2015, Captain (then Lieutenant) Powell and I had a minor argument on the phone during which he threatened to terminate the licensing I had through the DEC.  Not long afterward, I have reason to believe he riled up my neighbors and colleagues making derogatory remarks about me and my facility and sending around gossip and rumors about the same things.  He also breached confidentiality.  He never gave the Plaintiff a chance to abide by his expectations, even though they seemed to be different than those used for other licensees similarly situated.  His approach was "one strike and you're out".  Powell then imposed punishment on my family and I by manipulating town authorities to threaten my parents with tens of thousands of dollars of fines for things which weren't even wrong with their property.  He had another officer tell me I had to get rid of all of my animals and take down all of the fencing, etc. down even though everything was licensed and legal.  This is my business and a way to earn a living.  He then collaborated with the person who stole my animals in July 2017 by passing around rumors that I was an animal abuser and starve animals, etc.  None of this was true.  Not to mention, I've never been cited for such things to this day.  He has created an entire fable around my business and I instead of dealing with reality.  He manipulated and had undue influence over potential witnesses having them lie for him to back up his lies.  One witness stated he was upset when the officers, presumably at the command of Powell, tried getting him to say he was black marketing animals with me which wasn't true at all.

My licensing was misrepresented causing prejudice against me in the repossession of my animals.  There are many more items but those will be included in the Amended Complaint.

James Farquhar and Joe Therrien have been interfering covertly with a case of mine and causing prejudice and conferring with the lawyer for the opposing side concerning my licensing which is being misrepresented.  There are also at least two documents written for the defendant about me, the case and my licensing but they will not give me a copy but they have given a copy to the defendant, who was licensed just as I was so we were on equal footing and should have been treated that way.

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained no physical injuries related to the actions of the Defendants which necessitated medical attention.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

As a self-represented litigant, I do not know whether many things are within the jurisdiction of the Court or not.  Hence, I realize I may request relief that may be inappropriate despite my best efforts to research and seek guidance from attorneys to prevent such inappropriate requests.  As a result, I understand that some requests will be denied based on the fact that the Court does not have the ability or jurisdiction to provide certain types of relief I may request.

. Pro Se 15 (Rev. 12/16) Complaint for Violat⸱    ⸱ Civil Rights (Non-Prisoner)

With that in mind, following are the requests for relief based on the details in this complaint.

## RELIEF REQUESTED

1. **DECLARATORY JUDGMENT** on the status of my licensing at the time I boarded my animals on April 23, 2017 as well as during the month of July 2017 when I became aware of my animals having been taken illegally out of New York State and how long the validity of my licensing remained intact before the Commissioner's final determination on revocation of the license on November 7, 2018. The license in question is the License to Collect & Possess #623.

2. **DECLARATORY JUDGMENT**

3. **Transparency.**

   A. **ORDER for DEC**

   (1) to provide me a copy of the "phone summary"[1] and "orders"[2] which were mentioned in the November 8, 2017 email[3] by Therrien to Tyler Thomas and to which Tyler alluded in the factbook post of December 6, 2019,[4] respectively.   These documents should be given to me since they've been given and passed around among other members of the public. In fact, I cannot be sure they didn't make it to the judge who dismissed my case in Leo v Thomas since the defense attorney would likely not be above doing something such as sending him the documents along with his motion for summary judgment or at another time during the case.

   (2) There are also emails which should also be unredacted and sent to me which will be included in the attachments to the amended complaint.[5]

   (3) to cease any collaboration with Tyler Thomas or any other individual or business that has any animals or other property of mine, in preventing the return of the property, especially if it is under order from a court of law.  They should also be made to cease involvement, including advice, pertaining to legal proceedings in which they are not a party.  Any other acts which result in prejudice against me, legally or otherwise, should also be ceased. Inflammatory remarks, including false accusations, should be immediately ceased as well as any breach of confidentiality.

   (4) I request the DEC is ordered to remove the Commissioner's final decision notice from their website since I am getting threats and many angry remarks from DEC supporters and those who receive "incentives" to help the DEC with their cases, such as those being rewarded with free animals taken, sometimes unlawfully, from people the DEC targets for political and/or personal reasons.  It is also important to note that I have directly requested the DEC, in the recent past, to remove the notice due to concerns for my safety and that of my business.  They promptly refused and in fact, promoted the page directing them to the notice with members of the public.  This is quite hypocritical for an agency who passes stifling prohibitive restrictions against the possession of almost every kind of exotic animal due to the agency's alleged "concern" for public welfare and safety, yet they are encouraging those threatening me to act on those threats.  Clearly, there is very  little concern for the welfare and safety of others on the part of the Department. .

   (5) I request both agencies, the DEC and USDA, cease any and all retaliative efforts, be they via the DLE officers spinning a yarn at my expense passing around inflammatory remarks and gossip about me and my affairs or via the legal process. I also should not experience any retaliation from either agency when I ask my legislative representatives to oppose the adoption

---

[1] refer to phone summary exhibit
[2] refer to "orders" exhibit
[3] refer to attachment which contains email between Therrien and tyler
[4] refer to attachment with orders facebook post
[5] make exhibit with redacted emails to be unredacted and sent to me

. Pro Se 15 (Rev. 12/16) Complaint for Violati.     Civil Rights (Non-Prisoner)

of regulations or other matters the agencies come up with which may be the focus about which
I work with legislators.

**B.  ORDER for USDA.**

(1)  The USDA was dishonest with me in regard to one of my foia requests[6] for documents[7] held
by their IES department stating that the documents I requested were destroyed as they were
kept for only one year, per policy.  This is incorrect as IES policy is known to keep documents
for six years and the documents are not destroyed and need to be turned over to me.

(2)  It is clear the USDA has used two sets of varying standards between other individuals,
especially staff members and other licensees and I.  Violations of federal and state laws should
be managed consistently and fairly.[8]  I ask the Court to mandate the treatment of both staff
members and licensees or any other individuals to be by the same standards given the severity
of the misconduct.  Given the multitude of violations by Tyler Thomas alone, termination of
his federal Exhibitor's License should be considered as is the USDA mandating the return of
my animals and working with Thomas in returning them to me.

(3)  Staff members like Andrea D'Ambrosio should also be held accountable for the damage she
has done to both my business and my personal life with false accusations and colluding with
the DEC in terminating licensure so I can never possess animals again.  The extremism of this
conduct and end-result is especially concerning..  I should not be treated like a person
convicted of felony animal cruelty, especially when I've never had even so much as a civil
violation citing me for such.  Staff members on both the state and federal levels should be
made accountable.

(4)  I request amendments to my past USDA Animal Welfare inspection reports in which I believe
I've been cited incorrectly.  For instance, I was cited by D'Ambrosio for not arranging for a
person to clean the animal enclosures daily when I was out of state for three days.  Yet, when I
did exactly that during my surgery in April 2017, she intervened and told the colleague who
stole my animals that he should take as many animals as he can without the intention of ever
returning them.  The USDA should not have an inspector  telling a licensee one thing then
acting against her when she follows the inspector's instruction to avoid a similar citation under
similar circumstances in the future.

(5)  Between the months of March 2020 and August 2020, the USDA staff altered inspection
reports of mine by adding the word "CRITICAL" to many of the allegations in the reports
which intensifies the alleged violation both with the agency and anyone who reads the report.
Altering the reports in this manner is a direct violation of their agency procedure/protocol.

**C.  ORDER for both agencies; that is, the DEC and the USDA**

(1)  Supervisory staff of those who have committed misconduct, both on the state and federal
levels, should also be held accountable for failure to address the misconduct and in fact,
going along with it and being apart of it instead.  Supervisory staff in the DEC would
partially consist of James Farquhar, who is the manager of Joseph Therrien of the SLU
and Tonya Hadijis, as well as Betty Goldentyer of the Animal Care/Welfare Unit of the
USDA-APHIS, were also aware of D'Ambrosio's misconduct and instead of protecting the
licensee against the misuse of her position, the supervisors chose to condone it and, like
the state agency, go along with and become apart of the misconduct.  If staff members
were held accountable, such misconduct would be much more of a rarity than it is now.

(2)  to revoke or terminate the licensure of the colleague who boarded my animals, Tyler
Thomas.  He is in clear violation of federal laws such as ***The Animal Welfare Act***, the
***Endangered Species Act*** and the ***Lacey Act*** as well as the provisions of his licensing

---

[6] foia request denied due to alleged destruction of IES records
[7] usda documents redacted in foia
[8] According to Executive

. Pro Se 15 (Rev. 12/16) Complaint for Violat.   Civil Rights (Non-Prisoner)

through the USFWS and the USDA.   New York State laws which have been violated are numerous ECL and *6 NYCRR* provisions which forbid the acquirement of animals via unlawful sources (if I was supposedly unlawfully possessing my animals prior to boarding them with Thomas), possessing animals without proper licensing, not documenting export of all animals, including the endangered species in his collection of animals.   The DEC writing "*orders*" for transporting and disposing of my animals occurred after Thomas already had the animals imported into Texas and the animals weren't given to him as they were still owned by me.   The state cannot give away property belonging to someone else; especially, in this case, since I was indeed licensed properly to have them for exhibition. For mere possession, the animals do not need to be licensed as they can be apart of a personal collection.   The DEC should also be mandated to work with the Texas Parks & Wildlife Department in levying charges against Thomas for the unlawful import,

(3) possession, exhibition, transport, etc. of animals which are supposed to be licensed under Texas conservation law.   Lack of documentation and import certificates are also violations.   There even was a likelihood Thomas trapped a wild badger and exported the animal out of Texas state without proper licensure.   He had a trapping license but that did not authorize him to keep the animal in captivity for his own profit or  for any other reason.   He is supposed to apply for an additional state license in order to deal in animals caught from the wild in Texas.

His USFWS license should also be revoked since he left a red-tailed hawk in the possession of his family in New York when he moved to Texas with the rest of the animals.   Andrea D'Ambrosio, his inspector at the time, helped him out by stating he had "no animals" at his facility when she stopped by for the last inspection of his in 2017 after he had moved to Texas.   In fact, he had several animals still in his New York State facility in Alexandria Bay.   Him giving the hawk to unlicensed caregivers is a clear violation of the federal Migratory Bird Treaty Act and should cause termination of the USFWS license he has.

There are also several other licensees who have been harboring wildlife and/or exotic animals illegally who should also face termination of licensure, both state and federal.

A. **Staff members of both the state and federal agencies involved should be terminated immediately and forbidden from working, volunteering, or associating themselves with public service agencies ever again.**

1. Lieutenant/Captain William Powell and Officer Kevin Thomas should be held accountable for violating state conservation laws as well as laws concerning breach of privacy, violation of constitutional  rights, soliciting and using false testimony, conspiracy, and abusing the legal process by using zoning and non-zoning violations in order to destroy my business when there was no need to do so, especially in that matter.   They should also be held accountable for conspiracy, aiding and abetting and failing to investigate and giving false citations to me.

2. Joe Therrien, James Farquhar and Paul Stringer misrepresented my licensing in order to prejudice me in the return of my animals which I own.   I had licensing until November 7, 2018 and still possess the federal exhibitor's license so therefore I was licensed to have and exhibit all animals which were yet to be returned to me by the other licensee/my colleague with whom I boarded the animals.   All three staff members knew this, and this is why they are acting against my interests and rights secretly passing out documents they have written containing derogatory, mostly likely false, information pertaining to my ownership of my animals, my business and activities, possibly accusing me of animal cruelty, a completely unsubstantiated accusation but one which puts most people in instant judgment against the person against whom such an accusation is made.   I cannot be certain if such documents made it to the judge in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member contacted the judge for the dismissal in order to avoid a jury trial.

Pro Se 15 (Rev. 12/16) Complaint for Violati      Civil Rights (Non-Prisoner)

not authorize him to keep the animal in captivity for his own profit or for any other reason. He is supposed to apply for an additional state license in order to deal in animals caught from the wild in Texas.

His USFWS license should also be revoked since he left a red-tailed hawk in the possession of his family in New York when he moved to Texas with the rest of the animals. Andrea D'Ambrosio, his inspector at the time, helped him out by stating he had "no animals" at his facility when she stopped by for the last inspection of his in 2017 after he had moved to Texas. In fact, he had several animals still in his New York State facility in Alexandria Bay. Him giving the hawk to unlicensed caregivers is a clear violation of the federal Migratory Bird Treaty Act and should cause termination of the USFWS license he has.

Just because he was encouraged to do certain things by government departments doesn't mean he should be considered not to have violated the law. In fact, he is also acting under the color of law by colluding with the DEC and USDA committing unlawful acts and violating a plethora of laws. The the government too should be held accountable for violating the laws; especially when they then hypocritically turn around and make worthless allegations against me for doing so with little to no evidence to substantiate such charges. The state assured my conviction and licensure revocation by prejudicing my opportunity for fair hearings and decision-makers presiding over such hearings.

This is an extremely dangerous agency which revels in its place as a dictator of the people of this state. Countless rights have been denied to the people and because they get deference from the judiciary, they continue to abuse the trust of the public by the unjust and exclusive management of natural resources as well as management of our personal property; the latter of which should not be occurring at all. The Plaintiff in this matter respectfully requests the Court to take such matters into consideration when deferring to this agency if it does at all. In this matter, especially, the agency should not enjoy deference at all as this is energy pushing their unlawful imposition of an agenda of special interests and cruel treatment of the public. It is time the agency finally is held accountable in order to curb their misconduct which they so egregiously perpetrate against anyone exercising his or her rights.

There are also several other licensees who have been harboring wildlife and/or exotic animals illegally who should also face termination of licensure, both state and federal.

**A. Staff members of both the state and federal agencies involved should be terminated immediately and forbidden from working, volunteering, or associating themselves with public service agencies ever again.**

1. Lieutenant/Captain William Powell and Officer Kevin Thomas should be held accountable for violating state conservation laws as well as laws concerning breach of privacy, violation of constitutional rights, soliciting and using false testimony, conspiracy, and abusing the legal process by using zoning and non-zoning violations in order to destroy my business when there was no need to do so, especially in that matter. They should also be held accountable for conspiracy, aiding and abetting and failing to investigate and giving false citations to me.

2. Joe Therrien, James Farquhar and Paul Stringer misrepresented my licensing in order to prejudice me in the return of my animals which I own. I had licensing until November 7, 2018 and still possess the federal exhibitor's license so therefore I was licensed to have and exhibit all animals which were yet to be returned to me by the other licensee/my colleague with whom I boarded the animals. All three staff members knew this, and this is why they are acting against my interests and rights secretly passing out documents they have written containing derogatory, mostly likely false, information pertaining to my ownership of my animals, my business and activities, possibly accusing me of animal cruelty, a completely unsubstantiated accusation but one which puts most people in instant judgment against the person against

Pro Se 15 (Rev. 12/16) Complaint for Violat.   Civil Rights (Non-Prisoner)

whom such an accusation is made.   I cannot be certain if such documents made it to the judge in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member contacted the judge for the dismissal in order to avoid a jury trial.

3. Andrea D'Ambrosio should be held accountable with unlawful interference with a contract/business relationship and/or opportunity, conspiracy, aiding and abetting, defamation, false accusations, violations of the *Animal Welfare Act* and failure to conduct good-faith investigations concerning the case of stolen animals.[9]

4. DEC - failure to enforce laws, rules, and regulations.   failure to acknowledge redress I attempted and providing or  blocking any recourse I could have for relief against unfair treatment by the agency.

5. USDA - same as for the DEC described in previous paragraph.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   August 23, 2020

Signature of Plaintiff

Printed Name of Plaintiff   Carrie M. Leo

Sworn to before me this 23rd day of November 2020

*Public Notary*

LAUREN FRIEDL
Notary Public · State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

---

[9] Even after I requested the Animal Care Division staff to not allow D'Ambrosio close to any information concerning me and my business since she was no longer associated with me as an animal care inspector, the management still put her and her supervisor, Tonya Hadjis, as main contacts for "investigating" the animal care complaints I submitted.  Of course, the information I sent in or noted was not even accessed, much less considered as part of the investigation by D'Ambrosio.  It makes no sense to put a person who is implicated in a complaint as "investigator" of the complaint.  Clearly, they will cover up their involvement and that is exactly what she did.

JS 44  (Rev. 10/20)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Carrie M. Leo | NYSDEC, USDA, Seggos, Powell, Therrien, Perdue, D'Ambrosio & John/Jane Does #1-15 |

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Albany
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

self-represented litigant, request for appointment of
attorney accompanies this sheet and submitted to the
Court

Attorneys *(If Known)*

NYS OAG for NYSDEC, Seggos, Powell and Therrien,
U.S. Attorney - USDA, Perdue and D'Ambrosio

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
civil rights violations, including Bivens

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
Nov 22, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Cari
3199 Wal
Walworth, NY 14568

**FIRST CLASS**

Judge Frank P. Geraci, Jr.
U.S. District Court, Western District of NY
2 Niagara Square
Buffalo, NY 14202-3350

USDC - WDNY
APR 28 2021
BUFFALO

20-cv-07039



1000        14202

