UNITED STATES DEPARTMENT OF AGRICULTURE
BEFORE THE SECRETARY OF AGRICULTURE

In re:                                                )
                                                      )
  Carrie Leo, an individual, doing business as        )
  Caring for Cottontails Wildlife Rescue &            )     AWA Docket No. 20-J-0118
  Rehabilitation, Inc., a New York State corporation, )
                                                      )
                              Respondent.             )

**DECISION AND ORDER GRANTING COMPLAINANT'S MOTION FOR
SUMMARY JUDGMENT AND DENYING RESPONDENT'S CROSS-MOTIONS
FOR DISMISSAL OF ORDER TO SHOW CAUSE AND SUMMARY JUDGMENT**

Appearances:

*John V. Rodriguez, Esq., with the Office of the General Counsel, United States Department of
Agriculture, Washington, DC, for the Complainant, the Administrator of the Animal and Plant
Health Inspection Service ("APHIS")*

*Carrie Leo, pro se Respondent*

Before Channing D. Strother, Chief Administrative Law Judge

<u>**Preliminary Statement**</u>

This is a proceeding under the Animal Welfare Act, as amended (7 U.S.C. §§ 2131 *et
seq.*) ("AWA"); the regulations promulgated thereunder (9 C.F.R. §§ 1.1 *et seq.*)
("Regulations"); and the Rules of Practice Governing Formal Adjudicatory Proceedings
Instituted by the Secretary Under Various Statutes (7 C.F.R. §§ 1.130 *et seq.*) ("Rules of
Practice"). The matter initiated on April 21, 2020 with an Order to Show Cause Why Animal
Welfare Act License 21-C-0435 Should Not Be Terminated ("Order to Show Cause") filed by
the Administrator of the Animal and Plant Health Protection Service, United States Department
of Agriculture ("APHIS" or "Complainant").

On June 19, 2020, Complainant filed a Motion for Summary Judgment against Carrie
Leo, an individual doing business as Caring for Cottontails Wildlife Rescue & Rehabilitation

Center, Inc., a New York State corporation ("Respondent"), including a Memorandum of Points

and Authorities, based on section 1.143(b) of the Rules of Practice (7 C.F.R. § 1.143(b)). On July

30, 2020, Respondent filed an answer to Complainant's Motion, wherein Respondent raised

affirmative defenses and set forth counter-motions for dismissal of Complainant's Order to Show

Cause and summary judgment. Complainant filed a response thereto on August 3, 2020.

 Based on careful review of the pleadings and evidence before me, I find there are no

issues of material fact to warrant a hearing in this matter. As set out further below, I find that

Respondent's actions render her unfit to hold an AWA license as she (1) would be operating in

violation or circumvention of State or local laws and (2) has been found to have violated State or

local laws or regulations pertaining to the transportation ownership, neglect, or welfare of

animals. Therefore, Complainant's Motion for Summary Judgment shall be granted, and

Respondent's AWA license shall be terminated. For the same reasons, as also set forth below,

Respondent's counter-motions for dismissal and summary judgment shall be denied.

 This Decision and Order is based upon consideration of the record evidence; the

pleadings, arguments, and explanations of the parties; and controlling law.

## Jurisdiction and Burden of Proof

 The AWA vests the United States Department of Agriculture ("USDA") with the

authority to regulate the transportation, purchase, sale, housing, care, handling, and treatment of

animals subject to the AWA.[1] Pursuant to the AWA, persons who sell and transport regulated

animals, or who use animals for research for exhibition, must obtain a license or registration

---

[1] *See* 7 U.S.C. §§ 2131, 2133; Pub. L. No. 99-198 § 1752, 99 Stat. 1354, 1645 (1985) (codified at 7 U.S.C. § 2143(a) (1994)); *Animal Legal Defense Fund, Inc. v. Perdue*, 872 F.3d 602, 607-08 (D.C. Cir. 2017).

issued by the Secretary of Agriculture.[2] Further, the AWA authorizes the Secretary to

promulgate appropriate regulations, rules, and orders to promote the purpose of the AWA.[3] The

AWA and related Regulations fall within the enforcement authority of the Animal and Plant

Health Inspection Service ("APHIS"), an agency of USDA.[4] APHIS is the agency tasked to

issue licenses under the AWA.[5]

    As noted above, APHIS filed its Order to Show Cause[6] pursuant to the Rules of Practice,

which apply to the AWA and related Regulations. The case was assigned to me on June 9, 2020

and is properly before me for resolution.

    APHIS, as the proponent of an order against Respondent in this proceeding, has the

burden of proof.[7] The standard of proof applicable to adjudicatory proceedings under the

Administrative Procedure Act, such as this one, is the preponderance of the evidence.[8]

---

[2] 7 U.S.C. § 2133.

[3] 7 U.S.C. § 2151.

[4] *See ALDF v. Perdue*, 872 F.3d at 607; Animal Welfare; Inspection, Licensing, and Procurement of Animals, 69 Fed. Reg. 42089, 42089 (July 14, 2004) (to be codified at 9 C.F.R. pts. 1, 2).

[5] *ALDF*, 872 F.3d at 607-08.

[6] *See* 7 C.F.R. § 1.132 ("*Complaint* means the formal complaint, order to show cause, or other document by virtue of which a proceeding is instituted.").

[7] 5 U.S.C. § 556(d).

[8] *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387-92 (1983); *Steadman v. SEC*, 450 U.S. 91, 92-104 (1981); *White*, 73 Agric. Dec. 114, 153 (U.S.D.A. 2014); *Tri-State Zoological Park of W. Md.*, 72 Agric. Dec. 128, 174 (U.S.D.A. 2013); *Pearson*, 68 Agric. Dec. 685, 727-28 (U.S.D.A. 2009), *aff'd*, 411 F. App'x 866 (6th Cir. 2011); *Schmidt*, 66 Agric. Dec. 159, 178 (U.S.D.A. 2007); *Lawson*, 57 Agric. Dec. 980, 1015 (U.S.D.A. 1998) ("The standard of proof in administrative proceedings conducted under the Animal Welfare Act is preponderance of the evidence."); *Lawson*, 57 Agric. Dec. 980, 1098 (U.S.D.A. 1998) ("Complainant has the burden of proving a violation of the Animal Welfare Act and [the] Regulations [and Standards] by a preponderance of the evidence.") (citing *Lesser*, 52 Agric. Dec. 155, 166 (U.S.D.A. 1993), *aff'd*,

Furthermore, the Judicial Officer has set forth the standard for summary judgment in a proceeding before a USDA Administrative Law Judge as follows:

### The Summary Judgment Standard

> The Rules of Practice do not specifically provide for the use or exclusion of summary judgment; however, I have consistently held that hearings are futile and summary judgment is appropriate in proceedings in which there is no factual dispute of substance. A factual dispute of substance is present if sufficient evidence exists on each side so that a rational trier of fact could resolve the dispute either way and resolution of the dispute is essential to the proper disposition of the claim. The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the fact dispute must be material. The usual and primary purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.

> If the moving party supports its motion for summary judgment, the burden shifts to the non-moving party who may not rest on mere allegation or denial in the pleadings, but must set forth facts showing there is a genuine issue for trial. In setting forth such facts, the non-moving party must identify the facts by reference to depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials. In ruling on a motion for summary judgment, all evidence must be considered in the light most favorable to the non-moving party with all justifiable inferences to be drawn in the non-movant's favor.

*Knaust*, 73 Agric. Dec. 92, 98-99 (U.S.D.A. 2014) (footnotes omitted).

### Statutory and Regulatory Authority

Congress enacted the AWA, in part, "to insure that animals intended for use in research facilities or for exhibition purposes or for use as pets are provided humane care and treatment."[9] To achieve this purpose, Congress provided that the "Secretary shall issue licenses to dealers and exhibitors upon application therefor in such form and manner as he may prescribe[.]"[10] The

---

34 F.3d 1301 (7th Cir. 1994)).

[9] 7 U.S.C. § 2131(1).

[10] 7 U.S.C. § 2133.

power to require and issue licenses under the AWA includes the power to terminate a license and to disqualify a person whose license has been terminated from becoming licensed.[11]

The AWA authorizes the Secretary of Agriculture to "promulgate such rules, regulations, and orders as he may deem necessary in order to effectuate the purposes of [the Act]."[12]  The Regulations specify certain bases for denying an initial application for an AWA license[13] and further state that an AWA license may be terminated for any reason that an initial license application may be denied.[14]  Applicable here is section 2.11(a) of the Regulations (9 C.F.R. § 2.11(a)), which provides that a "license will not be issued to any applicant who . . . [i]s or was operating in violation or circumvention of any Federal, State, or local laws"[15] or "has been found to have violated any Federal, State, our local laws or regulations pertaining to the transportation, ownership, neglect or welfare of animals, or is otherwise unfit to be licensed and the Administrator determines that the issuance of a license would be contrary to the purposes of the Act."[16]

## Procedural History

APHIS initiated this proceeding on April 21, 2020 by filing an order to show cause why

---

[11] *See Bauck*, 68 Agric. Dec. 853, 856, 862 (U.S.D.A. 2009), *appeal dismissed*, No. 10-1138 (8th Cir. Feb. 24, 2010); *Animals of Mont., Inc.*, 68 Agric. Dec. 92, 105-06 (U.S.D.A. 2009); *Bradshaw*, 50 Agric. Dec. 499, 507 (U.S.D.A. 1991).

[12] 7 U.S.C. § 2151.

[13] *See* 9 C.F.R. § 2.11.

[14] 9 C.F.R. § 2.12 ("A license may be terminated during the license renewal process or at any other time for any reason that an initial license application may be denied pursuant to § 2.11 after a hearing in accordance with the applicable rules of practice.").

[15] 9 C.F.R. § 2.11(a)(5).

[16] 9 C.F.R. § 2.11(a)(6).

Respondent's AWA license should not be terminated ("Order to Show Cause").[17] The Order to

Show Cause states, in pertinent part:

> The Respondent pled guilty to two violations of the State law of New
> York pertaining to the welfare and ownership of animals, and maintaining
> accurate records involving animals. The Respondent's state LCPEE license has
> been revoked, based in part, on the two violations of State law pertaining to
> animals and maintaining accurate records involving the animals. The
> Respondent's actions render her unfit to hold an AWA license as she: 1. would be
> operating in violation or circumvention of State or local laws; 2. has been found
> to have violated State or local laws or regulations pertaining to the transportation,
> ownership, neglect, or welfare of animals; and 3. has refused to provide APHIS
> officials access for inspection. The Administrator has determined that the
> Respondent's continuous possession of an AWA license would be contrary to the
> purpose of the Act, and that said license should be terminated.

Order to Show Cause at 4. Moreover, the Order to Show Cause requested "this proceeding be

decided based upon the written record, or by summary judgment; or, alternatively, following an

oral hearing in conformity with the Rules of Practice governing proceedings under the Act; and

that such order or orders be issued as are authorized by the Act and warranted under the

circumstances."[18]

On June 2, 2020, Respondent filed an answer that admitted some allegations of the Order

to Show Cause, denied other allegations of the Order to Show Cause, and raised thirteen

"affirmative defenses."[19]

---

[17] The Order to Show Cause included five attachments: (1) New York State Department of
Environmental Conservation, License to Collect or Possess    Education/Exhibition: License
Information/Conditions; (2) New York State Arrest Records for Carrie M. Leo; (3) Certificate of
Conviction in Case No. 16080141 (State of New York, Wayne County, Macedon Town Court);
(4) July 20, 2018 Hearing Report of Richard A. Sherman, Administrative Law Judge (DEC Case
No. OHMS 2017-72265); (5) November 7, 2018 Order of the Commissioner (DEC Case No.
OHMS 2017-72265).

[18] Order to Show Cause at 4-5.

[19] *See* Answer at 1-7. The Answer also included an attachment: "Answer to Commissioner

On June 16, 2020, I issued an order ("Exchange Order") setting deadlines for prehearing submissions by each party.[20]

On June 19, 2020, APHIS filed a Motion for Summary Judgment "based on section 1.143(b) of the Rules of Practice that govern proceedings under the Animal Welfare Act (7 C.F.R. § 1.143(b)), on all of the pleadings and papers on file herein and on [an] attached memorandum of points and authorities."[21]  On July 30, 2020, following two extensions of time,[22] Respondent filed an "Answer to Complainant's Motion for Summary Judgment & Counter-Motion" that included several exhibits.[23]  Respondent's Counter-Motion asserted that "Complainant's Order to Show Cause Should be Dismissed in its entirety upon summary

---

Seggos' Final Determination of November 7, 2018" ("Attachment 1").

[20]  Pursuant to the Exchange Order, Complainant had until August 17, 2020 to file with the Hearing Clerk a list of exhibits and witnesses and to send copies of its exhibits and list to Respondent. Respondent was given until October 16, 2020 to do the same. *See* Exchange Order at 1-2. Complainant filed its Witness and Exhibit List on August 17, 2020. Respondent has not filed a list of witnesses and exhibits, but her deadline for doing so has yet to pass. On August 18, 2020, Respondent filed a "Request to Produce Documents" and "Notice of Objection to Complainant's Exhibit List." Given the herein ruling of summary judgment against Respondent, however, it is unnecessary for me to reach a determination on Respondent's Request and Objection.

[21]  Motion for Summary Judgment at 1. The Motion includes a "MEMORANDUM OF POINTS AND AUTHORITIES and an "ATTACHMENT 1," composed of Respondent's AWA license documents.

[22]  *See* Order Granting Respondent's Unopposed Request for Extension of Time to Respond to Complainant's Motion for Summary Judgment (filed July 14, 2020); Order Granting Respondent's Second Request for Extension of Time to Respond to Complainant's Motion for Summary Judgment (filed July 24, 2020).

[23]  The "Exhibit List" included with Respondent's Answer and Counter-Motion identified the following: (1) "Respondent's Letter to USDA General Counsel, Steve Vaden," dated 04/22/2019; (2) "Email Thread between Rodriguez and Leo," dated 03/26/2020; (3) "Email from Respondent to Complainant," dated 04/03/2020; (4) "Letters indicating incomplete and/or inaccurate paperwork," dated "various"; (5) "Email between state and federal staff members," dated "*pending*"; and (6) "Images of Opossum Bacterial Infections," dated 8/17/2019. However, the cover pages for Exhibits 4 and 5 were marked "*pending*" with no actual documents to follow.

judgment in favor of the Respondent."[24]

On August 3, 2020, Complainant filed a "Response to Respondent's Answer to Complainant's Motion for Summary Judgment" that "move[d] for immediate summary judgment to have the Respondent's AWA license 21-C-0435 terminated without a hearing" and "move[d] for denial of Respondent's counter-motion."[25]  Respondent filed an Exhibit 5 on August 5, 2020 and Exhibits 4A, 4B, 4C, and 5 on August 10, 2020[26].[27]

_____

[24] Respondent's Answer to Complainant's Motion for Summary Judgment ("Answer to MSJ") at 21.

[25] Response to Respondent's Answer to Complainant's Motion for Summary Judgment ("Response to Answer to MSJ") at 7. The Response included two attachments: (1) print-out of U.S. Dep't of Agric., Animal & Plant Health Inspection Servs., Enforcement Summaries, https://www.aphis.usda.gov/aphis/ourfocus/business-services/ies/ies_performance_metrics/ies-panels/enforcement-summaries; and (2) print-out of N.Y. Envtl. Conserv. Law § 71-4001 (McKinney 2019). In the Response, Complainant requested that "Respondent be denied from supplementing her Answer MSJ and filing and further motions as to the MSJ after 4:30 p.m. Eastern on Friday, July 31, 2020." Id. at 6 (noting that Respondent "failed to file Exhibits [4 and 5] to her Answer MSJ"). I did not grant Complainant's request, as Complainant failed to show how it would be prejudiced by supplementation.

[26] The "Exhibit 5" filed on August 5, 2020 includes two emails—one from William V. Powell and one from Andrea D'Ambrosio   as well as Respondent's explanations regarding said emails. The August 10, 2020 exhibits include: documents relating to the denial of Respondent's LCPEE application (Exhibit 4A); documents relating to the renewal application of a different licensee (Exhibit 4B); a letter that purportedly serves as an "example [of] many wildlife rehabilitators who turn in annual rehabilitation logs grossly late for submission" (Exhibit 4C); and emails from William V. Powell and Andrea D'Ambrosio, as well as Respondent's explanations regarding said emails (Exhibit 5) (same as Exhibit 5 filed on August 5, 2020).

[27] On August 25, 2020, Complainant filed a "Motion to Strike Respondent's Answer to Complainant's Motion for Summary Judgment Exhibits 4 & 5." However, the Motion fails to demonstrate how Complainant would be prejudiced by my admitting Respondent's exhibits to the record, and Complainant's sole reason for objecting appears to be that the exhibits were filed after Respondent's deadline to answer Complainant's Motion for Summary Judgment had passed. See Motion to Strike at 2-3; Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se [party], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations omitted). Therefore, Complainant's Motion to Strike Respondent's Exhibits 4 and 5 is DENIED.

## Summary of the Evidence[28]

### A. Admissions

In her Answer to APHIS's Order to Show Cause, Respondent failed to deny—and therefore admitted[29]  that she is an individual doing business as Caring for Cottontails Wildlife & Rescue Rehabilitation, Inc.; that she operated as an exhibitor, as that term is defined in the Act and Regulations; and that she held AWA license 21-C-0435. Respondent further admitted she was convicted of two offenses in the State of New York, Wayne County: (1) failing to provide proper caging facilities for opossums in violation of Condition #10 of her New York State License to Collect or Possess  Education/Exhibition ("LCPEE"); and (2) failing to submit an accurate and complete inspection report in violation of Condition #22 of her LCPEE.[30]  In addition, Respondent admitted that on or about November 7, 2018, the Commissioner of the New York State Department of Environmental Conservation issued an order revoking Respondent's New York State LCPEE (DEC Case No. OHMS 2017-72265).[31]

### B. Documentary Evidence

APHIS Exhibits[32]

---

[28] This Decision and Order relies upon the pleadings and upon declarations and documentary evidence attached to APHIS's Order to Show Cause, Respondent's Answer to Notice to Show Cause, APHIS's Motion for Summary Judgment, Respondent's Answer to Motion for Summary Judgment and Counter-Motion, APHIS's Response to Respondent's Answer to Motion for Summary Judgment and Counter-Motion, and the exhibits filed by Respondent on August 5, 2020 and August 10, 2020.

[29] *See* 7 C.F.R. § 1.136(b)(1),(c); Answer at 1-2.

[30] *See* Answer at 1.

[31] *Id.* at 2.

[32] Official notice is taken of CX-3 (Certificate of Conviction in Case No. 1608131, State of New York, Wayne County, Macedon Town Court), CX-4 (Hearing Report of ALJ Richard A.

CX-1        New York State Department of Environmental Conservation, License to Collect or Possess – Education/Exhibition: License Information/Conditions

CX-2        New York State, Arrest Records for Carrie M. Leo

CX-3        Certificate of Conviction in Case No. 1608141 (State of New York, Wayne County, Macedon Town Court)

CX-4        July 20, 2018 Hearing Report of Richard A. Sherman, Administrative Law Judge (DEC Case No. OHMS 2017-72265)

CX-5        November 7, 2018 Order of the Commissioner (DEC Case No. OHMS 2017-72265)

CX-6        AWA Class C Exhibitor License Documents (No. 21-C-0435)[33]

CX-7        Print-out of APHIS's "Enforcement Summaries" webpage from USDA.gov

CX-8        Print-out of McKinney's Consolidated Laws of New York Annotated § 71-4001

Respondent Exhibits

RX-1        Answer to Commissioner Seggos's Final Determination of November 7, 2018

RX-2        April 22, 2019 Letter from Respondent to Secretary Sonny Perdue (CC to Steven Vaden, General Counsel)

RX-3        March 2020 email thread between Respondent and John V. Rodriguez

---

Sherman, DEC Case No. OHMS 2017-72265), and CX-5 (Order of the Commissioner, DEC Case No. OHMS 2017-72265). 7 C.F.R. § 1.141(h)(6).

[33] These documents include: Application for License Renewal dated 7/23/19; AWA License Certificate No. 21-C-0435 (Expiration Date: August 25, 2020); Application for License Renewal dated 8/17/18; AWA License Certificate No. 21-C-0435 (Expiration Date: August 25, 2019); Application for License Renewal dated 7/31/17; AWA License Certificate No. 21-C-0435 (Expiration Date: August 25, 2018); Application for License Renewal dated 8/19/16; AWA License Certificate No. 21-C-0435 (Expiration Date: August 25, 2017); Application for License Renewal dated 8/1/15; AWA License Certificate No. 21-C-0435 (Expiration Date: August 25, 2016); Application for License (New License) dated 1/4/13; AWA License Certificate No. 21-C-0409 (Expiration Date: February 28, 2014).

RX-4            April 3, 2020 email from Respondent to John V. Rodriguez

RX-5A           New York State Department of Environmental Conservation, Notices of
                Application/License Denial

RX-5B           Documents from renewal application of unidentified licensee, with explanation by
                Respondent

RX-5C           September 25, 2005 letter from Elise Able of Fox Wood Wildlife Rescue, Inc.,
                with explanation by Respondent

RX-6            Images of bacterial infections in the Virginia opossum

RX-7            May 12, 2017 email from William V. Powell and March 29, 2017 email from
                Andrea D'Ambrosio, with explanations by Respondent

I hereby admit to the record all of the exhibits identified herein above.

## Discussion

As previously noted, an administrative law judge may enter summary judgment if the

pleadings, affidavits, or other materials show there is no genuine issue as to any material fact.[34]

An issue is "genuine" if sufficient evidence exists on each side so that a rational trier of fact

could resolve the issue either way, and an issue of fact is "material" if under the substantive law

it is essential to the proper disposition of the claim.[35] The mere existence of some factual dispute

---

[34] *Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 607 (D.C. Cir. 1987) (affirming the
Secretary of Agriculture's use of summary judgment under the Rules of Practice and rejecting
Veg-Mix, Inc.'s claim that a hearing was required because it answered the complaint with a
denial of the allegations); *see also Livingston Care Ctr. v. Dep't of Health & Human Servs.*, 108
F. App'x 350, 354 (6th Cir. 2004) ("This Court recently determined that the rule which allows
administrative law judges to grant a summary judgment without an in-person haering is legally
enforceable.").

[35] *Wallace v. Leidos Innovations Corp.*, 805 F. App'x 389, 392 (6th Cir. 2020); *Adler v. Wal-
Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998);

will not defeat an otherwise properly supported motion for summary judgment, as the factual dispute must be "material to an issue affecting the outcome of the case."[36]

If the moving party supports its motion, the burden then shifts to the non-moving party.[37] The non-moving party may not rely upon the mere allegations or denials of her pleading; rather, must offer specific facts showing there is a genuine issue for hearing.[38] The non-moving must identify such facts by reference to affidavits, depositions, transcripts, or specific exhibits.[39] The non-moving party may not rest upon ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at hearing.[40] However, all evidence must viewed in the light most favorable to the non-moving party.[41]

## I.    No Genuine Issue of Material Fact

The material facts are not in dispute in this case, and a hearing is therefore unnecessary. As previously discussed, sections 2.11 and 2.12 of the Regulations (9 C.F.R. §§ 2.11 and 2.12) authorize the Department to terminate the AWA license of any person, at any time, who "[i]s or was operating in violation or circumvention of any Federal, State or local laws"[42] or "has been

---

[36] *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citing *Anderson*, 477 U.S. at 247-49; *Spencer v. Zimmerman*, 873 F.2d 256, 257 (11th Cir. 1989)); *see Schwartz v. Bhd. of Maintenance Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001).

[37] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[38] *Celotex Corp.*, 477 U.S. at 324; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir. 1993).

[39] *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988)

[40] *Id.* at 793-94.

[41] *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Anderson*, 477 U.S. at 242-43; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[42] 9 C.F.R. § 2.11(a)(5).

found to have violated any Federal, State, or local laws or regulations pertaining to the

transportation, ownership, neglect, or welfare of animals, or is otherwise unfit to be licensed and

the Administrator determines that the issuance of a license would be contrary to the purposes of

the Act."[43] As set out herein, the record is undisputed that Respondents have "been found to

have violated . . .   Federal, State, or local laws or regulations pertaining to the transportation,

ownership, neglect, or welfare of animals . . ."[44] Thus, Complainant has met its burden of

showing that Respondent's actions render her unfit to hold an AWA license as she (1) would be

operating in violation or circumvention of State and local laws and (2) has been found to have

violated State or local laws or regulations related to the ownership and welfare of animals.

It is undisputed that on or about December 12, 2017, the State of New York, Wayne

County, in Case No. 1608141, convicted Respondent of the offenses cited in Arrest Records

BF0195322 and BF0195333.[45] In fact, Respondent pleaded guilty to both offenses,[46] each of

which pertains to the transportation, ownership, neglect, or welfare of animals: (1) failing to

provide proper caging facilities for opossums in violation of LCPEE #623 Condition 10 and (2)

failing to submit an accurate and complete exhibition report in violation of LCPEE #623

Condition 22.[47] Respondent's guilty pleas and convictions meet the standard imposed by 9

C.F.R. § 2.11(a)(6).[48]

---

[43] 9 C.F.R. § 2.11(a)(6).

[44] 9 C.F.R. § 2.11(a)(5).

[45] *See* CX-3.

[46] *See id.*

[47] *See* CX-2; CX-3.

[48]   *See* 9 C.F.R. § 2.11(a)(6) ("A license will not be issued to an applicant who . . . has pled *nolo contendre* (no contest) or has been found to have violated any Federal, State, or local laws or

Further, Complainant has established that Respondent's LCPEE (New York State License to Collect or Possess – Education/Exhibition) was revoked. There is no dispute that on or about July 20, 2018, after an administrative hearing, DEC Administrative Law Judge Sherman ("ALJ Sherman") recommended that DEC Commissioner Basil Seggos ("Commissioner Seggos") issue an order revoking Respondent's LCPEE.[49] The recommendation was based in part on Respondent's failure to submit timely reports to the DEC (the conviction of Arrest Record BF0195333) and failure to comply with the terms and conditions of LCPEE #623 (the conviction of Arrest Record BF0195322).[50] There also is no dispute that on or about November 7, 2018, Commissioner Seggos, in *In re Carrie Leo*, DEC Case No. OHMS 2017-72265, issued a decision upon ALJ Sherman's recommendation and revoked Respondent's New York State license, LCPEE #623.[51] There is no question that allowing Respondent to maintain her AWA license would empower her to circumvent the revocation of her New York State LCPEE in violation of 9 C.F.R. § 2.11(a)(5).[52]

Complainant has proven by a preponderance of the evidence that Respondent qualifies for license termination pursuant to both 9 C.F.R. §§ 2.11(5) and 2.11(6).[53] Accordingly, I find

---

regulations pertaining to the transportation, ownership, neglect, or welfare of animals[.]").

[49] *See* CX-4.

[50] *See id.*

[51] *See* CX-5.

[52] *See* 9 C.F.R. § 2.11(a)(5) ("A license will not be issued to an applicant who . . . [i]s or would be operating in violation or circumvention of any Federal, State, or local laws[.]"); *Ludwig*, 71 Agric. Dec. 449, 454 (U.S.D.A. 2012) (finding the petitioner's failure to maintain a state license met the standards imposed in 9 C.F.R. § 2.11(a)(5)).

[53] *See Ash*, 71 Agric. Dec. 900, 913-14 (U.S.D.A. 2012) (holding that termination was the appropriate sanction where the "proceeding was instituted under the authority of the Secretary of Agriculture to terminate an Animal Welfare Act license and the Administrator consistently

that summary judgment   in favor of Complainant   is appropriate in this case.[54]

## II.   Respondent's Defenses

Respondent raises several defenses in response to both the Order to Show Cause and Complainant's Motion for Summary Judgment. As discussed below, however, these arguments   for which Respondent fails to cite any supporting legal authority   are without merit or are immaterial to the summary disposition of this case. Moreover, Respondent's filings are devoid of the type of supporting documentation necessary to establish a genuine issue for hearing.

First, Respondent denies that "both allegations [in the Arrest Records] were true   'offenses.'"[55]  I reject this argument, as the record shows that the convictions resulting from those Arrest Records were substantiated numerous times. First, the offenses were substantiated on or about December 12, 2017, when the State of New York, Wayne County, in Case No, 16080141, convicted Respondent of the two offenses.[56]  The offenses were also substantiated on or about July 20, 2018, in *In re Carrie Leo*, DEC Case No. OHMS 2017-72265, where Respondent admitted to pleading guilty to the two offenses and DEC met its burden to establish

---

sought termination of [Respondent's] Animal Welfare Act license").

[54] *See Bauck*, 68 Agric. Dec. 853, 858 (U.S.D.A. 2009), *appeal dismissed*, No. 10-1138 (8th Cir. Feb. 24, 2010) ("I have repeatedly held summary judgment appropriate in cases involving the termination of an Animal Welfare Act license and disqualification from becoming licensed under the Animal Welfare Act based upon prior criminal convictions. Hearings are futile where, as in the instant proceeding, there is no factual dispute of substance.") (citing *Animals of Mont., Inc.*, 68 Agric. Dec. 92, 104 (U.S.D.A. 2009); *Amarillo Wildlife Refuge, Inc.*, 68 Agric. Dec. 77, 81 (U.S.D.A. 2009); *Vigne*, 67 Agric. Dec. 1060, 1060-61 (U.S.D.A. 2008); *Levinson*, 65 Agric. Dec. 1026, 1028 (U.S.D.A. 2006)).

[55] Answer at 1 ¶ 5.

[56] *See supra* note 44 and accompanying text.

that Respondent violated Condition 10 of her LCPEE by failing to provide proper caging

facilities for opossums[57] and Condition 22 of her LCPEE by failing to submit the LCPEE report

form.[58]  The offenses were again substantiated on or about November 7, 2018, in *In re Carrie

Leo*, DEC Case No. OHMS 2017-72265, when Commissioner Seggos issued a decision upon the

recommendation of ALJ Sherman and revoked Respondent's New York State LCPEE #623

based in part on the two offenses.[59]  Finally, the offenses were substantiated on or about June 2,

2020, in Respondent's Answer to the Order to Show Cause.[60]  Even assuming, *arguendo*, that

Respondent's convictions of the Arrest Records were not qualifying offenses, to allow

Respondent to continue holding her AWA license would nonetheless allow her to circumvent the

revocation of LCPEE #623.[61]

      Second, Respondent contends that the Order to Show Cause "is purposely vague."[62]  As

Complainant correctly points out,[63] the Rules of Practice simply require that a complaint or

order to show cause "state briefly and clearly the nature of the proceeding, the identification of

the complainant and the respondent, the legal authority and jurisdiction under the proceeding is

instituted, the allegations of fact and provisions of law which constitute a basis for the

proceeding, and the nature of the relief sought."[64]  I find that the Order to Show Cause satisfies

---

[57] CX-4 at 12.

[58] CX-4 at 9.

[59] *See supra* note 50 and accompanying text.

[60] Answer at 1 ¶ 5.

[61] *See supra* note 51 and accompanying text.

[62] Answer at 3.

[63] *See* Motion for Summary Judgment at 9.

[64] 7 C.F.R. § 1.135(a).

each of these requirements, and is therefore not impermissibly vague.[65] Therefore, Respondent's contention that summary judgement should be denied because the Order to Show Cause is "purposely vague" is rejected.

Third, Respondent asserts that her New York State LCPEE #623 was improperly revoked for numerous reasons.[66] The issue to be determined in this AWA license-termination proceeding before me is whether Respondent has been found to have violated State or local laws or regulations related to the ownership and welfare of animals. Respondent does not deny that she has been so found but posits that those findings were improper, which is, in essence, a collateral attack on the state proceedings, which is something beyond the scope of this AWA license-termination proceeding, and, therefore, will not be entertained. If Respondent wishes to contest her LCPEE revocation she must turn to the State Courts of New York, as that is the proper forum in which to direct her argument.[67]

Fourth, Respondent states it is her "understanding she pled with Alford Pleas therefore not allowing the citations to be able to be used against her again in another proceeding such as this administrative proceeding."[68] This argument lacks merit. While Respondent offers no actual evidence that an *Alford* plea was made, Complainant's evidence shows that Respondent pleaded guilty to two offenses.[69] An *Alford* plea allows a defendant to plead guilty to and to accept a

---

[65] *See* Order to Show Cause at 1-5.

[66] Answer at 4.

[67] *Bauck*, 68 Agric. Dec. at 863.

[68] Answer at 4; *see also* Respondent's Answer to MSJ at 18.

[69] *See* CX-3.

guilty verdict and conviction as to criminal charges, while maintaining innocence as to them.[70]

Even if Respondent were able to show that her convictions were indeed based on *Alford* pleas, an

*Alford* plea is nonetheless a guilty plea and the conviction a conviction;[71] it would not change

the fact that Respondent was found by the State of New York, Wayne County, to have violated a

law or regulation relating to the transportation, ownership, neglect, or welfare of animals.[72]

Further, if a *nolo contendre* plea would have been adequate grounds to terminate Respondent's

license,[73] a guilty plea certainly suffices. And as Complainant correctly states: "In the end it

really doesn't matter because Respondent's state LCPEE license has been revoked and to allow

her to maintain AWA license 21-C-0435 would allow the Respondent to operate in violation or

circumvention of State or local law."[74]

     Fifth, Respondent contends that Complainant did "not sufficiently establish[] the element

of willfulness required to revoke Respondent's license."[75]  In its Answer to Complainant's

Motion for Summary Judgment, Respondent states:

> [T]he willfulness factor was discussed in the *Answer* of the Respondent to the
> Complainant's *Order to Show Cause* because it can be considered one of the
> factors which comprise the egregiousness actions which the government finds
> offensive. Willfulness indicates good-faith v. bad-faith and an egregious error or
> offense lacks any good faith effort.

---

[70] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *see United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011); *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009).

[71] *Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004); *see also United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014); *United States v. King*, 673 F.3d 274, 281 (4th Cir. 2012).

[72] *See* CX-3; *King*, 673 F.3d at 282-83 ("A court's acceptance of an *Alford* plea, like an acceptance of a guilty plea, indisputably qualifies as an 'adjudication.'").

[73] 9 C.F.R. §§ 2.11(a)(4), 2.12.

[74] Complainant's Response to Respondent's Answer to MSJ at 5.

[75] Answer at 5; *see* Respondent's Answer to MSJ at 19.

Answer to MSJ at 19. The applicable Regulations do not require a showing of willfulness.[76]

Section 1.133(b)(3) of the Rules of Practice, however, states:

> As provided in 5 U.S.C. 558, in any case, except one of willfulness or one in which public health, interest, or safety otherwise requires, prior to the institution of a formal proceeding which may result in the withdrawal, suspension, or revocation of a "license" as that term is defined in 5 U.S.C. 551(8), the Administrator, in an effort to effect an amicable or informal settlement of the matter, shall give written notice to the person involved of the facts or conduct concerned and shall afford such person an opportunity, with a reasonable time fixed by the Administrator, to demonstrate or achieve compliance with the applicable requirements of the statute, or the regulation, standard, instruction or order promulgated thereunder.

7 C.F.R. § 1.133(b)(3). Although Complainant does use the term "willful" in its Order to Show Cause when alleging violations of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126(a),[77] Complainant's Motion for Summary Judgment is not based upon those allegations; they are immaterial to the outcome of this case.[78] Therefore, willfulness is not an element that Complainant need establish, and neither prior written notice nor an opportunity to demonstrate compliance were required. Nonetheless, Respondent's criminal convictions both evidence willfulness and implicate the ownership and well-being of animals.[79] Respondent's willfulness argument is therefore rejected.

---

[76] *See* 9 C.F.R. §§ 2.11 and 2.12.

[77] *See* Order to Show Cause at 2 ¶ 6, 4 ¶ 11.

[78] *See supra* note 36 and accompanying text.

[79] *See Bauck*, 68 Agric. Dec. at 861 (U.S.D.A. 2009) ("In a number of proceedings, I have terminated an Animal Welfare Act license based upon a licensee's criminal conviction without any written notice or opportunity to demonstrate or achieve compliance prior to the institution of the proceeding. The United States Court of Appeals for the District of Columbia Circuit has also held that criminal convictions fall within the willfulness exception of 5 U.S.C. § 558(c) and, thus, has upheld license terminations based on criminal convictions without any prior written notice and opportunity to demonstrate or achieve compliance.") (citing *Kleiman & Hochberg, Inc. v. U.S. Dep't of Agric.*, 497 F.3d 681, 691 (D.C. Cir. 2007), *cert. denied sub nom. Hirsch v. Dep't of Agric.*, 128 S. Ct. 1748 (2008); *Coosemans Specialties, Inc. v. U.S. Dep't of Agric.*, 482

The remainder of Respondent's "defenses" contend that the Secretary has treated Respondent unfairly and differently than other AWA licensees. Respondent contends the instant proceeding is a "shadow trial or judgment" wherein USDA "staff is able to accuse and convict Respondent of anything they desire and manipulate the law and people in order to achieve such ends."[80] Respondent provides no evidence that would support these contentions. Here the Respondent has indisputably been found to have violated State or local laws or regulations related to the ownership and welfare of animals. The AWA and regulations provide that in such circumstances Respondent is thereby in violation of the AWA. Nothing herein demonstrates any untoward actions by USDA "staff" and certainly no ability by USDA staff to convict Respondent of anything USDA staff might desire or to in any respect manipulate the law or people. The Secretary has the authority to investigate or inspect "as he deems necessary to determine whether any . . . exhibitor . . . has violated or is violating any provision of [the AWA] or any regulations or standard issued thereunder."[81]  Through this authority, delegated to him through 7 C.F.R. § 2.80(6), the Administrator of APHIS has determined that Respondent is in violation of the AWA and her continued possession of an AWA license would be contrary to the purposes of the Act. As found herein, I agree. The Administrator's determination as to other AWA licensees is not relevant to these proceedings.[82]

---

F.3d 560, 567-78 (D.C. Cir. 2007), *cert. denied*, 128 S. Ct. 628 (2007)).

[80]  Respondent's Answer to MSJ at 6.

[81]  7 U.S.C. § 2146.

[82]  *See Terranova*, 78 Agric. Dec. 248, 342 (U.S.D.A. 2019) ("[N]othing in the Act, Regulations, or case law requires that the violations in one case must parallel those in another to justify license revocation."); *see also Koretoff v. Vilsack*, 614 F.3d 532, 543 n.3 (D.C. Cir. 2010) (Henderson, J., dissenting in part) (stating that "case-by-case determinations are the hallmark of administrative and judicial adjudications").

### III.   Respondent's Counter-Motion to Dismiss Order to Show Cause

Respondent submits that "Complainant's Order to Show Cause Should be Dismissed in its entirety upon summary judgment in favor of the Respondent."[83] Respondent's request is a motion to dismiss on the pleadings, which is prohibited by section 1.143(b)(1) of the Rules of Practice (7 C.F.R. § 1.143(b)(1)).[84] Even if the Rules allowed for such a motion, dismissal of Complainant's Order to Show Cause would be inappropriate under the circumstances. Other than a few general statements regarding her opinion of APHIS's actions, Respondent has failed to offer any support for her motion.[85] As found herein, APHIS has demonstrated that Respondent is in violation of the AWA. Therefore, Respondent's Cross-Motion to Dismiss Complainant's Order to Show Cause must be DENIED.

### IV.   Respondent's Counter-Motion for Summary Judgment

Respondent contends: "If summary judgment is granted at all, it should be granted in favor of the Respondent."[86] However, Respondent offers no evidence in support thereof and has failed to meet her burden as the moving party.[87] Furthermore, summary judgment is proper in cases where there is "no genuine issue as to any material fact."[88] That Respondent spends the majority of her Answer to Complainant's Motion for Summary Judgment arguing "there *are*

---

[83] Respondent's Answer to MSJ at 21.

[84] *See* 7 C.F.R. § 1.143(b)(1) ("Any motion will be entertained other than a motion to dismiss on the pleading."); *Lindsay Foods, Inc.*, 56 Agric. Dec. 1643, 1647-48, 1650-51 (U.S.D.A. 1997) (Remand Order); *see also* 7 C.F.R. § 1.132 ("*Complaint* means the formal complaint, *order to show cause*, or other document by virtue of which a proceeding is instituted.") (emphasis added).

[85] *See* Respondent's Answer to MSJ at 21.

[86] *Id.*

[87] *See Knaust*, 73 Agric. Dec. at 98-99 (footnotes omitted).

[88] *Anderson*, 477 U.S. at 255.

issues of material fact" in this case completely undermines her argument.[89] Accordingly,
Respondent's Counter-Motion for Summary Judgment must be DENIED.

## Findings of Fact

n. Respondent Carrie Leo is an individual who does business as Caring for Cottontails Wildlife
   Rescue & Rehabilitation, Inc., whose mailing address is in New York. (Order to Show Cause
   at 1; Answer at 1).

2. At all times material herein, Respondent operated as an exhibitor, as that term is defined in
   the Act and Regulations, and held AWA license 21-C-0435. (Order to Show Cause at 1;
   Answer at 1).

3. On or about May 10, 2016, the State of New York cited Respondent in Arrest Record
   BF0195322 for the offense of failing to provide proper caging facilities for opossums in
   violation of License to Collect or Possess    Education/Exhibition # 623 ("LCPEE #623")
   Condition 10 and in Arrest Record BF0195333 for the offense of failing to submit an
   accurate and complete exhibition report in violation of LCPEE #623 Condition 22. (CX-1;
   CX-2).

4. The State of New York initiated a proceeding before the Department of Environmental
   Conservation ("DEC") to revoke Respondent's New York State License to Collect or Possess
   – Education/Exhibition ("LCPEE # 623"). The bases, in part, for the State of New York's
   revocation proceeding were the offenses cited in Arrest Records BF0195322 and
   BF0195333. (CX-2; CX-4).

5. On or about December 12, 2017, the State of New York, Wayne County, in Case No.

---

[89] Respondent's Answer to MSJ at 6 (emphasis added).

22

1608141, convicted Respondent of the offenses cited in Arrest Records BF0195322 and

BF019533. (CX-2; CX-3).

6.  On or about July 20, 2018, DEC Administrative Law Judge Richard A. Sherman, in *In re*

Carrie Leo, DEC Case No. OHMS 2017-72265, after a hearing, concluded and

recommended the following:

> As detailed above, I conclude that Department staff has met its burden to establish
> that, as alleged in the notice of intent, respondent Carrie M. Leo (i) possessed
> wildlife without a proper license from the Department; (ii) failed to submit timely
> reports to the Department; (iii) failed to comply with the terms and conditions of
> LCPEE #623; and (iv) failed to comply with the terms of a federal license directly
> related to the activity authorized by LCPEE #623.
>
> Accordingly, I recommend that the Commissioner issue an order revoking
> LCPEE #623. I further recommend that the Commissioner direct respondent to
> transfer or otherwise dispose of all wildlife held at the facility without proper
> authorization from the Department within 60 days of service of the
> Commissioner's order.

(CX-4).

7.  On or about November 7, 2018, DEC Commissioner Basil Seggos, in *In re Carrie Leo*, DEC

Case No. OHMS 2017-72265, issued a decision upon the recommendation of Judge Sherman

and revoked Respondent's New York State LCPEE #623. (CX-5). Commissioner Basil found

that Respondent committed the following DEC violations:

> A.  Failed to comply with License Conditions 6 (Addition or Replacement of
> Animals Without Written Authorization Prohibited), 10 (Providing Care for
> Animal[s]) and 22 (Education/Exhibition Reporting Requirement) of a
> License to Collect or Possess Certain Species of Wildlife for
> Education/Exhibition Purposes (LCPEE) #623;
>
> B.  Failed to comply with the terms of a federal license directly related to the
> activity authorized by LCPEE #623[;]
>
> C.  Possessed wildlife without a proper license from the Department of
> Environmental Conservation; and

D.  Failed to keep accurate records and submit timely reports to the Department.

(CX-5).

## Conclusions

1.  The Secretary of Agriculture has jurisdiction in this matter.

2.  The material facts involved in this matter are not in dispute, and the entry of summary judgment in Complainant's favor is appropriate.

3.  Respondent has been found to have violated a State or local law or regulation pertaining to the transportation, ownership, neglect, or welfare of animals, as provided in 9 C.F.R. § 2.11(a)(6).

4.  Respondent's convictions of the offenses set forth in Arrest Records BF0195322 and BF0195333 involve the ownership and welfare of animals.

5.  Respondent's convictions of the offenses set forth in Arrest Records BF0195322 and BF0195333 demonstrate that Respondent is unfit to hold Animal Welfare Act license 21-C-0435.

6.  The Administrator of APHIS has shown good cause to grant the relief requested in the "Order to Show Cause Why Animal Welfare Act License 21-C-0435 Should Not Be Terminated" filed against Respondent on April 21, 2020.

7.  To allow Respondent to maintain her AWA license would enable her to operate in circumvention of a State or local law in violation of 9 C.F.R. § 2.11(a)(5).

8.  The termination of Respondent's AWA license pursuant to 9 C.F.R. §§ 2.11(a)(5), 2.11(a)(6), and 2.12 is appropriate, promotes the remedial purposes of the Animal Welfare Act, and is supported by the evidence of record.

## ORDER

1. Complainant's Motion for Summary Judgment is GRANTED.

2. Respondent's Cross-Motion to Dismiss Complainant's Order to Show Cause is DENIED.

3. Respondent's Cross-Motion for Summary Judgment is DENIED.

4. Respondent's AWA license, 21-C-0435, is hereby TERMINATED in accordance with 9

   C.F.R. § 2.12.

This Decision and Order shall be final and effective without further proceedings thirty-

five (35) days after service upon Respondent unless an appeal to the Judicial Officer is filed with

the Hearing Clerk within thirty (30) days after service, as provided in section 1.145 of the Rules

of Practice (7 C.F.R. § 1.145).

Copies of this Decision and Order shall be served upon the parties and counsel by the

Hearing Clerk.

> Done at Washington, DC,
> this 8th day of September 2020

> Channing D. Strother
> Chief Administrative Law Judge

Hearing Clerk's Office
U.S. Department of Agriculture
South Building, Room 1031
1400 Independence Avenue, SW
Washington, D.C. 20250-9203
Tel:  202-720-4443
Fax: 844-325-6940
SM.OHA.HearingClerks@USDA.GOV