IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CARRIE M. LEO,

                    Plaintiff,

        v.                                         Case No. 20-CV-7039 (FPG)

NEW YORK STATE DEPT. OF ENVIRONMENTAL
CONSERVATION, et al.,

                    Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION TO DISMISS *BIVENS* COMPLAINT
## <u>AGAINST FEDERAL DEFENDANTS</u>

Defendants United States Department of Agriculture ("USDA"), former Secretary of Agriculture Sonny Purdue, and Andrea D'Ambrosio, an Animal Care Inspector ("ACI") employed by the Animal and Plant Inspection Service of the USDA (together, "the Federal Defendants") through James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Kathryn L. Smith, Assistant United States Attorney, of counsel, move under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss the Complaint against them, and state the following in support:

## I.    <u>INTRODUCTION</u>

Plaintiff Carrie M. Leo, *pro se*, is the former operator of a wildlife center located in Walworth, New York.  Plaintiff initiated this action against the Federal Defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Plaintiff is seeking redress for alleged violations of her constitutional rights.

At its core, Plaintiff's Complaint against the Federal Defendants arises from a straightforward property dispute:  Plaintiff gave three wild animals that were in her care to a friend and colleague, Tyler Thomas, for safekeeping while Plaintiff recovered from surgery. Plaintiff alleges that Thomas removed the animals to Texas and refuses to give them back. The thrust of Plaintiff's vaguely pled *Bivens* allegations are that the Federal Defendants interfered with the return of her animals and did not investigate her animal welfare complaints against Thomas.  While acknowledging Plaintiff's apparent concern for these animals, this personal row between private parties does not give rise to a constitutional claim against the USDA, ACI D'Ambrosio, or the former USDA Secretary.  Plaintiff's Complaint against the Federal Defendants should be dismissed for multiple reasons.

First, as an initial matter, the District Court lacks jurisdiction over former Secretary Purdue and ACI D'Ambrosio pursuant to FRCP12(b)(5).  There is no proof that Plaintiff personally served former Secretary Purdue or ACI D'Ambrosio with the Summons and Complaint.

Second, vicarious liability is inapplicable to *Bivens* suits and the Plaintiff must plead that each Government-official defendant was personally involved in the constitutional violation.  Plaintiff's Complaint is entirely silent with regard to former Secretary Purdue's personal involvement in this matter in any way.  A *Bivens* claim cannot rest on a theory of vicarious liability.

Third, Plaintiff fails to plead a cause of action as her allegations are entirely conclusory.  To the extent that they assert anything, they vaguely accuse ACI D'Ambrosio of "encouraging," "interfering," engaging in a "secret conspiracy" to prevent the return of Plaintiff's animals, and "failing to conduct good faith investigations concerning the case of

stolen animals."  These hollow accusations are just that, accusations which are not bolstered

by a single specific fact, and in any event clearly do not allege a constitutional violation by

the Federal Defendants.

Fourth, the allegations asserted by Plaintiff simply do not fall within the scope of a

*Bivens* claim. They are meaningfully different from any recognized *Bivens* claim.

Further, Plaintiff seeks injunctive relief for her *Bivens* claim against former Secretary

Purdue or ACI D'Ambrosio in their official capacities.  However, injunctive relief is not

permitted.  The only remedy for a *Bivens* claim is monetary damages against a defendant in

his or her individual capacity; Plaintiff does not seek monetary damages in her Complaint.

Sixth*,* ACI D'Ambrosio is entitled to qualified immunity. Simply put, she has not

violated any "clearly established" constitutional right. Indeed, the caselaw establishes that

the rights sought by Plaintiff are not recognized under the Constitution.

Seventh, to the extent Plaintiff seeks to assert a *Bivens* claim against the USDA, her

Complaint must be dismissed.  There is no such thing as a *Bivens* claim against an agency.

And finally, this Court does not have jurisdiction over Plaintiff's claim under the

Freedom of Information Act, 5 U.S.C. § 552.

## II.   __ALLEGATIONS IN THE COMPLAINT__

Plaintiff commenced this action with a series of allegations against New York

State and Federal Government actors.  As to the Federal Defendants, Plaintiff alleges that

her "due process, property rights, equal treatment under the law, chance for

recourse/redress and false accusations/defamation." Complaint, Docket No. 1, p. 4.

According to the Complaint, in 2015, Plaintiff was "duly licensed by the DEC and USDA to possess and exhibit wild and exotic animals." *Id.*, p. 4.  In July 2016, Plaintiff was "cited" with "eleven citations most for possession of coyotes." *Id.*, p. 5. According to Plaintiff, these "citations were resolved with a plea to two civil violations[.]" *Id.*  Plaintiff "surrendered all licensure" issued by the New York State Department of Environmental Conservation ("DEC"), relocated "all animals," and in 2017, "took" her "entire center down." *Id.*

Next, in April 2017, Plaintiff "boarded three animals" – a fox, a fisher, and a badger – "with a colleague and friend I trusted at the time while I recovered from surgery." *Id.*, pp. 5, 7.  Plaintiff identifies this colleague as Tyler Thomas ("Thomas"). *Id.*, p. 10.  According to the Complaint, without Plaintiff's "permission and knowledge, the colleague took the animals out New York State, with the help of specific staff members of the DEC and USDA and imported them illegally into Texas State." *Id.*  The Complaint alleges that Plaintiff initiated legal action for the return of her animals, which was unsuccessful. *Id.*; *see also id.*, p. 10 (alleging that a "judge" "dismissed my case in Leo v. Thomas").  Plaintiff alleges, without any specifics, that Thomas "continues to possess all of the animals illegally to this day only carrying federal licensing to exhibit without respect for Texas state law and licensing indigenous species furbearers, and endangered species." *Id.*, p. 7.

The Complaint alleges that ACI D'Ambrosio "acted against [Plaintiff's] interest and rights secretly by protecting the person who still has possession of my animals." *Id.* ACI D'Ambrosio further acted in a "secret conspiracy" with the DEC "to keep my

animals from returning to me." *Id.*, p. 7.  ACI D'Ambrosio "encouraged my colleague to take as many animals as possible from my center with the intent not to return them" and suggested a "lien for the return of my animals." *Id.* Plaintiff alleges that she "sought assistance" from, *inter alia*, former Secretary Purdue and was met with "hostility or indifference." *Id.*, pp. 5-6.

Plaintiff also alleges that ACI D'Ambrosio did not "put forth [a] good-faith effort in determining what happened to my animals," after she had filed an animal welfare complaint with the USDA regarding Thomas.  Plaintiff appears to admit in her Complaint that a USDA Animal Welfare Inspector, in fact, inspected Thomas' facility in Texas, but failed to verify Thomas' state licensing because she was "under the thumb" of ACI D'Ambrosio who was colluding with DEC to prevent the return of Plaintiff's animals. *Id.*, pp. 7-8.

The Complaint alleges that the USDA is "now invoking a proceeding to terminate my federal license simply because the state license is revoked."[1] *Id.*, p. 6.

---

[1]     Although not directly relevant to Plaintiff's *Bivens* claims, some additional background on this particular allegation with regard to USDA's treatment of Plaintiff's exhibitor's license issued pursuant to the Animal Welfare Act ("AWA") may be warranted. Under the AWA, as amended (7 U.S.C. §§ 2131 et seq.) and the regulations promulgated thereunder (9 C.F.R. §§ 1.1 et seq.), the USDA is broadly charged with, among other things, protecting animal welfare and to that end is vested with the authority to regulate the transportation, purchase, sale, housing, care, handling, and treatment of regulated animals.

Persons who exhibit regulated animals are required to obtain a license from the Deputy Administrator of the USDA.  9 C.F.R. § 2.1.  The USDA is authorized to terminate an exhibitor's license if he or she has, ""[P]led nolo contendere (no contest) or has been found to have violated any Federal, State, or local laws or regulations pertaining to the transportation, ownership, neglect, or welfare of animals, or is otherwise unfit to be licensed and the Administrator determines that the issuance of a license would be contrary to the purposes of the Act." 9 C.F.R. §§ 2.11(a)(6); 2.12.  In her Complaint, Plaintiff admits that she plead guilty to two New York State laws or regulations enforced by the DEC, one of

Plaintiff seeks an order directing, *inter alia*, the USDA to essentially stop gossiping and "spinning yarns" about her (*id.*, p. 10); terminate Thomas' federal AWA Exhibitor's License (*id.*, p. 11); correct citations listed in USDA AWA inspection reports (*id.*); remove the word "critical" from prior USDA AWA inspection reports (*id.*); and hold ACI D'Ambrosio's supervisors accountable for their failure to address her "misconduct."[2]  Plaintiff also seeks an order directing the USDA to respond to her Freedom of Information ("FOIA") request for documents.  *Id.*, p. 11.  Plaintiff further demands that "Staff members of both the state and federal agencies involved should be

---

which had to do with the caging of opossums.  Complaint, p. 5.  The USDA is further authorized to revoke an exhibitor's license if he or she, "[i]s or would be operating in violation or circumvention of any Federal, State, or local laws."  9 C.F.R. §§ 2.11(a)(6); 2.12.  In her Complaint, Plaintiff admits that she made a, "full surrendering" of her DEC license(s) to possess and exhibit wild animals.  Complaint, p. 5.  USDA regulations provide for a review process for exhibitors who are denied a license under 9 C.F.R. §§ 2.11, 2.12. *See* 9 C.F.R. § 2.11(b).

On September 8, 2020, USDA Chief Administrative Law Judge Channing D. Strother issued a Decision and Order terminating Plaintiff's AWA license 21-C-0435.  The Decision and Order was based on the ALJ's unrefuted finding, "that Respondent's actions render her unfit to hold an AWA license as she (1) would be operating in violation or circumvention of State or local laws and (2) has been found to have violated State or local laws or regulations pertaining to the transportation, ownership, neglect, or welfare of animals." *See* Declaration of Kathryn L. Smith dated August 25, 2021 ("Smith Dec."), ¶ 10 and Exhibit 2.  On November 10, 2021, Plaintiff filed a Petitioner for Review of ALJ Strother's Decision and Order.  Smith Dec., ¶ 11.  On February 26, 2021, Judicial Officer John Walker issued an order denying Plaintiff's appeal because it was filed out of time. Smith Dec., ¶ 12.

On May 3, 2021, Plaintiff filed a purported "Petition for Review" of the USDA's termination of her AWA exhibitor's license on the docket in this case.  Docket No. 23.  On May 6, 2021, this District Court issued a Decision and Order correctly finding that jurisdiction over Plaintiff's Petition for Review rests in the U.S. Court of Appeals pursuant to 7 U.S.C. § 2149.

[2]     Plaintiff identifies Tonya Hadijis and Betty Goldentyer in her Complaint as ACI D'Ambrosio's supervisors, however they are not named defendants in this matter. *Id.*, p. 11.

terminated immediately and forbidden from working, volunteering, or associating

themselves with public service agencies ever again."  *Id.*, p. 13. Plaintiff further asks that

"D'Ambrosio should be held accountable with unlawful interference with a

contract/business relationship and/or opportunity, conspiracy, aiding and abetting,

defamations, false accusations, violations of the Animal Welfare Act and failure to

conduct good-faith investigations concerning the case of stolen animals."  She wants the

USDA to be held accountable for "failure to enforce laws, rules, regulations" and

"blocking any recourse I could have for relief against unfair treatment by the agency."

*Id.*, p. 14.

### III.   <u>ARGUMENT</u>

**1.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS.**

FRCP 12(b)(5) permits a defendant to assert by motion a defense of insufficiency of

service of process.  As a threshold matter, the Complaint should be dismissed, pursuant to

FRCP 12(b)(5), because of insufficient service of process against ACI D'Ambrosio and

former Secretary Purdue.

Rule 4(i) of the Federal Rules of Civil Procedure governs service on "the United

States and Its Agencies, Corporations, Officers, or Employees," and Rule 4(i)(3) provides

for service on a United States "Officer or Employee Sued Individually."  "To serve a

United States officer or employee sued in an individual capacity for an act or omission

occurring in connection with duties performed on the United States' behalf (whether or not

the officer or employee is also sued in an official capacity), a party must serve the United

States *and also serve the officer or employee* under Rule 4(e), (f), or (g)." FRCP 4(i)(3)

(emphasis added).  Rule 4(e)[3] provides for "Serving an Individual Within a Judicial

District of the United States," and provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process
>
> FRCP 4(m) provides:
>
> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's Complaint was filed on December 4, 2020.  Docket No. 1, Complaint.

As of the filing of this Motion to Dismiss, 264 days have passed, it appears, without

Plaintiff effecting personal service on ACI D'Ambrosio or former Secretary Purdue.  Smith

Dec., ¶ 6.

---

[3]     Rule 4(f) addresses serving an individual in a foreign country and Rule 4(g) addresses serving a minor or an incompetent person, neither of which likely apply here.

The plaintiff has the burden of proving sufficient service of process. *Holmes v. C.I.R.*, 13-cv-0768, 2015 WL 5714256, at *5 (W.D.N.Y. 2015) (Fashio, Mag.). "A plaintiff's *pro se* status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)." *Id.* (quoting *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013).

As a courtesy, the U.S. Attorney's Office for the Western District of New York contacted Plaintiff through correspondence dated April 16, 2021, alerting her to the service requirements under the FRCP. The correspondence also alerted Plaintiff "that former Secretary Purdue is no longer serving at the USDA. Neither the U.S. Attorney for the WDNY nor the USDA has authority to accept service of your *Bivens* complaint on his behalf." The correspondence also encouraged Plaintiff to contact the U.S. Attorney's Office to discuss the service issue, which she did not do. Smith Dec., ¶¶ 7, 8.

Absent a defendant's waiver of service of process, Rule 4 requires either that personal service be effected upon the individual defendants, or that service to effected pursuant to state law. Because no evidence exists to suggest that service was effected in accordance with either of these two methods on either ACI D'Ambrosio or former Secretary Purdue, the court lacks jurisdiction over the Federal Defendants. *Shoemaker v. United States*, 96-cv 1465, 1997 WL 96543, at *5 (S.D.N.Y. 1997); *see Green v. District Director*, 96-cv-7887, 1997 WL 362320, at *2 (S.D.N.Y. 1997) ("A court without personal jurisdiction cannot enter judgment against a *Bivens* defendant. Thus, even if the Complaint were deemed to assert a *Bivens* claim, the Court would have no jurisdiction to enter judgment against [the defendant]"); *Bernard v. United States*, 93-cv-605, 1993 WL 336953, at

*7 (S.D.N.Y. 1993) ("Service of process was insufficient because neither Agent Clifford nor Agent Fitzpatrick received a summons and complaint personally, or at their respective 'dwelling house[s] or usual place [s] of abode ....' [ ] A summons and complaint was sent to the United States Attorney's Office, but that service does not satisfy the requirements of 4(d)(1)").  Because this Court lacks jurisdiction over ACI D'Ambrosio and former Secretary Purdue pursuant to FRCP 12(b)(5), the Complaint against them must be dismissed.

### 2. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

#### a.  Standard To Dismiss Under FRCP 12(b)(6).

To survive a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint pleads a claim with facial plausibility when it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. Naked assertions without factual support do not meet the plausibility standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557); *see Vann v. City of Rochester*, No. 6:18-CV-06464, 2019 WL 2646616, at *2 (W.D.N.Y. June 27, 2019) (Telesca, J.).  In deciding a motion to dismiss under FRCP 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. J.P. Morgan Chase Co.*, 533 F.3d 187, 196 (2d Cir. 2009); *Vann v. City of Rochester*, 2019 WL 2646616, at *2.

**b. Plaintiff Fails to State a *Bivens* Claim Against Former Secretary Purdue Based on Vicarious Liability.**

To recover damages for a violation of constitutional rights under *Bivens*, a plaintiff must show the personal involvement of the defendant in the alleged constitutional deprivation. *See Johnson v. Newburgh Enlarged School District*, 239 F.3d 246, 254 (2d Cir. 2001) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)); *Jacques v. Williams*, No. 3:12-cv-1798, 2018 WL 6329390, at *3 (D. Conn. Dec. 4, 2018); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

A defendant is liable under *Bivens* only where he or she is "personally involved in the claimed constitutional violation." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009). Because vicarious liability is "inapplicable to *Bivens* ... suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The personal involvement of a defendant is a prerequisite to an award of damages for a constitutional tort. *Iqbal*, 556 U.S. at 677; *Colon v. Coughlin*, 58 F.3d at 873. In other words, "each Government official … is only liable for his … own misconduct." *Iqbal*, 556 U.S. at 677. "[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *McCoy v. Goord*, 255 F. Supp. 2d 233, 258 (S.D.N.Y. Mar. 25, 2003).

The Supreme Court instructs that because vicarious liability is inapplicable to *Bivens* suits, a plaintiff must plead that each Government-official defendant was personally

involved in the constitutional violation. *Iqbal*, 556 U.S. at 676; *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "It is well established that vague and conclusory claims of constitutional violations without any underlying factual allegations fail to state a claim upon which relief can be granted under Section 1983." *McTerrell v. Koenigsmann*, No. 1:18-CV-01028, 2019 WL 2511426, at *16 (W.D.N.Y. June 18, 2019) (Wolford, C.J.) (citing *Webster v. Fischer*, 694 F. Supp. 2d 163, 179 (N.D.N.Y. 2010)) ("Vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability." (internal citations omitted)); *Webster v. Fischer*, 694 F. Supp. 2d 163, 179 (N.D.N.Y. 2010) (same).

Here, the Complaint fails to state a claim against former Secretary Purdue. By all appearances, he was named in this action solely by virtue of his position as the head of the USDA. However, former Secretary Purdue cannot be held liable for damages in this *Bivens* action based only on his role as a supervisor. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In the Complaint, Plaintiff has not pleaded facts from which it can be reasonably inferred that former Secretary Purdue participated or was otherwise personally involved in the alleged constitutional violation. As to the former Secretary, not only has Plaintiff not stated, "enough facts to state a claim to relief that is plausible on its face," she has not stated *any* facts. *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009). As

such, Plaintiff has failed to state a claim against this Defendant and the Complaint against former Secretary Purdue should be dismissed under Rule 12(b)(6).

### c.  Plaintiff's Conclusory Allegations Are Insufficient.

The Complaint against ACI D'Ambrosio is also barebones - nothing explains what she is alleged to have done. While Plaintiff accuses ACI D'Ambrosio of interfering with Plaintiff's ability to retrieve the wild animals that Plaintiff entrusted to Thomas's care, there are no facts supplied to support these allegations. There is no explanation as to what she personally did or did not do. Similarly, there is no explanation as to how ACI D'Ambrosio had any authority in her role as an animal care inspector to compel Thomas to turnover possession of the animals in question.  The vague and conclusory Complaint as to all of the Federal Defendants is wholly insufficient.

While Plaintiff's *pro se* Complaint is to be construed somewhat liberally, "even a *pro se* complaint 'must contain specific facts supporting its conclusion.'" *Alsaifullah v. Travis*, 160 F. Supp. 2d 417, 420 (E.D.N.Y. 2001).  Plaintiff's failure to provide basic information about what ACI D'Ambrosio is alleged to have done, for example what "gossip" was shared; was it factually incorrect and, if so, how; when was the information shared and with whom; did the gossip in any way impact Thomas' obligation to return the wild animals to Plaintiff's care?  Moreover, there are no facts alleged about Plaintiff's claim that ACI D'Ambrosio failed to investigate Plaintiff's animal welfare complaints against Thomas. In the Complaint, Plaintiff acknowledges that an investigation was conducted.  But Plaintiff does not tell us in her Complaint what acts were undertaken in the investigation, the results, and how the investigation was insufficient? Plaintiff's barebones allegations are wholly insufficient

because "a civil rights complaint 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim . . . ." *Alsaifullah*, 160 F. Supp. 2d at 420. Plaintiff "must tell the Court: who violated his federally protected rights, what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief." *Peterkin v. Quick Chill Food Servs.*, 19-CV-7819, 2019 WL 4601710, at *11 (S.D.N.Y. Sept. 20, 2019). Plaintiff's failure to provide basic factual information, or in fact *any* information, here warrants dismissal.[4]

---

[4]    In fact, Plaintiff's Complaint is too vague to determine whether she even initiated her Complaint within the applicable statute of limitations.   "The statute of limitations for *Bivens* claims is governed by the statute of limitations applicable to New York state law 'personal injury claims not sounding in intentional tort.'" *Gonzalez v. Hasty*, 802 F.3d 212, 219–20 (2d Cir. 2015) (quoting *Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir. 1987)). New York Civil Practice Law and Rules ("CPLR") section 214(5) provides a three-year statute of limitations for such claims. Federal law governs the determination of when the statute of limitations begins to run. *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998). "A *Bivens* claim accrues under federal law for statute of limitations purposes when a plaintiff either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d at 220; *see Butler v. Hesch*, 286 F. Supp. 3d 337, 352 (N.D.N.Y. 2018).  Plaintiff's *Bivens* Compliant was filed on December 4, 2020.  According to the Complaint, ACI D'Ambrosio is alleged to have violated Plaintiff's constitutional rights when she encouraged Thomas to "take as many animals as possible from my center with the intent not to return them. "  Complaint, p. 7. Plaintiff alleges that in April 2017, "I boarded three animals with [Thomas] while I recovered from surgery," and thus it would appear that ACI D'Ambrosio's alleged unconstitutional actions occurred around this same time.  Complaint, p. 5.  Any allegations of constitutional deprivations by the Federal Defendants that occurred in April 2017 would fall outside of the applicable three-year statute of limitations.  Moreover, the remaining allegations are, for the most part, so insufficiently pled it is impossible to tell whether they fall within the three-year statute of limitations.  The Federal Defendants concede that the statute of limitations is an affirmative defense, and the burden is on the defendant to establish when a claim accrues. *See Gonzalez*, 651 F.3d at 322 (citing FRCP 8(c)).  However, the Federal Defendants are unable to meet this burden absent better pleading by Plaintiff.

  **d.**  **Plaintiff Has Failed to State a *Bivens* Claims.**

  Regardless of the lack of supporting factual allegations, the allegations in the Complaint do not allege a *Bivens* claim violation. "A *Bivens* action is a blunt and powerful instrument for correcting constitutional violations and not an 'automatic entitlement' associated with every governmental infraction." *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007)). *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) established a federal common law cause of action for damages caused by federal agents acting "under color of [their] authority" in violation of a claimant's Constitutional rights. *Id.*, at 389. A *Bivens* action has two elements: first, Plaintiff must show deprivation of a right secured by the Constitution and the laws of the United States; and second, Plaintiff must show that the defendant acted under color of federal law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978).

  As an initial matter, Plaintiff has failed to establish that ACI D'Ambrosio was in anyway acting under "color of federal law" with regard to Plaintiff's dispute with Thomas. Most notably, ACI D'Ambrosio did *not* seize the subject fox, fisher, and badger from Plaintiff.  According to the allegations in the Complaint, Plaintiff willingly gave Thomas the three animals to care for while she recovered from surgery.  In the Complaint, Plaintiff alleges that Thomas, not ACI D'Ambrosio, refused to return the animals to her care.  Even accepting Plaintiff's factually unsupported allegation that ACI D'Ambrosio encouraged Thomas to retain the animals, the Complaint does not allege that ACI D'Ambrosio used any authority granted to her under federal law to forbid Thomas from returning the animals.

As such, Plaintiff has failed to allege that ACI D'Ambrosio violated her Fourth Amendment rights by seizing the animals under color of federal law.

Moreover, Plaintiff failed to allege that she was deprived of a right secured by the Constitution.  In *Bivens*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's Constitutional rights." *Gonzalez v. Hasty*, 269 F. Supp. 3d 45 (E.D.N.Y. 2017) (quoting *McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016)). *Bivens* does not provide a right to relief for any Constitutional claim. Instead, "[a] *Bivens* remedy thus far is possible only under three Constitutional provisions; the Fourth Amendment, the Fifth Amendment, and the Eighth Amendment. *See Bivens*, 403 U.S. at 389, 397 (recognizing a private right of action under the Fourth Amendment against FBI agents for an unreasonable search and seizure claim when the defendant agents handcuffed a man in his home without a warrant); *Davis v. Passman*, 442 U.S. 228 (1979) (recognizing a *Bivens* claim under the Fifth Amendment's Due Process Clause for gender discrimination when a congressman fired his female secretary); *Carlson v. Green*, 446 U.S. 14 (1980) (recognizing a *Bivens* claim under the Eighth Amendment's prohibition against cruel and unusual punishment when prison officials failed to treat an inmate's asthma, resulting in the inmate's death). Beyond these three specific claims, however, courts should not imply rights and remedies under *Bivens*." *Sabir v. Williams*, 2020 WL 3489522, at *4 (D. Conn. June 26, 2020). In 2017, the Supreme Court noted in *Ziglar v. Abbasi* that "expanding the *Bivens* remedy is now a "disfavored judicial activity" such that the Court "has consistently refused to extend *Bivens* to any new context or new category of defendants" over the past thirty years. 137 S. Ct. 1843, 1857 (2017). The first question a court should consider when evaluating a *Bivens* claim post-*Abbasi* is whether the relief sought

would expand the *Bivens* remedy to a new context or category of defendants. *Id.*, at 1859, 1864. Moreover, "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id.*, at 1859. There can be no question here that Plaintiff's purported *Bivens* claim— interference in the possession of wild animals or for an investigation into a third party — are new contexts. Clearly, her claims are wholly dissimilar from getting handcuffed during a search, getting fired based on gender discrimination, and failing to get medical treatment.

Finally, courts have not recognized a property interest in wild animals. In a case involving a Fifth Amendment "takings" claim regarding governmental regulation of the private possession of wild animals, the District Court found that plaintiffs have only a limited property interest in their exotic animals or dangerous wild animals such that a fundamental Constitutional right is not implicated. *Wilkins v. Daniels*, 913 F. Supp. 2d 517, 536 (S.D. Ohio 2012), *aff'd*, 744 F.3d 409 (6th Cir. 2014). "Plaintiffs have a limited property interest in their exotic animals or dangerous wild animals (as described in the Act), such that a fundamental Constitutional right is not implicated*." Id.,* at 536; *see Hetrick v. Ohio Dept. of Agriculture*, 81 N.E.3d 980, 995 (Ohio App. 10 Dist. 2017) (plaintiff "has a limited property interest in his dangerous wild animals, but his ownership of his animals does not rise to the level of a constitutionally fundamental property interest."). Admittedly, situations where a law enforcement officer kills a domesticated pet without justification have implicated a Fourth Amendment violation. *See Anniskiewicz v. City of Rochester*, 20-cv-6629, 2021 WL 1699731, at *5 (W.D.N.Y. 2021) (Geraci, J). However, even if such a claim were to survive a post-*Abassi* analysis, those facts are clearly not present here.

Also, Plaintiff's allegation that her due process rights were violated based on her inability to achieve a law enforcement investigation into Thomas does not state a *Bivens* claim. "[T]here is no constitutional right to an investigation by government officials." *Adamczyk v. Annucci*, 16-cv-239, 2019 WL 6123746, at *2 (W.D.N.Y., 2019) (Vilardo, J.); *see White v. Darrant*, 21-cv-189, 2021 WL 1341802, at *4 (D. Conn. 2021); *Brown v. Volpe*, No. 15-cv-9004, 2017 WL 985895, at *4 (S.D.N.Y. Mar. 13, 2017); *Banks v. Annucci*, 48 F. Supp. 3d 394, 414 (N.D.N.Y. 2014). "There is ... no constitutional right to an investigation by government officials, and no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004) (Larimer, J.) (citations and internal quotation marks omitted)).

**e. The Relief Sought in the Complaint is Not Available Under *Bivens*.**

Plaintiff purports to sue ACI D'Ambrosio and former Secretary Purdue in both their individual and official capacities under *Bivens* and to seek equitable relief, i.e., an order that the Federal Defendants stop doing the wrongdoing alleged in the Complaint and be fired and forever barred from public service. There are two problems here.

First, Plaintiff cannot sue the Federal Defendants under *Bivens* in their official capacities because a *Bivens* claim is solely for relief against a defendant in his or her individual capacity. *Kantipuly v. United States,* No. 12–cv–932, 2014 WL 7177875, at *3 (W.D.N.Y. Dec. 16, 2014) (Arcara, J.) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."); *Young v. Tryon,* 12–cv–6251, 2013 WL 1289498, at *7 n.7 (W.D.N.Y. 2013) (Payson, Mag.) ("Suits

against federal employees in their official capacity are the equivalent of suits against the United States and thus are barred by the doctrine of sovereign immunity. Accordingly, any *Bivens* claim against [defendant] in her official capacity is dismissed for lack of jurisdiction."), *adopted by* 2013 WL 2471543 (W.D.N.Y. June 7, 2013). Plaintiff's demand for relief would require ACI D'Ambrosio or former Secretary Purdue to take affirmative acts that can be conducted in only their official capacities. For example, Plaintiff demands that ACI D'Ambrosio or the USDA conduct an investigation of Thomas. Such investigations are not something ACI D'Ambrosio can perform in her personal capacity. Her authority to conduct inspections under the AWA and "consider termination of [Thomas'] federal Exhibitor's License" (Complaint, p. 11) are intrinsically linked to her ability to act in her official capacity as a USDA employee.[5] Likewise, Plaintiff's demand that ACI D'Ambrosio be fired from her position with the USDA is not an action that former Secretary Purdue, or for that matter a USDA supervisor, can accomplish in his personal capacity. This is clearly borne out by the fact that he is no longer Secretary and has no capacity at this time to hire or fire any USDA employee. As such, Plaintiff cannot achieve the equitable relief sought here against ACI D'Ambrosio or former Secretary Purdue in their individual capacities. *See Lipscomb v. Fed. Bureau of Prisons Otisville Fed. Correctional Institutions*, 14-cv-6562, 2017 WL 3267732, at *6 (S.D.N.Y. July 28, 2017) ("injunctive claims . . . are only properly asserted against the individual Defendants in their official

---

[5]        In fact, ACI D'Ambrosio, as an Animal Care Inspector, inspects AWA licensees to ensure their animals are being treated humanely. APHIS operates a separate program– Investigative and Enforcement Services ("IES") – which conducts investigations. As such, ACI D'Ambrosio does not have authority to "investigate" Thomas in her official capacity either.

capacity."). Accordingly, Plaintiff's claim against the Federal Defendants in their individual capacities which only seeks equitable relief should be dismissed. *Id.*

Inversely, a *Bivens* remedy is limited to *only* monetary relief against a defendant. A *Bivens* plaintiff cannot seek equitable relief. *Kabba v. United States*, 20-cv-237, 2021 WL 2917680, at *8 (W.D.N.Y. July 12, 2021) (Fashio, Mag.) ("Because a remedy under *Bivens* is limited to monetary relief, *see Polanco v. U.S. Drug Enforcement Admin*., 158 F.3d 647, 650 (2d Cir. 1998) (holding that the district court erred in construing a complaint seeking equitable relief, rather than monetary damages, as asserting a *Bivens* action), Plaintiff cannot obtain such equitable relief."). Plaintiff's claim for equitable relief under *Bivens* against the Federal Defendants is unavailable and this Court lacks jurisdiction to consider it. *Kantipuly*, 2014 WL 7177875, at *9 ("the Court lacks subject matter jurisdiction over any attempt by plaintiff to assert a *Bivens* claim against the United States or its employees in their official capacities, or to seek any remedy under *Bivens* other than monetary damages."). Here, Plaintiff does not seek monetary relief.

In short, "[t]here are two fundamental hurdles the Plaintiff simply cannot overcome in pursuing [her] *Bivens* action. First, equitable relief, which is the only relief sought in the Complaint, cannot be obtained against officials in their individual capacities. Even more problematic for the Plaintiff is the fact that [she] seeks only equitable relief, not money damages, and a *Bivens* action is 'by definition a claim for money damages. . . .' Clearly, the Complaint fails to state a claim as a *Bivens* action. . . . 'Because the relief sought by [the Plaintiff] is unavailable as a matter of law, the case must be dismissed.'" *Wall v. United States DOJ*, 09-cv-1066, 2010 WL 4923736, at *6 (D. Conn. Nov. 29, 2010).

**f.    ACI D'Ambrosio is Entitled to Qualified Immunity.**

This Court should also dismiss Plaintiff's claim because ACI D'Ambrosio is entitled to qualified immunity. A government official is entitled to qualified immunity from liability when his or her allegedly unlawful conduct did not violate the plaintiff's statutory or constitutional rights which (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also African Trade & Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355, 359 (2d Cir. 2002) (qualified immunity shields government officials from lawsuits for "conduct [that] does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"). A government official is entitled to qualified immunity in "[a]ll but the most exceptional cases" because qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Francis v. Fiacco*, 942 F.3d 126, 146 (2d Cir. 2019).

"Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or . . . Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Zia Trust Co. v. Montoya*, 597 F.3d 1150, 1155 (10th Cir. 2010); *see also Young v. County of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998) ("In deciding whether a right was clearly established, we ask: (1) Was the law defined with reasonable clarity? (2) Had the Supreme Court or the Second Circuit affirmed the rule? and (3) Would a reasonable defendant have understood from the existing law that the conduct was unlawful? Typically, this Court puts significant weight on whether or not the law was governed by controlling precedent of this Circuit.").

Here, Plaintiff cannot show that ACI D'Ambrosio violated a "clearly established right" because, as set forth above, there is no clear constitutional right to possess or recognized property interest in wild animals, nor is there a constitutional right to a governmental investigation. *Supra*, at 17-18. This Court should similarly grant ACI D'Ambrosio's motion to dismiss because she is entitled to qualified immunity.

### g.   Plaintiff Cannot Bring a *Bivens* Claim Against the USDA.

In *Federal Deposit Ins. Corp. v. Meyer*, 114 S.Ct. 996, 998, 510 U.S. 471, 472 (1994), the Supreme Court held that a "*Bivens* cause of action cannot be implied directly against" a federal agency. "The logic of *Bivens* itself does not support the extension of *Bivens* from federal agents to federal agencies." *Id*. As such, Plaintiff's *Bivens* claim against the USDA must be dismissed.

### h.   Plaintiff's FOIA Claim Must Be Dismissed for Lack of Jurisdiction.

In the event this Court construes Plaintiff's statement in her Complaint, - "[t]he USDA was dishonest with me in regard to one of my foia requests " - as raising a claim under the Freedom of Information Act, the claim should be dismissed for lack of District Court jurisdiction. *See* Complaint, p. 11.

FOIA provides that request denials may be appealed to the heads of agencies, 5 U.S.C. § 552(a)(6)(A)(i), and requesters are required to exhaust this administrative remedy before turning to litigation—although they may be deemed to have exhausted constructively if the agency fails to make a timely response to the initial request. *See Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 8 (2d Cir. 1995); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (providing that agencies shall respond to FOIA requests within twenty working days). According to the

allegations in the Complaint, Plaintiff apparently received a response to her FOIA request, although she alleges the response was lacking.  Regardless, Plaintiff does not allege that she brought an administrative appeal from USDA's FOIA response before filing her present Complaint.  Therefore, having failed to allege that she has exhausted her administrative remedies, the Court lacks jurisdiction over this claim as well.  *See Robert v. Department of Justice*, 193 F. App'x  8, 9 (2d Cir. 2006)

## IV.   <u>CONCLUSION</u>

For the reasons stated above, Defendant United States of America respectfully requests this Court grant its Motion to Dismiss this *pro se* action against the Federal Defendants before the District Court in its entirety, and for such other and further relief as the Court deems just and proper.

DATED:      Rochester, New York,
            August 26, 2021

                                    JAMES P. KENNEDY, JR.
                                    United States Attorney


                    BY:    s/KATHRYN L. SMITH
                           Assistant United States Attorney
                           Western District of New York
                           100 State Street, 5th Floor
                           Rochester, New York 14614
                           585-399-3961
                           Kathryn.L.Smith@usdoj.gov