IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carrie M. Leo,<br>Plaintiff,<br><br>- v -<br><br>New York State Department of Environmental Conservation & the United States Department of Agriculture and the following INDIVIDUALS, in their individual and official capacities: BASIL SEGGOS - Commissioner, WILLIAM POWELL - Lieutenant/Captain, DEC Division of Law Enforcement; JOSEPH THERRIEN - Director, DEC Special Licenses Unit, The United States Department of Agriculture("USDA"), United States Department of Agriculture's Animal & Plant Inspection Service ("APHIS"), ANDREA D'AMBROSIO - USDA Animal Care Inspector, and John/Jane Does #2-15,<br><br>Defendants. | Civil Action No.   6:2020cv07039 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, a Pro Se party, files the instant response in opposition to the Defendant's *Motion to Dismiss* the Complaint specific to Defendants: The United States Department of Agriculture; Sonny Perdue; and Andrea D'Ambrosio, and says as follows:

1. Defendants' Motion requires a tedious and unnecessary use of the Court's time and attention. However, to quickly get to the heart of the matter, the Plaintiff concedes that former Secretary of Agriculture, Sonny Perdue, should be dismissed.

**SERVICE OF PROCESS ACCOMPLISHED PER CT ORDER**

2. The Movants acknowledged that Defendant Andrea D'Ambrosio is an agent/employee of the United States Department of Agriculture, to wit, an animal care inspector (ACI) in their initial introductory paragraph of their Motion. The other Movant is the United States Department of Agriculture. By docket entry #20, dated April 8, 2021, the Court ordered the Clerk of Courts to serve the U.S. Department of Agriculture and provided the

1

instructions/address for same just above U.S. District Judge Geraci's executed signature.

- The United States Department of Agriculture,
  1400 Independence Ave., S.W., Washington, D.C. 20250

3. It is one thing to pretend to be unaware that a litigant/plaintiff is trying to effect service of process, but it is quite another thing to be counsel for the Movants who would reasonably understand and know that overt efforts on the part of the Plaintiff, the Court (via its published order, (DE-#20), and the Clerk of Courts through "certified mail" have duly undertaken combined diligent efforts.

4. This time-consuming tedious chore is compounded by and through the awareness of opposing counsel as Docket Entry #20, the Order, (**See Exhibit 1**), is directed to them as the United States Attorney for the Western District of New York. Same process and means, via certified mail from the U.S. Clerk of Courts, so they are aware of this fact.

5. Even more baffling to this whole matter is the letter dated April 16, 2021, from Counsel for the Movants, Kathryn Smith, Esquire, directed and addressed to the undersigned (**See Exhibit 2**). This letter is Ms. Smith's supposed help to the undersigned towards the proper service of process on the United States Department of Agriculture. Page two (2) of Ms. Smith's letter instructs the undersigned with a cut/paste copy of Rule 4 of the Federal Rules of Civ. Pro., as it concerns serving the United States by serving the Attorney General of the United States. Ms. Smith's instruction as per **Exhibit 2** was already followed/executed by the U.S. Clerk of Courts as per the Order of April 8, 2021.

6. Forging ahead, we are all called upon to look past the appearance and Motion to Dismiss as filed by these Movants from the Attorneys who these documents were intended for and served upon by the U.S. Clerk of Courts. If we agree that U.S. Attorneys are already involved and that Ms. D'Ambrosio's employer, Defendant The United States Department of Agriculture, has already been duly served by the U.S. Clerk of Courts, then

simultaneously service for Defendant D'Ambrosio has occurred at her actual place of business. For the sake of arguendo, Attorneys for these Movants, who appear to be proceeding on behalf of Defendant D'Ambrosio and seeking relief by way of a dismissal on her behalf, could easily provide a home address for her, or an alternative business address for her. Moreover, the Plaintiff should receive the benefit of valid service by serving Defendant D'Ambrosio at her actual place of business, the US Department of Agriculture as per the address and directions in Court order Docket Entry #20, because such a ruling would be consistent with Rule 308 of the New York State Rules of Civil Procedure which states:

> *by delivering the summons within the state to a person of suitable age and discretion **at the actual place of business**, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence **or by mailing the summons by first class mail to the person to be served** at his or her actual place of business*

II. **SUFFICIENCY OF THE COMPLAINT: BIVENS ALLEGATIONS**

7. Pro se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); *Then v. I.N.S.*, 58

F.Supp.2d 422, 429 (D.N.J. 1999).

The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); *Poling v. K. Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

8. The undersigned's Complaint is replete with all the actions, conduct, and unlawful use of power under color of State and Federal law used by Defendant D'Ambrosio and the United States Department of Agriculture. Allegations of this kind can be found in Docket Entry #1, the Complaint, at specifically pg. 5; see pg. 7; and see pg. 11:

> *I have also become aware of Lt. Powell, Joe Therrien, James Farquhar, **Andrea D'Ambrosio** and Tonya Hadijis (the former two from the DEC and the latter two from the USDA) acting against my interests and rights secretly by protecting the person who still has possession of my animals*

> *The United States Department of Agriculture Animal Care Inspector, **Andrea D'Ambrosio**, encouraged my colleague to take as many animals as possible from my center with the intent not to return them. She also suggested a lien or agister's lien for the return of my animals. This denies due process rights as well as aid the commission of fraud and possibly other torts*

> *For instance, 1was cited by **D'Ambrosio** for not arranging for a person to clean the animal enclosures daily when 1was out of state for three days. Yet, when I did exactly that during my surgery in April 2017, she intervened and told the colleague who stole my animals that he should take as many animals as he can without the intention of ever returning them. The USDA should not have an inspector telling a licensee one thing then acting against her when she follows the inspector's instruction **to avoid a similar citation under similar circumstances in the future.***

4

9. Quick edification shows the presence of these necessary allegations in the Complaint. This is not the time to evaluate the evidence. For these reasons, the Court should allow the dismissal of Defendant Sonny Purdue but **DENY** the remainder of Movants' *Motion to Dismiss* the Complaint.

Date: <u>September 13, 2021</u>                    *s/ Carrie M. Leo*
                                                                         _____
                                                                         Carrie M. Leo, *Plaintiff pro se*

## CERTIFICATE OF SERVICE

I, the undersigned pro se party, affirm and certify that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was served this 13th day of September 2021 on **KATHRYN L. SMITH**, Assistant United States Attorney for the Western District of New York at her office via USPS First Class Mail and also by email listed below as well as **MICHELE ROMANCE-CRAIN** also via USPS First Class Mail and email as listed below.

**JAMES P. KENNEDY, JR.**
United States Attorney
**KATHRYN L. SMITH**
Assistant United States Attorney
Western District of New York
100 State Street, 5th Floor
Rochester, New York 14614
(585) 263-6760
Kathryn.L.Smith@usdoj.gov

**LETICIA A. JAMES**
New York State Attorney General's Office
**MICHELE ROMANCE-CRAIN**
Assistant Attorney General
144 Exchange Blvd.
Rochester, New York 14614
(696) 327-3223
Michele.Crain@ag.ny.gov

*s/ Carrie M. Leo*
_____
Carrie M. Leo, Plaintiff pro se
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com