**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**



Carrie M. Leo,
Plaintiff,

- v -

New York State Department of Environmental
Conservation & the United States Department of
Agriculture and the following INDIVIDUALS, in
their individual and official capacities: BASIL
SEGGOS - Commissioner, WILLIAM POWELL -
Lieutenant/ Captain, DEC Division of Law
Enforcement; KEVIN THOMAS – Officer, DEC
Division of Law Enforcement, JOSEPH THERRIEN -
Director, DEC Special Licenses Unit, The United
States Department of Agriculture("USDA"), United
States Department of Agriculture's Animal & Plant
Inspection   Service   ("APHIS"),   ANDREA
D'AMBROSIO - USDA Animal Care Inspector, and
John/Jane Does #2-15,

Defendants.

Civil Action No.  6:2020-cv-07039-FPG

## PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff, pro se, and on her own, files the above-entitled Motion and moves as follows:

1. The Plaintiff filed a Complaint taken largely off the Clerk of Court's online "fill-in-the-blank" form documents. In defending against the Defendant's Motion to Dismiss the Complaint, it seemed plausible and sensible to allege matters more succinctly. The Plaintiff would like the opportunity to shorten the Complaint's length, sticking closer to the "Four Points" test concerning sufficiency.

2.  Additionally, the Plaintiff would like to include a request for this Court to issue a Writ of Prohibition as well as a Writ of Mandamus against two of the presently named

Defendants.  The request for the writs is consistent with the issues and matters already been

addressed in the instant action.

**28 U.S.C. § 1651 - U.S. Code: Writs**

> *The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.*

3. Plaintiff intends to amend the Complaint seeking a Writ of Prohibition directed to the

New York State Department of Environmental Conservation, {"NYS-DEC"} prohibiting it

from the enforcement of Rule 6 NYCRR 180.1 (New York Comp. Codes R. & Regs. Tit.

6 §180.6). This New York State administrative rule and regulation equates private

property with state property thereby making it immediately subject to seizure, taking,

confiscation, and attachment under the same conditions under which state property or

public property could be seized (exotic animals v state-managed wildlife). Second, it is

unnecessarily restrictive, and not proven by the State to be scientifically credible backed

by researched support as it "blanket prohibits" existing and former exotic animal owners,

zoos, and breeders that were lawfully allowed to have ownership and/or possession of

various exotic animals quickly and systematically prohibited from same despite a lengthy

business and/or personal history long pre-dating this newly acted regulation/rule. Third,

the Rule and the means/procedures for getting it passed, cited to irrelevant data

concerning the State of New York State or false information about the danger exotic

animals pose to the public and those who care for the animals.  When doing research with

the resources offered online by the CDC, it was determined that 0% of people experience

fatal attacks from exotic and wildlife together annually.  Discontinuing the enforcement

2

of a state law regulation whose existence and enforcement causes the deprivation of federal

rights is a proper writ to request.

4. Plaintiff seeks a Writ of Mandamus or similar writ issued as authorized by 28 USC

Section 1651 (a) to direct Co-Defendants, the United States Department of Agriculture

and the New York State Department of Environmental Conservation to prosecute a person

whom it has unfettered proof violated many of the very same if not worse infractions and

breaches of which they cited to as their legal basis for depriving me of my property rights

and/or exotic animals under color of State and/or Federal law.

## THE LEGAL STANDARD RE MOTIONS FOR LEAVE TO AMEND COMPLAINT

5.  Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P.

15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the

absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs.*

*Gas Holding Co. v. Bank of Am.*, N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block

988 F.2d at 350 ).  A litigant may be "prejudiced" within the meaning of the rule if the

new claim would: "(i) require the opponent to expend significant additional resources to

conduct discovery and prepare for trial; (ii) significantly delay the resolution of the

dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

"*Block*, 988 F.2d at 350. However, "[m]*ere delay, ... absent a showing of bad faith or*

*undue prejudice, does not provide a basis for a district court to deny the right to amend.*"

Id. (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Nor

can complaints of "*the time, effort, and money ... expended in litigating* [the] *matter,*"

without more, constitute prejudice sufficient to warrant denial of leave to amend.

*Pasternack v. Shrader, 863 F.3d 162 (2nd Cir. 2017)*

6. The Plaintiff's attached Proposed Amended Complaint (**Exhibit 1**) must be entirely

"redlined" as it is a complete and total reconstruct of the original Complaint.  Because the

proposed Amended Complaint is a total/absolute re-work in every way, its former and

original self is attached as **Exhibit 2** for the Court's edification.  Because all of the present

matters remain the same, viable causes of action that do sound in federal violations, the

Plaintiff is trying to better define and qualify the relief being sought, as a failure to do so

could be waiver and/or relinquishment of otherwise available remedies.

## CERTIFICATE OF SERVICE

I, the undersigned pro se litigant, affirm and certify that a true and correct copy of the foregoing
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT was served on each Defendant
by way of their counsel of record, in accordance with the Federal Rules of Civil Procedure by the
United States Postal Service on this 25th day of October 2021. On October 25, 2021, the foregoing
was also electronically mailed to both Defendants as well. Both the physical and electronic mailing
addresses used are listed below.

**JAMES P. KENNEDY, JR.**
United States Attorney
**KATHRYN L. SMITH**
Assistant United States Attorney
Western District of New York 100
State Street, 5th Floor Rochester,
New York 14614 (585) 263-6760
Kathryn.L.Smith@usdoj.gov

**LETICIA A. JAMES**
New York State Attorney General's Office
**MICHELE ROMANCE-CRAIN**
Assistant Attorney General
144 Exchange Blvd.
Rochester, New York 14614
(696) 327-3223
Michele.Crain@ag.ny.gov

Carrie M. Leo, *Plaintiff pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carrie M. Leo,<br>Plaintiff, | |
| - v - | |
| New York State Department of Environmental Conservation & the United States Department of Agriculture and the following INDIVIDUALS, in their individual and official capacities: BASIL SEGGOS - Commissioner, WILLIAM POWELL - Lieutenant/ Captain, DEC Division of Law Enforcement; KEVIN THOMAS – Officer, DEC Division of Law Enforcement, JOSEPH THERRIEN - Director, DEC Special Licenses Unit, The United States Department of Agriculture("USDA"), United States Department of Agriculture's Animal & Plant Inspection Service ("APHIS"), ANDREA D'AMBROSIO - USDA Animal Care Inspector, and John/Jane Does #2-15,<br><br>Defendants. | Civil Action No.   6:2020cv07039 |

**FIRST AMENDED COMPLAINT-SECTION 1983 AND BIVENS ACTIONS**

Plaintiff, a Pro Se party, files the instant First Amended Complaint against all named Defendants, to wit, the New York State Department of Environmental Conservation, hereinafter, {"NYS-DEC"}; William Powell, hereinafter, {"Powell"}; Kevin Thomas, hereinafter {"Thomas"}; Joseph Therrien, hereinafter {"Therrien"}; the United States Department of Agriculture, hereinafter, {USDA"}; and Andrea D'Ambrosio, hereinafter, {"D'Ambrosio"}, and says as follows:

**JURISDICTION AND VENUE**

1. The actions giving rise to the constitutional violation suffered by the Plaintiff at the hands of the named Defendants originated in Walworth, New York where all named Defendants exercised official authority and their own individual actions against the Plaintiff to cause her harm.

1

2.  The U.S. District Court has original jurisdiction of all federal creatures of statute including the instant 42 U.S.C. §1983, and its derivative Bivens' cause of action pertaining to the individual actions of State and Federal employees, agents, and directors.

## ALLEGATIONS COMMON TO ALL COUNTS AND CLAIMS

3.  The Plaintiff, is an exotic animal collector, exhibitor, breeder, and has always had a personal, business, and sincere interest in the beauty, wonder, and lives of exotic, different, and rare animals and it was in this regard that Defendant Powell, and officer/employee of Defendant, the New York State Department of Environmental Conservation NYS-DEC had an acrimonious conversation on the phone with the Plaintiff on or about November 7, 2015, and from this conversation all of the resulting constitutional violations to deprive the undersigned of her licenses, animals, livelihood, and constitutional rights followed.

4. From November 7, 2015, up to and through the present, the individually named Defendants only had the ability to access, interact, and cause the undersigned Plaintiff harm, wrongful property deprivations, and commit constitutional violations by virtue of their governmental employment be it with the State of New York or the Federal Government, yet these actions officially and individually are also attributed to the two (2) named government entity defendants, the United States Department of Agriculture and the NYS-DEC.

**COUNT 1:    SECTION 1983 CLAIM AGAINST DEFENDANT THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION**

5.  Plaintiff realleges and full reincorporates all preceding paragraphs for the sake of efficiency and economy.

6. Defendant NYS-DEC, through its agents and employees, Powell, Thomas, and Therrien, in their official capacity to exercise their power and authority by and through color of State law did wrongfully deprive the Plaintiff of her property without due process, and did further engage in a

plethora of actions including their disparate, arbitrary, and nonsensical manner of enforcing, disciplining, and using rules, policies, and regulations to inflict harm and injury against the Plaintiff including but not limited to administrative citations; property/animal, seizures, deprivation of licensure under false pretense; and additional "Special" administrative burdens thrust upon the Plaintiff by these government agents/employees to comply with such mandates that were not demanded of similarly situation like persons, i.e., discriminatory discipline.

7.  This Defendant's action(s) have been the legal cause, contributed to, and/or been the proximate cause of the constitutional violations the Plaintiff has endured from November 2015 all the way through to present day, and such injuries and damages include compensatory damages, attorney's fees, costs, and the actual loss of business income from the Defendant's seizure of animals, licenses, and intentionally setting actions into motion against the Plaintiff to cause third parties to regard the Plaintiff in a negative, odious, way with a campaign of ongoing libel, slander, innuendos, and other defamatory actions that have amounted to legal conspiracy.

   **WHEREFORE**, Plaintiff demands a jury trial against the Defendant the New York State Department of Environmental Conservation for all of the constitutional violations this Defendant did commit against her as alleged *supra*, and all damages sustained due to such unconstitutional actions including all equitable relief available to the Plaintiff by the Court's inherent powers, attorney's fees, and all taxable costs.

## COUNT II:   SECTION 1983 AND BIVEN CLAIM AGAINST DEFENDANT WILLIAM POWELL

8.  For the sake of brevity, efficiency and economy, the Plaintiff repeats and fully reincorporates paragraphs 1-4

9.  Defendant Powell was an employee of the Co-Defendant NYS-DEC during all relevant times when in his official employment capacity under color of New York State and/or federal law/rule

and was also acting in his own individual capacity with regard to actions against the Plaintiff that were clear violations of Plaintiff's constitutional rights.

10. From November of 2017 through to present, Powell whose title was Lieutenant and then Captain, used his power to impose civil administrative punishments on my family and continuedto constantly threaten tens of thousands of dollars of future and/or impending fines/sanctions to intimidate the undersigned Plaintiff and my family, in addition to widely making it known around my town, village, and city, throughout the local officials and citizenry that he intended tobe such an unrelenting burden that he would close my farm, business, and force me out of town.

11. Through the above-described actions, Defendant Powell was able to discredit me with allegations, accusations, fines, administrative citations, and the unrelenting and nonstop disparaging information that he spread and proliferated around my community to characterize me, my farm, my business, and my actions concerning these personal and business interests as something inappropriate, immoral, odious, and used his position/employment to unduly influence local township/city officials to further his efforts against the Plaintiff in ways that constituted aiding and abetting others to harm me as well as actions that amounted to conspiracy.

12. Defendant did obtain access and means to me through his employment, under color of State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though his own individual and willful actions that caused the Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant POWELL for all of the constitutional violations and resulting damages/injuries this Defendant did commit against the Plaintiff as alleged *supra.*

**COUNT III: SECTION 1983 AND BIVEN CLAIM AGAINSTDEFENDANT KEVIN
  THOMAS**

13.  Plaintiff fully repeats and reincorporates paragraphs 1-4.

14.  From November of 2017 through to present, Defendant Thomas whose title was "Officer"
used his power in tandem with Defendants Powell and Therrien to impose civil administrative
punishments on me and my family and continued to constantly threaten tens of thousands of
dollars of future and/or impending fines/sanctions to intimidate the undersigned Plaintiff and my
family, in addition to widely making it known around my town, village, and city, throughout the
local officials and citizenry that he intended to be such an unrelenting burden that he would close
my farm, business, and force me out of town.

15.  Through the above-described actions, Defendant Thomas was able to discredit me with
allegations, accusations, fines, administrative citations, and the unrelenting and nonstop
disparaging information that he spread and proliferated around my community to characterize me,
my farm, my business, and my actions concerning these personal and business interests as
something inappropriate, immoral, odious, and used his position/employment to unduly influence
local township/city officials to further his efforts against the Plaintiff in ways that constituted
aiding and abetting others to harm me as well as actions that amounted to conspiracy.

16.  Defendant did obtain access and means to me through his employment, under color of State
law, but continued to place burdens, disproportionate treatment, and legal disparities upon the
undersigned Plaintiff by and though his own individual and willful actions that caused the
Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental
distress, inconvenience, attorney's fees, and costs.

      **WHEREFORE**, Plaintiff demands a jury trial against the Defendant THOMAS for all of
the constitutional violations and damages caused by this Defendant's own willful and knowing

individual actions and as such committed by this Defendant against the Plaintiff as alleged *supra*.

**COUNT IV: SECTION 1983 AND BIVEN CLAIM AGAINSTDEFENDANT JOSEPH THERRIEN**

17. Plaintiff fully repeats and reincorporates paragraphs 1-4.

18. From November of 2017 through to present, Defendant Therrien whose title was the "Director of Special Licenses Unit" used his power in tandem with Defendants Powell, Defendant Thomas, as well as with Defendant USDA and Defendant D'Ambrosio to impose civil administrative burdens, compliance rituals, and other requirements hardly and/or rarely utilized and/or used by his office in overseeing and monitoring license compliance for owning, possessing, and maintaining exotic animals as per State and Federal standards/laws, and therefore his actions were disparate; were not uniformly being applied, and was the legal and proximate cause of the constitutional violations suffered by the Plaintiff as these actions were done, caused, and set into motion by Defendant Therrien by his own individual actions.

19. Defendant did obtain access and means to the undersigned Plaintiff through his employment, under color of State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though his own individual willful actions that caused the Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant THERRIEN for all the constitutional violations and damages as alleged caused by this Defendant against Plaintiff.

**COUNT V:   SECTION 1983 CLAIM AGAINST DEFENDANT THE UNITED STATES DEPARTMENT OF AGRICULTURE**

20. Plaintiff fully repeats and reincorporates paragraphs 1-4 as if fully repeated.

21. Defendant the USDA, through its agents and employees, largely through Co-Defendant

Andrea D'Ambrosio, but also with the help and knowing cooperation of the other named Co-Defendants through their titles, offices, and through color of federal law exercised its power and authority wrongfully, and in violation of her constitutional rights to deprive the Plaintiff of her property without due process, and did further engage in a plethora of actions including their disparate, arbitrary, and nonsensical manner of enforcing, disciplining, and using rules, policies, and regulations to inflict harm and injury against the Plaintiff including but not limited to administrative citations; property/animal seizures, deprivation of licensure under false pretense; and additional "Special" administrative burdens thrust upon the Plaintiff by these government agents/employees to comply with such mandates that were not demanded of similarly situation like persons, i.e., discriminatory discipline.

22. This Defendant's action(s) have been the legal cause, contributed to, and/or been the proximate cause of the constitutional violations the Plaintiff has endured from November 2015 all the way through to present day, and such injuries and damages include compensatory damages, attorney's fees, costs, and the actual loss of business income from the Defendant's seizure of animals, licenses, and intentionally setting actions into motion against the Plaintiff to cause third parties to regard the Plaintiff in a negative, odious, way with a campaign of ongoing libel, slander, innuendos, and other defamatory actions that have amounted to legal conspiracy caused by this Defendant's individual willful actions.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant the United States Department of Agriculture for all of the constitutional violations this Defendant did commit against her as alleged *supra,* and for all damages as also alleged including relief in equity as the Court may have as additional relief including attorney's fees and costs.

## COUNT VI: SECTION 1983 AND BIVEN CLAIM AGAINST DEFENDANT ANDREA D'AMBROSIO

23.  Plaintiff repeats and fully reincorporates paragraphs 1-4.

24.  From November of 2017 through to present, Defendant D'Ambrosio whose title was "Animal Care Inspector" used her power in tandem with all of the other Co-Defendants to impose civil administrative burdens, compliance rituals, and other requirements hardly and/or rarely utilized and/or used by his office in overseeing and monitoring license compliance concerning the public and/or a citizen's desire to properly and lawfully own, possess, and maintain, and/or exhibit exotic animals as per State and Federal standards/laws, and therefore heractions were disparate; were not uniformly being applied/administered, and was the legal and/or proximate and/or concurring cause of the constitutional violations suffered by the Plaintiff as these actions were done, caused, and set into motion by Defendant D'Ambrosio by her own individual actions.

25.  Defendant did obtain access and means to the undersigned through his employment, under color of Federal and complimentary State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though her own willful individual actions that caused the Plaintiff's injuries and damages that amounted to aiding and abetting third persons and individuals to feel empowered to withhold the undersigned Plaintiff's property based upon the stated wishes, and verbal assurances/authorizations from Defendant D'Ambrosio consenting to such conspiratorial behavior, conduct, and actions, and as such did cause compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant D'AMBROSIO for all of the constitutional violations and damages as alleged supra caused by this Defendant againstPlaintiff.

## CLAIM 2- REQUESTS FOR WRITS PURSUANT TO 28 USC SECTION 1651(A)

## COUNT VII:  WRIT OF PROHIBITION DIRECTED TO THE NEW YORKSTATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION

26. Plaintiff, styled for this specific purpose as In Re Carrie M. Leo repeats and fully reincorporates paragraphs 1-4.

27. The New York State Department of Environmental Conservation, {"NYS-DEC"} should henceforth be prohibited from the enforcement of Rule 6 NYCRR 180.1 (New York Comp. Codes R. & Regs. Tit. 6 §180.6). This New York State administrative rule and regulation equates private personal property with state property thereby making it immediately subject to seizure, taking, confiscation, and attachment under the same conditions under which state property or public property could be seized (exotic animals v state-managed wildlife) by this State agency. This ordinance/rule is unnecessarily restrictive and was not proven by the State to be scientifically credible or backed by peer-review research as its support. It "blanket prohibits" existing and former exotic animal owners, zoos, and breeders that were heretofore lawfully allowed to have ownership and/or possession of various exotic animals, quickly and systematically prohibited from engaging in the same pursuits despite a lengthy business and/or personal history long pre-dating this newly acted regulation/rule. Third, the Rule and the means/procedures for getting it passed, cited to irrelevant data concerning the State of New York State and/or false information about the danger exotic animals pose to the public and those who care for the animals. When doing research with the resources offered online by the CDC, it was determined that 0% of people attacks from exotic and wildlife together annually. Discontinuing the enforcement of a State law regulation whose existence and enforcement causes the deprivation of federal rights, runs afoul to natural justice, is unconstitutional, for which 28 U.S. C. Section 1651(a) authorizes and allows a Writ to beissued by and from

this Court for such purposes.

**WHEREFORE**, let this Court consider the foregoing matters and after seeking and affirming proof of the foregoing contents, let execution of Writ be issued against the New York State Department of Environmental Conservation.

**COUNT VIII:   WRIT OF MANDAMUS DIRECTED TO THE US DEPARTMENTOF AGRICULTURE PURSUANT TO 28 USC SECTION 1651(A)**

28.   Plaintiff, styled for this specific purpose as In Re Carrie M Leo., fully repeats paragraphs 1-4 as if re-alleged.

29. An individual named Tyler C. Thomas was substantially involved in actions, communications, and did plan with intent with agents/employees of Co-Defendant, the United States Department of Agriculture along with agents/employees of the New York State Department of Environmental Conservation to withhold, deprive, and keep the Plaintiff's exotic animals and personal property from rightfully returning to her and were complicit in helping him unlawfully keep them from Plaintiff.

30. In the collusion, conspiracy, agency, and/or joint enterprise furthered through the agents/employees of both named Co-Defendant State and Federal governmental entities, they knowingly allowed Tyler Thomas to transport the Plaintiff's exotic animals including a badger from the State of New York and into the State of Texas violating theirown long established federal and national rules prohibiting such transport and import intoother states unless one first obtained administrative approvals, permits, licenses, along with the animals' records concerning their health and ownership.

31. The Plaintiff's lawful right to the return of her animals is premised upon Co-Defendant, the USDA, prosecuting Tyler C. Thomas, as the complicit and knowing

violations of this agency concerning the aforementioned rules/regulations empowered Thomas C. Thomas and/or were the legal and/or proximate cause of the Plaintiff being dispossessed of her personal property by Mr. Thomas, and to knowingly sponsor such unlawful acts undermines our system of justice, process, and uniform systemic equity.

Thus, three demanding conditions must be satisfied before the writ may issue: (1) the petitioner must "have no other adequate means to attain the relief [it] desires;" (2) the petitioner must satisfy "the burden of showing that [its] right to issuance of the writ is clear and indisputable;" and (3) the issuing court "must be satisfied that the writ is appropriate under the circumstances." Cheney, 542 U.S. at 380–81, 124 S. Ct. 2576 United States v. Manzano (In re United States), 945 F.3d 616 (2nd Cir. 2019).

32. The Plaintiff, in an evidentiary hearing, will prove that in forcing this Defendant to prosecute Tyler C. Thomas, the same standard of evidence to convict him, will constitute the same evidence to allow for the Plaintiff's just restitution; the Plaintiff will show that the Defendant has participated and/or watched the unlawful activity of Tyler C. Thomas and have no basis as to why his actions are beyond the confines of the applicable laws. This Court will have proof from the undersigned Plaintiff with all the parties assembled in this case as needed and necessary a writ is authorized for such purposes to be issued by this Court under 28 U.S.C. Section 1651(a).

**WHEREFORE**, let this Court consider the foregoing matters and after seeking and affirming proof of the foregoing contents, let execution of Writ be issued. Respectfully, this 24th day of October, 2021.

Carrie M. Leo, *Plaintiff pro se*

## CERTIFICATE OF SERVICE

I, the undersigned pro se litigant, affirm and certify that a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was served on each Defendant by way of their counsel of record, in accordance with the Federal Rules of Civil Procedure by the United States Postal Service on this 25th day of October 2021. On October 25, 2021, the foregoing was also electronically mailed to both Defendants as well. Both the physical and electronic mailing addresses used are listed below.

**JAMES P. KENNEDY, JR.**
United States Attorney
**KATHRYN L. SMITH**
Assistant United States Attorney
Western District of New York 100
State Street, 5th Floor Rochester,
New York 14614 (585) 263-6760
Kathryn.L.Smith@usdoj.gov

**LETICIA A. JAMES**
New York State Attorney General's Office
**MICHELE ROMANCE-CRAIN**
Assistant Attorney General
144 Exchange Blvd.
Rochester, New York 14614
(696) 327-3223
Michele.Crain@ag.ny.gov

Carrie M. Leo, *Plaintiff pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Carrie M. Leo,
Plaintiff,

- v -

New York State Department of Environmental
Conservation & the United States Department of
Agriculture and the following INDIVIDUALS, in
their individual and official capacities: BASIL
SEGGOS - Commissioner, WILLIAM POWELL -
Lieutenant/Captain, DEC Division of Law
Enforcement; KEVIN THOMAS – Officer, DEC
Division of Law Enforcement, JOSEPH THERRIEN -
Director, DEC Special Licenses Unit, The United
States Department of Agriculture("USDA"),
UnitedStates Department of Agriculture's Animal
& Plant Inspection Service ("APHIS"),
ANDREA D'AMBROSIO - USDA Animal Care
Inspector, and John/Jane Does #2-15,

Defendants.

Civil Action No. 6:2020-cv-07039

**FIRST AMENDED COMPLAINT-SECTION 1983 AND BIVENS ACTIONS**

Plaintiff, a Pro Se party, files the instant First Amended Complaint against all named

Defendants, to wit, the New York State Department of Environmental Conservation, hereinafter,

{"NYS-DEC"}; William Powell, hereinafter, {"Powell"}; Kevin Thomas, hereinafter

{"Thomas"}; Joseph Therrien, hereinafter {"Therrien"}; the United States Department of

Agriculture, hereinafter, {USDA"}; and Andrea D'Ambrosio, hereinafter, {"D'Ambrosio"}, and

says as follows:

**JURISDICTION AND VENUE**

1. The actions giving rise to the constitutional violation suffered by the Plaintiff at the hands of

the named Defendants originated in Walworth, New York where all named Defendants exercised

official authority and their own individual actions against the Plaintiff to cause her harm.

2.  The U.S. District Court has original jurisdiction of all federal creatures of statute including the instant 42 U.S.C. §1983, and its derivative Bivens' cause of action pertaining to the individual actions of State and Federal employees, agents, and directors.

## ALLEGATIONS COMMON TO ALL COUNTS AND CLAIMS

3.  The Plaintiff, is an exotic animal collector, exhibitor, breeder, and has always had a personal, business, and sincere interest in the beauty, wonder, and lives of exotic, different, and rare animals and it was in this regard that Defendant Powell, and officer/employee of Defendant, the New York State Department of Environmental Conservation NYS-DEC had an acrimonious conversation on the phone with the Plaintiff on or about November 7, 2015, and from this conversation all of the resulting constitutional violations to deprive the undersigned of her licenses, animals, livelihood, and constitutional rights followed.

4.  From November 7, 2015, up to and through the present, the individually named Defendants only had the ability to access, interact, and cause the undersigned Plaintiff harm, wrongful property deprivations, and commit constitutional violations by virtue of their governmental employment be it with the State of New York or the Federal Government, yet these actions officially and individually are also attributed to the two (2) named government entity defendants, the United States Department of Agriculture and the NYS-DEC.

## COUNT 1:   SECTION 1983 CLAIM AGAINST DEFENDANT THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION

5.  Plaintiff realleges and full reincorporates all preceding paragraphs for the sake of efficiency and economy.

6.  Defendant NYS-DEC, through its agents and employees, Powell, Thomas, and Therrien, in their official capacity to exercise their power and authority by and through color of State law did wrongfully deprive the Plaintiff of her property without due process, and did further engage in a

plethora of actions including their disparate, arbitrary, and nonsensical manner of enforcing, disciplining, and using rules, policies, and regulations to inflict harm and injury against the Plaintiff including but not limited to administrative citations; property/animal, seizures, deprivation of licensure under false pretense; and additional "Special" administrative burdens thrust upon the Plaintiff by these government agents/employees to comply with such mandates that were not demanded of similarly situation like persons, i.e., discriminatory discipline.

7. This Defendant's action(s) have been the legal cause, contributed to, and/or been the proximate cause of the constitutional violations the Plaintiff has endured from November 2015 all the way through to present day, and such injuries and damages include compensatory damages, attorney's fees, costs, and the actual loss of business income from the Defendant's seizure of animals, licenses, and intentionally setting actions into motion against the Plaintiff tocause third parties to regard the Plaintiff in a negative, odious, way with a campaign of ongoing libel, slander, innuendos, and other defamatory actions that have amounted to legal conspiracy.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant the New York State Department of Environmental Conservation for all of the constitutional violations this Defendant did commit against her as alleged *supra*, and all damages sustained due to such unconstitutional actions including all equitable relief available to the Plaintiff by the Court's inherent powers, attorney's fees, and all taxable costs.

## COUNT II:  SECTION 1983 AND BIVEN CLAIM AGAINSTDEFENDANT WILLIAM POWELL

8. For the sake of brevity, efficiency and economy, the Plaintiff repeats and fully reincorporates paragraphs 1-4

9. Defendant Powell was an employee of the Co-Defendant NYS-DEC during all relevant times when in his official employment capacity under color of New York State and/or federal law/rule

and was also acting in his own individual capacity with regard to actions against the Plaintiff that were clear violations of Plaintiff's constitutional rights.

10.  From November of 2017 through to present, Powell whose title was Lieutenant and then Captain, used his power to impose civil administrative punishments on my family and continuedto constantly threaten tens of thousands of dollars of future and/or impending fines/sanctions to intimidate the undersigned Plaintiff and my family, in addition to widely making it known around my town, village, and city, throughout the local officials and citizenry that he intended tobe such an unrelenting burden that he would close my farm, business, and force me out of town.

11.  Through the above-described actions, Defendant Powell was able to discredit me with allegations, accusations, fines, administrative citations, and the unrelenting and nonstop disparaging information that he spread and proliferated around my community to characterize me, my farm, my business, and my actions concerning these personal and business interests as something inappropriate, immoral, odious, and used his position/employment to unduly influence local township/city officials to further his efforts against the Plaintiff in ways that constituted aiding and abetting others to harm me as well as actions that amounted to conspiracy.

12.  Defendant did obtain access and means to me through his employment, under color of State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though his own individual and willful actions that caused the Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

   **WHEREFORE**, Plaintiff demands a jury trial against the Defendant POWELL for all of the constitutional violations and resulting damages/injuries this Defendant did commit against the Plaintiff as alleged *supra.*

4

## COUNT III: SECTION 1983 AND BIVEN CLAIM AGAINSTDEFENDANT KEVIN THOMAS

13.  Plaintiff fully repeats and reincorporates paragraphs 1-4.

14.  From November of 2017 through to present, Defendant Thomas whose title was "Officer" used his power in tandem with Defendants Powell and Therrien to impose civil administrative punishments on me and my family and continued to constantly threaten tens of thousands of dollars of future and/or impending fines/sanctions to intimidate the undersigned Plaintiff and my family, in addition to widely making it known around my town, village, and city, throughout the local officials and citizenry that he intended to be such an unrelenting burden that he would close my farm, business, and force me out of town.

15.  Through the above-described actions, Defendant Thomas was able to discredit me with allegations, accusations, fines, administrative citations, and the unrelenting and nonstop disparaging information that he spread and proliferated around my community to characterize me, my farm, my business, and my actions concerning these personal and business interests as something inappropriate, immoral, odious, and used his position/employment to unduly influence local township/city officials to further his efforts against the Plaintiff in ways that constituted aiding and abetting others to harm me as well as actions that amounted to conspiracy.

16.  Defendant did obtain access and means to me through his employment, under color of State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though his own individual and willful actions that caused the Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

   **WHEREFORE**, Plaintiff demands a jury trial against the Defendant THOMAS for all of the constitutional violations and damages caused by this Defendant's own willful and knowing

individual actions and as such committed by this Defendant against the Plaintiff as alleged *supra.*

## COUNT IV: SECTION 1983 AND BIVEN CLAIM AGAINSTDEFENDANT JOSEPH THERRIEN

17.  Plaintiff fully repeats and reincorporates paragraphs 1-4.

18.  From November of 2017 through to present, Defendant Therrien whose title was the "Director of Special Licenses Unit" used his power in tandem with Defendants Powell, Defendant Thomas, as well as with Defendant USDA and Defendant D'Ambrosio to impose civil administrative burdens, compliance rituals, and other requirements hardly and/or rarely utilized and/or used by his office in overseeing and monitoring license compliance for owning, possessing, and maintaining exotic animals as per State and Federal standards/laws, and therefore his actions were disparate; were not uniformly being applied, and was the legal and proximate cause of the constitutional violations suffered by the Plaintiff as these actions were done, caused, and set into motion by Defendant Therrien by his own individual actions.

19.  Defendant did obtain access and means to the undersigned Plaintiff through his employment, under color of State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though his own individual willful actions that caused the Plaintiff's injuries and damages, to wit, compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

   **WHEREFORE**, Plaintiff demands a jury trial against the Defendant THERRIEN for all the constitutional violations and damages as alleged caused by this Defendant against Plaintiff.

## COUNT V:  SECTION 1983 CLAIM AGAINST DEFENDANT THE UNITED STATES DEPARTMENT OF AGRICULTURE

20.  Plaintiff fully repeats and reincorporates paragraphs 1-4 as if fully repeated.

21.  Defendant the USDA, through its agents and employees, largely through Co-Defendant

Andrea D'Ambrosio, but also with the help and knowing cooperation of the other named Co-Defendants through their titles, offices, and through color of federal law exercised its power and authority wrongfully, and in violation of her constitutional rights to deprive the Plaintiff of her property without due process, and did further engage in a plethora of actions including their disparate, arbitrary, and nonsensical manner of enforcing, disciplining, and using rules, policies, and regulations to inflict harm and injury against the Plaintiff including but not limited to administrative citations; property/animal seizures, deprivation of licensure under false pretense; and additional "Special" administrative burdens thrust upon the Plaintiff by these government agents/employees to comply with such mandates that were not demanded of similarly situation like persons, i.e., discriminatory discipline.

22.  This Defendant's action(s) have been the legal cause, contributed to, and/or been the proximate cause of the constitutional violations the Plaintiff has endured from November 2015 all the way through to present day, and such injuries and damages include compensatory damages, attorney's fees, costs, and the actual loss of business income from the Defendant's seizure of animals, licenses, and intentionally setting actions into motion against the Plaintiff to cause third parties to regard the Plaintiff in a negative, odious, way with a campaign of ongoing libel, slander, innuendos, and other defamatory actions that have amounted to legal conspiracy caused by this Defendant's individual willful actions.

**WHEREFORE**, Plaintiff demands a jury trial against the Defendant the United States Department of Agriculture for all of the constitutional violations this Defendant did commit against her as alleged *supra,* and for all damages as also alleged including relief in equity as the Court may have as additional relief including attorney's fees and costs.

**COUNT VI: SECTION 1983 AND BIVEN CLAIM AGAINST DEFENDANT ANDREA D'AMBROSIO**

23.  Plaintiff repeats and fully reincorporates paragraphs 1-4.

24.  From November of 2017 through to present, Defendant D'Ambrosio whose title was "Animal Care Inspector" used her power in tandem with all of the other Co-Defendants to impose civil administrative burdens, compliance rituals, and other requirements hardly and/or rarely utilized and/or used by his office in overseeing and monitoring license compliance concerning the public and/or a citizen's desire to properly and lawfully own, possess, and maintain, and/or exhibit exotic animals as per State and Federal standards/laws, and therefore heractions were disparate; were not uniformly being applied/administered, and was the legal and/or proximate and/or concurring cause of the constitutional violations suffered by the Plaintiff as these actions were done, caused, and set into motion by Defendant D'Ambrosio by her own individual actions.

25.  Defendant did obtain access and means to the undersigned through his employment, under color of Federal and complimentary State law, but continued to place burdens, disproportionate treatment, and legal disparities upon the undersigned Plaintiff by and though her own willful individual actions that caused the Plaintiff's injuries and damages that amounted to aiding and abetting third persons and individuals to feel empowered to withhold the undersigned Plaintiff's property based upon the stated wishes, and verbal assurances/authorizations from Defendant D'Ambrosio consenting to such conspiratorial behavior, conduct, and actions, and as such did cause compensatory damages, loss of business income, mental distress, inconvenience, attorney's fees, and costs.

   **WHEREFORE**, Plaintiff demands a jury trial against the Defendant D'AMBROSIO for all of the constitutional violations and damages as alleged supra caused by this Defendant againstPlaintiff.

**CLAIM 2- REQUESTS FOR WRITS PURSUANT TO 28 USC SECTION 1651(A)**

**COUNT VII:  WRIT OF PROHIBITION DIRECTED TO THE NEW YORKSTATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION**

26. Plaintiff, styled for this specific purpose as In Re Carrie M. Leo repeats and fully reincorporates paragraphs 1-4.

27. The New York State Department of Environmental Conservation, {"NYS-DEC"} should henceforth be prohibited from the enforcement of Rule 6 NYCRR 180.1 (New York Comp. Codes R. & Regs. Tit. 6 §180.6). This New York State administrative rule and regulation equates private personal property with state property thereby making it immediately subject to seizure, taking, confiscation, and attachment under the same conditions under which state property or public property could be seized (exotic animals v state-managed wildlife) by this State agency. This ordinance/rule is unnecessarily restrictive and was not proven by the State to be scientifically credible or backed by peer-review research as its support. It "blanket prohibits" existing and former exotic animal owners, zoos, and breeders that were heretofore lawfully allowed to have ownership and/or possession of various exotic animals, quickly and systematically prohibited from engaging in the same pursuits despite a lengthy business and/or personal history long pre-dating this newly acted regulation/rule. Third, the Rule and the means/procedures for getting it passed, cited to irrelevant data concerning the State of New York State and/or false information about the danger exotic animals pose to the public and those who care for the animals. When doing research with the resources offered online by the CDC, it was determined that 0% of people attacks from exotic and wildlife together annually. Discontinuing the enforcement of a State law regulation whose existence and enforcement causes the deprivation of federal rights, runs afoul to natural justice, is unconstitutional, for which 28 U.S.C. Section 1651(a) authorizes and allows a Writ to be issued by and from

this Court for such purposes.

**WHEREFORE**, let this Court consider the foregoing matters and after seeking and affirming proof of the foregoing contents, let execution of Writ be issued against the New York State Department of Environmental Conservation.

**COUNT VIII:  WRIT OF MANDAMUS DIRECTED TO THE US DEPARTMENTOF AGRICULTURE PURSUANT TO 28 USC SECTION 1651(A)**

28.   Plaintiff, styled for this specific purpose as In Re Carrie M Leo., fully repeats paragraphs 1-4 as if re-alleged.

29.  An individual named Tyler C. Thomas was substantially involved in actions, communications, and did plan with intent with agents/employees of Co-Defendant, the United States Department of Agriculture along with agents/employees of the New York State Department of Environmental Conservation to withhold, deprive, and keep the Plaintiff's exotic animals and personal property from rightfully returning to her and were complicit in helping him unlawfully keep them from Plaintiff.

30.  In the collusion, conspiracy, agency, and/or joint enterprise furthered through the agents/employees of both named Co-Defendant State and Federal governmental entities, they knowingly allowed Tyler Thomas to transport the Plaintiff's exotic animals including a badger from the State of New York and into the State of Texas violating theirown long established federal and national rules prohibiting such transport and import intoother states unless one first obtained administrative approvals, permits, licenses, along with the animals' records concerning their health and ownership.

31.  The Plaintiff's lawful right to the return of her animals is premised upon Co-Defendant, the USDA, prosecuting Tyler C. Thomas, as the complicit and knowing

violations of this agency concerning the aforementioned rules/regulations empowered Thomas C. Thomas and/or were the legal and/or proximate cause of the Plaintiff being dispossessed of her personal property by Mr. Thomas, and to knowingly sponsor such unlawful acts undermines our system of justice, process, and uniform systemic equity.

Thus, three demanding conditions must be satisfied before the writ may issue: (1) thepetitioner must "have no other adequate means to attain the relief [it] desires;" (2) the petitioner must satisfy "the burden of showing that [its] right to issuance of the writ isclear and indisputable;" and (3) the issuing court "must be satisfied that the writ is appropriate under the circumstances." Cheney, 542 U.S. at 380–81, 124 S. Ct. 2576 United States v. Manzano (In re United States), 945 F.3d 616 (2nd Cir. 2019).

32.  The Plaintiff, in an evidentiary hearing, will prove that in forcing this Defendant to prosecute Tyler C. Thomas, the same standard of evidence to convict him, will constitutethe same evidence to allow for the Plaintiff's just restitution; the Plaintiff will show that the Defendant has participated and/or watched the unlawful activity of Tyler C. Thomas and have no basis as to why his actions are beyond the confines of the applicable laws. This Court will have proof from the undersigned Plaintiff with all the parties assembled in this case as needed and necessary a writ is authorized for such purposes tobe issued by this Court under 28 U.S. C. Section 1651(a).

**WHEREFORE**, let this Court consider the foregoing matters and after seeking and affirming proof of the foregoing contents, let execution of Writ be issued.

Respectfully, this 24th day of October, 2021.

Carrie M. Leo, *Plaintiff pro se*

11

## CERTIFICATE OF SERVICE

I, the undersigned pro se litigant, affirm and certify that a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was served on each Defendant by way of their counsel of record, in accordance with the Federal Rules of Civil Procedure by the United States Postal Service on this 25th day of October 2021. On October 25, 2021, the foregoing was also electronically mailed to both Defendants as well. Both the physical and electronic mailing addresses used are listed below.

**JAMES P. KENNEDY, JR.**
United States Attorney
**KATHRYN L. SMITH**
Assistant United States Attorney
Western District of New York 100
State Street, 5th Floor Rochester,
New York 14614 (585) 263-6760
Kathryn.L.Smith@usdoj.gov

**LETICIA A. JAMES**
New York State Attorney General's Office
**MICHELE ROMANCE-CRAIN**
Assistant Attorney General
144 Exchange Blvd.
Rochester, New York 14614
(696) 327-3223
Michele.Crain@ag.ny.gov

Carrie M. Leo, *Plaintiff pro se*
3199 Walworth Road
Walworth, NY 14568
(315) 538-8316
carrieleo15@gmail.com

# EXHIBIT 3

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

Western District of New York State

Fourth Division

Case No. 20-cv-7039 FPG

*(to be filled in by the Clerk's Office)*

Carrie M. Leo

*Plaintiff(s)*

-v-

New York State Department of Environmental
Conservation & the United Stated Department of
Agriculture and the following INDIVIDUALS, in
their individual and official capacities:BASIL
SEGGOS - Commissioner, SONNY PERDUE -
Secretary, WILLIAM POWELL -
Lieuteanant/Captain,DEC Division of Law
Enforcement, JOSEPH THERRIEN - Director, DEC
Special Licenses Unit, ANDREA D'AMBROSIO -
USDA Animal Care Inspector and *John/Jane Does
#1-15.

*Defendant(s)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

UNITED STATES DISTRICT COURT
FILED
DEC - 4 2020
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to
electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social
security number or full birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any
other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in
forma pauperis.

*\* may be individuals who work for the government or those who do not.*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Carrie M. Leo |
| Address | 3199 Walworth Road |
| | Walworth          NY          14568 |
| | *City*          *State*          *Zip Code* |
| County | Wayne |
| Telephone Number | (315)538-8316 |
| E-Mail Address | carrieleo15@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | New York State Department of Environmental Conservation |
| Job or Title *(if known)* | |
| Address | 625 Broadway |
| | Albany          NY          12233 |
| | *City*          *State*          *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Basil Seggos |
| Job or Title *(if known)* | Commissioner |
| Address | 625 Broadway |
| | Albany          NY          12233 |
| | *City*          *State*          *Zip Code* |
| County | Albany |
| Telephone Number | (518) 402-8401 |
| E-Mail Address *(if known)* | unknown |

☒ Individual capacity     ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violat.  Civil Rights (Non-Prisoner)

Defendant No. 3

    Name                    United States Department of Agriculture

    Job or Title *(if known)*

    Address                1400 Independence Avenue, S.W.

| Washington | DC | 20250 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                District of Columbia
    Telephone Number     202-720-2791
    E-Mail Address *(if known)*

                     ☒ Individual capacity     ☒ Official capacity

Defendant No. 4

    Name                    Sonny Perdue

    Job or Title *(if known)*      Secretary

    Address                1400 Independence Avenue., S.W.

| Washington | DC | 20250 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                District of Columbia
    Telephone Number     202-720-2791
    E-Mail Address *(if known)*

                     ☒ Individual capacity     ☒ Official capacity

Defendant No. 5

    Name                    Joe Therrien

    Job or Title *(if known)*      Director, Special Licenses Unit

    Address                625 Broadway, 5th Floor

| Albany, | NY | 12233-7011 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                Albany
    Telephone Number     518-402-8985
    E-Mail Address *(if known)*   joseph.therrien@dec.ny.gov

                     ☒ Individual capacity     ☒ Official capacity

Defendant No. 6
    Name                    William Powell

    Job or Title *(if known)*      Lieutenant/Captain, Division of Law Enforcement

    Address                6274 East Avon-Lima Rd.

| Avon, | NY | 14414-9519 |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County                Livingston
    Telephone Number     585-226-6706
    E-Mail Address *(if known)*   william.powell@dec.ny.gov

                     ☒ Individual capacity     ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 7

| | |
|---|---|
| Name | Andrea D'Ambrosio |
| Job or Title *(if known)* | Animal Care Inspector |
| Address | 1400 Independence Avenue, S.W. |

| | | | |
|---|---|---|---|
| | Washington, | D.C. | 20250 |
| | *City* | *State* | *Zip Code* |
| County | District of Columbia | | |
| Telephone Number | 202-720-2791 | | |
| E-Mail Address *(if known)* | | | |

☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Equal treatment under the law, freedom of speech, freedom of petition, freedom from unreasonable searches and seizures, right to due process of law, rights of accused person, freedom from cruel and unusual punishment, freedom to enjoy one's own property, freedom to not have property taken by the government without just compensation and freedom of establishing ones own business.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Due process, property rights, equal treatment under the law, chance for recourse/redress and false accusations/defamation.

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

On or around November 7, 2015, the Division of Law Enforcement of the DEC visited my wildlife center due to a neighbor contacting the agency about my having wild animals. I was duly licensed by the DEC and USDA to possess and exhibit wild and exotic animals. Although

·Pro Se 15 (Rev. 12/16) Complaint for Violat    f Civil Rights (Non-Prisoner)

the officers saw nothing of concern after touring the center, they returned on May 10, 2016 demanding another tour of the facility for an "inspection" and seizing a pack of six adult coyotes I possessed with the authority of my wildlife rehabilitation license through the DEC.

Two to three days afterward, the town zoning officer cited my stepfather, the landowner, for two alleged violations. On or around July 26, 2016, the DEC cited me with eleven citations mostly for possession of coyotes. The charges were resolved with a plea to two civil violations of my keeping opossums in hospital cages in the barn during the winter and for submitting an annual log for one of my licenses late; two alleged violations which are committed by other licenses frequently without citation or discipline.

In 2017, I became aware of Lt. Powell and Officer Thomas from the DEC acting against my business by making me take the entire center down even though it was constructed legally, and the town know of it. In fact, one of the zoning officers visited the center in or around December 2015 to look around and was given a tour of the entire facility. The zoning officer saw nothing of concern.

The DEC was not going to settle without my full surrendering of all licensure and the relocation of all animals, which was an extreme measure for a business which was duly licensed and operating within the confines of the law. The center even offered a community service of wildlife rehabilitation which was done on a volunteer basis and financed from personal funds and a few donations.

In April 2017, I boarded three animals with a colleague and friend I trusted at the time while I recovered from surgery. I boarded the animals in order to maintain the standard of care for the animals by temporarily keeping them with someone who could take care of them full-time until I recovered. However, without my permission and knowledge, the colleague took the animals out of New York State, with the help of specific staff members of the DEC and USDA and imported them illegally into Texas State.

Since then, I have been vying in court to gain repossession of the animals only to have interference from the DEC and USDA in convincing my colleague that I didn't have the proper licensing to keep the animals. Even though an attorney from the DEC's Office of General Counsel confirmed for me in writing that my licensing was, in fact, valid to have not only the animals back from my colleague but that I could have additional animals listed   on the license if I were to obtain more animals, which I didn't plan on.

I was granted a preliminary injunction on September 10, 2018 (and amended on May 2, 2019) for the return of my animals. However, the Defendant started to allege, one by one, the animals were either stolen or deceased. However, evidence which I've gathered since then shows otherwise. The Defendant's attorney opted to use a number of highly unethical methods in prejudicing my repossession of the animals and teamed up with the DEC (and possibly the USDA).

The DEC has been giving the Defendant information and other documents which I have reason are prejudicing me against the assertion of my rights. Although I've asked for copies of the documents since they clearly had to do with me and my licensing of my animals and business, they have never given me copies.

I have also become aware of Lt. Powell, Joe Therrien, James Farquhar, Andrea D'Ambrosio and Tonya Hadijis (the former two from the DEC and the latter two from the USDA) acting against my interests and rights secretly by protecting the person who still has possession of my animals. I have sought assistance from everyone I can think of, including all the way up the "ladder" of

authority, so to speak, to the Commissioner of the DEC and the Secretary of the USDA only to be met with hostility or indifference.

In order to discredit me, both agencies have used the law to accuse me of violating laws which either don't exist, or which are improperly implied. In the meantime, DEC officials, namely Powell and Therrien, have incited my neighbors to act against me, including the     vandalism of my center twice and unlawful release of my animals when I wasn't around the premises. Local (town, county) authorities and officials have been turned against me based on severely derogatory and personal statements made about me by Lt. Powell and Officer Kevin Thomas - the DEC Division of Law Enforcement officers who work in my region, referred to by the DEC as "Region 8."

My state licenses were either denied renewal in a very untimely fashion or revoked while the     Department violated a multitude of regulations and rules during the process it took in doing so. Presently, the USDA is now invoking a proceeding to terminate my federal license simply because the state license was revoked. During any consideration the Department may have given concerning my licensing, I have had literally absolutely no say whatsoever, even and especially, in the hearing which was held to revoke one of my state licenses on March 13, 2018 (the license was revoked by final determination by the Commissioner on or around November 7, 2018).

Most recently, I have become aware that I am being defamed by the same staff members mentioned in this summary as I've been accused (not directly, of course) for animal cruelty, such as starving animals, etc. Powell has solicited false testimony in manipulating potential witnesses to say things about me which aren't true and for which there is no evidence or evidence which squarely contradicts statements he has coached other people to say against me.

There is no recourse or redress unless a person has considerable financial support or have connections in the government to "pull strings" much like what the DEC and USDA have done for the colleague of mine who stole my animals.

---

***New York State Department of Environmental Conservation*** staff members Joe Therrien, Paul Stringer, William Powell and James Farquhar[1] misrepresented the licensing I had through the Department's Special Licenses Unit telling a person who was boarding animals for me that I didn't have the authority to possess such animals. However, the two licenses I had through the Department, the *License for Wildlife Rehabilitation* (LWR) and *License to Collect & Possess* (*LCP*) were valid for the year 2017 and most of 2018, respectively.

While talking to other individuals about my licensing, the Department repeatedly refused to give me status on my licenses never returning calls, emails, or letters. Even though my *License to Collect & Possess* continued to undergo rolling renewals annually in July 2017 and July 2018, I was never given an updated paper license, even though I had requested one. It is standard practice to give every licensee a paper version of their licenses However, when the colleague who boarded my animals contacted the SLU, he was not ignored at all and in fact a conspiracy developed between him and the Department in preventing the return of my animals even though this was part of the contract to which we both agreed before the boarding arrangement took place on or around April 23, 2017. Eventually the renewal applications for both licenses I sent to the Department were denied months after the 45-day deadline for the Department to respond or else there would be an automatic approval of the application. Technically, the applications were renewed automatically, and the LWR's new expiration date is 12/31/2022 and then LCP undergoes annual rolling renewals.

I also have reason to believe the Department has helped this colleague fabricate an entire fable about me by justifying and telling members of the public and other authority figures that may enter the scene occasionally that I had the animals taken away from me due to neglect and/or cruelty and I wasn't licensed for them; both of which are not true. If this was the truth, then the individual who boarded my animals would also be in violation of the law then, as it is prohibited by virtue of all of his state and federal licensing conditions to acquire animals from an illegal source. However, since then he has exported the animals from New York State, traversed a number of states in traveling to Texas, imported the animals, including his own menagerie (which includes endangered species), unlawfully. He continues to possess all of the animals illegally to this day only   carrying federal licensing to exhibit without respecting Texas state law and licensing indigenous species, furbearers, and endangered species.   The three animals he took from me where all furbearers (fox, fisher and badger) and two were from species considered indigenous to the state of Texas.

It is clear he is passing around documents given to him by the DEC which have been referred to as a "phone summary" by Therrien in an email on or around November 8, 2017 which he states was written and given to my colleague.   Another reference to yet another document was made by my colleague was on December 6, 2019 when he stated he had "orders" to "transport and dispose" of my animals. The Department has given me no notice whatsoever that any possession of my animals up to the time my colleague boarded them was unlawful and they knew what live inventory I had at the time as well.

Furthermore, I was never given any notice of "orders".  In fact, I've requested copies of the documents numerous times from both my colleague and the Department to no avail. There is this "secret conspiracy" or collaboration between my colleague and the DEC as      well as at least one staff member in the USDA working to keep my animals from returning to me. For mere possession, the animals do not need to be licensed - only if they are exhibited.

I have also been confronted by individuals who have spoken to Powell and possibly other officers who have made derogatory and untrue remarks concerning me, my business and character.  These statements occurred during pending cases in which the Department cited me excessively and unfairly for the possession of wild animals which were authorized by the licensing I had at the time for wildlife rehabilitation.  In addition to the fact that the Department tried entrapping me by refusing to process my amendment requests and renewal applications for the rehab and long-term possession license (LCP), according to their own regulation, the requests and renewals were already approved automatically at the 45-day deadline for the Department to send notice to the licensee of its decision to approve or decline amendment requests and licensing renewals.

The United States Department of Agriculture Animal Care Inspector, Andrea D'Ambrosio, encouraged my colleague to take as many animals as possible from my center with the intent not to return them.   She also suggested a lien or agister's lien for the return of my animals. This denies due process rights as well as aid the commission of fraud and possibly other torts. covering up and allowing numerous violations of law by my colleague which led to his violation of at least three federal laws, in addition to a multitude of New York and Texas State Conservation Laws.

Furthermore, the animal care complaints I filed with the USDA were "investigated" by D'Ambrosio who did not put forth good-faith effort in determining what happened to my animals. In fact, I have reason to believe she told others, such as SBA Ombudsman, Steve Bennett, that I "forfeited" the animals, which, again, is untrue. Another inspector who responded to one of the

. Pro Se 15 (Rev. 12/16) Complaint for Violat   Civil Rights (Non-Prisoner)

animal care complaints and did an inspection of the facility at which my colleague kept my animals in Texas failed to verify any state licensing, including export and import documentation. If she had, she would have seen that his activity with the animals was unlawful. However, it is likely the inspector was "under the thumb" of D'Ambrosio who was protecting my colleague as she too was collaborating with the New York State Department of Environmental Conservation in keeping my animals from me. This, from my understanding, is still occurring to this day.

While the above mentioned staff members and my colleague are violating a host of laws and have been in this case for years, I had my LWR untimely denied, my LCP revoked through a process during which the Department violated many of its own rules governing proceedings for licensing revocations and am currently fighting to keep my USDA Exhibitor's License. Yet the staff members have suffered no ill effects from violating my civil rights and breaking the very laws they are charged to uphold and enforce. Nor is my colleague required to follow the law and has broken far more than I had been accused of violating since this case began yet he still has yet to experience even one citation. He currently continues to possess my and his animals in the State of Texas unlawfully.

All efforts of mine at recourse or redress have been unsuccessful. In fact, my latest attempt with the USDA spears to have spurred their current attempt to terminate my federal exhibitor's license. The effect of the termination will be the inability of me to have, possess or transport any animals indefinitely, which is what the ultimate goal of DEC's and USDA's involved staff members are although they will not admit it publicly. These people are putting forth extreme effort in an even more extreme end result - especially for someone who does not deserve it.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

Much of the allegations coming from the authorities occurred at my center in Walworth, NY. They are specified in the longer narratives contained herein. Other circumstances occurred during the case, Leo v Thomas Index No. 2017-1668 pending in the New York State Supreme Court of Jefferson County and is currently on appeal.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

This matter has been going on from the first Saturday of November 2015 to the present day. However, I did not become aware of the damage and intentions of the DEC and USDA until later. There are various dates such as dates when certain inflammatory statements were made, dates when misrepresentations of law were being made both in and out of Court especially when the preliminary injundction was granted for the return of my animals., etc.

Included as an attachment is a timeline incorporating the various dates as they correspond to the actions of the DEC, USDA and other parties and non-parties involved in this civil rights case.

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

### Background

In November 2015, Captain (then Lieutenant) Powell and I had a minor argument on the phone during which he threatened to terminate the licensing I had through the DEC. Not long afterward, I have reason to believe he riled up my neighbors and colleagues making derogatory remarks about me and my facility and sending around gossip and rumors about the same things. He also breached confidentiality. He never gave the Plaintiff a chance to abide by his expectations, even though they seemed to be different than those used for other licensees similarly situated. His approach was "one strike and you're out". Powell then imposed punishment on my family and I by manipulating town authorities to threaten my parents with tens of thousands of dollars of fines for things which weren't even wrong with their property. He had another officer tell me I had to get rid of all of my animals and take down all of the fencing, etc. down even though everything was licensed and legal. This is my business and a way to earn a living. He then collaborated with the person who stole my animals in July 2017 by passing around rumors that I was an animal abuser and starve animals, etc. None of this was true. Not to mention, I've never been cited for such things to this day. He has created an entire fable around my business and I instead of dealing with reality. He manipulated and had undue influence over potential witnesses having them lie for him to back up his lies. One witness stated he was upset when the officers, presumably at the command of Powell, tried getting him to say he was black marketing animals with me which wasn't true at all.

My licensing was misrepresented causing prejudice against me in the repossession of my animals. There are many more items but those will be included in the Amended Complaint.

James Farquhar and Joe Therrien have been interfering covertly with a case of mine and causing prejudice and conferring with the lawyer for the opposing side concerning my licensing which is being misrepresented. There are also at least two documents written for the defendant about me, the case and my licensing but they will not give me a copy but they have given a copy to the defendant, who was licensed just as I was so we were on equal footing and should have been treated that way.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained no physical injuries related to the actions of the Defendants which necessitated medical attention.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

As a self-represented litigant, I do not know whether many things are within the jurisdiction of the Court or not. Hence, I realize I may request relief that may be inappropriate despite my best efforts to research and seek guidance from attorneys to prevent such inappropriate requests. As a result, I understand that some requests will be denied based on the fact that the Court does not have the ability or jurisdiction to provide certain types of relief I may request.

Pro Se 15 (Rev. 12/16) Complaint for Violat.    . Civil Rights (Non-Prisoner)

With that in mind, following are the requests for relief based on the details in this complaint.

## RELIEF REQUESTED

1. **DECLARATORY JUDGMENT** on the status of my licensing at the time I boarded my animals on April 23, 2017 as well as during the month of July 2017 when I became aware of my animals having been taken illegally out of New York State and how long the validity of my licensing remained intact before the Commissioner's final determination on revocation of the license on November 7, 2018. The license in question is the License to Collect & Possess #623.

2. **DECLARATORY JUDGMENT**

3. **Transparency.**

    A. **ORDER for DEC**

    (1) to provide me a copy of the "phone summary"[1] and "orders"[2] which were mentioned in the November 8, 2017 email[3] by Therrien to Tyler Thomas and to which Tyler alluded in the factbook post of December 6, 2019,[4] respectively. These documents should be given to me since they've been given and passed around among other members of the public. In fact, I cannot be sure they didn't make it to the judge who dismissed my case in Leo v Thomas since the defense attorney would likely not be above doing something such as sending him the documents along with his motion for summary judgment or at another time during the case.

    (2) There are also emails which should also be unredacted and sent to me which will be included in the attachments to the amended complaint.[5]

    (3) to cease any collaboration with Tyler Thomas or any other individual or business that has any animals or other property of mine, in preventing the return of the property, especially if it is under order from a court of law. They should also be made to cease involvement, including advice, pertaining to legal proceedings in which they are not a party. Any other acts which result in prejudice against me, legally or otherwise, should also be ceased. Inflammatory remarks, including false accusations, should be immediately ceased as well as any breach of confidentiality.

    (4) I request the DEC is ordered to remove the Commissioner's final decision notice from their website since I am getting threats and many angry remarks from DEC supporters and those who receive "incentives" to help the DEC with their cases, such as those being rewarded with free animals taken, sometimes unlawfully, from people the DEC targets for political and/or personal reasons. It is also important to note that I have directly requested the DEC, in the recent past, to remove the notice due to concerns for my safety and that of my business. They promptly refused and in fact, promoted the page directing them to the notice with members of the public. This is quite hypocritical for an agency who passes stifling prohibitive restrictions against the possession of almost every kind of exotic animal due to the agency's alleged "concern" for public welfare and safety, yet they are encouraging those threatening me to act on those threats. Clearly, there is very little concern for the welfare and safety of others on the part of the Department. .

    (5) I request both agencies, the DEC and USDA, cease any and all retaliative efforts, be they via the DLE officers spinning a yarn at my expense passing around inflammatory remarks and gossip about me and my affairs or via the legal process. I also should not experience any retaliation from either agency when I ask my legislative representatives to oppose the adoption

---

[1] refer to phone summary exhibit
[2] refer to "orders" exhibit
[3] refer to attachment which contains email between Therrien and tyler
[4] refer to attachment with orders facebook post
[5] make exhibit with redacted emails to be unredacted and sent to me

of regulations or other matters the agencies come up with which may be the focus about which I work with legislators.

**B. ORDER for USDA.**

**(1)** The USDA was dishonest with me in regard to one of my foia requests[6] for documents[7] held by their IES department stating that the documents I requested were destroyed as they were kept for only one year, per policy. This is incorrect as IES policy is known to keep documents for six years and the documents are not destroyed and need to be turned over to me.

**(2)** It is clear the USDA has used two sets of varying standards between other individuals, especially staff members and other licensees and I. Violations of federal and state laws should be managed consistently and fairly.[8] I ask the Court to mandate the treatment of both staff members and licensees or any other individuals to be by the same standards given the severity of the misconduct. Given the multitude of violations by Tyler Thomas alone, termination of his federal Exhibitor's License should be considered as is the USDA mandating the return of my animals and working with Thomas in returning them to me.

**(3)** Staff members like Andrea D'Ambrosio should also be held accountable for the damage she has done to both my business and my personal life with false accusations and colluding with the DEC in terminating licensure so I can never possess animals again. The extremism of this conduct and end-result is especially concerning.. I should not be treated like a person convicted of felony animal cruelty, especially when I've never had even so much as a civil violation citing me for such. Staff members on both the state and federal levels should be made accountable.

**(4)** I request amendments to my past USDA Animal Welfare inspection reports in which I believe I've been cited incorrectly. For instance, I was cited by D'Ambrosio for not arranging for a person to clean the animal enclosures daily when I was out of state for three days. Yet, when I did exactly that during my surgery in April 2017, she intervened and told the colleague who stole my animals that he should take as many animals as he can without the intention of ever returning them. The USDA should not have an inspector telling a licensee one thing then acting against her when she follows the inspector's instruction to avoid a similar citation under similar circumstances in the future.

**(5)** Between the months of March 2020 and August 2020, the USDA staff altered inspection reports of mine by adding the word "CRITICAL" to many of the allegations in the reports which intensifies the alleged violation both with the agency and anyone who reads the report. Altering the reports in this manner is a direct violation of their agency procedure/protocol.

**C. ORDER for both agencies; that is, the DEC and the USDA**

(1) Supervisory staff of those who have committed misconduct, both on the state and federal levels, should also be held accountable for failure to address the misconduct and in fact, going along with it and being apart of it instead. Supervisory staff in the DEC would partially consist of James Farquhar, who is the manager of Joseph Therrien of the SLU and Tonya Hadijis, as well as Betty Goldentyer of the Animal Care/Welfare Unit of the USDA-APHIS, were also aware of D'Ambrosio's misconduct and instead of protecting the licensee against the misuse of her position, the supervisors chose to condone it and, like the state agency, go along with and become apart of the misconduct. If staff members were held accountable, such misconduct would be much more of a rarity than it is now.

(2) to revoke or terminate the licensure of the colleague who boarded my animals, Tyler Thomas. He is in clear violation of federal laws such as ***The Animal Welfare Act***, the ***Endangered Species Act*** and the ***Lacey Act*** as well as the provisions of his licensing

---

[6] foia request denied due to alleged destruction of IES records

[7] usda documents redacted in foia

[8] According to Executive

Pro Se 15 (Rev. 12/16) Complaint for Violati....  Civil Rights (Non-Prisoner)

through the USFWS and the USDA.   New York State laws which have been violated are numerous ECL and *6 NYCRR* provisions which forbid the acquirement of animals via unlawful sources (if I was supposedly unlawfully possessing my animals prior to boarding them with Thomas), possessing animals without proper licensing, not documenting export of all animals, including the endangered species in his collection of animals.  The DEC writing "*orders*" for transporting and disposing of my animals occurred after Thomas already had the animals imported into Texas and the animals weren't given to him as they were still owned by me.  The state cannot give away property belonging to someone else; especially, in this case, since I was indeed licensed properly to have them for exhibition.  For mere possession, the animals do not need to be licensed as they can be apart of a personal collection.   The DEC should also be mandated to work with the Texas Parks & Wildlife Department in levying charges against Thomas for the unlawful import,

(3) possession, exhibition, transport, etc. of animals which are supposed to be licensed under Texas conservation law.  Lack of documentation and import certificates are also violations.   There even was a likelihood Thomas trapped a wild badger and exported the animal out of Texas state without proper licensure.  He had a trapping license but that did not authorize him to keep the animal in captivity for his own profit or for any other reason.  He is supposed to apply for an additional state license in order to deal in animals caught from the wild in Texas.

His USFWS license should also be revoked since he left a red-tailed hawk in the possession of his family in New York when he moved to Texas with the rest of the animals.  Andrea D'Ambrosio, his inspector at the time, helped him out by stating he had "no animals" at his facility when she stopped by for the last inspection of his in 2017 after he had moved to Texas.  In fact, he had several animals still in his New York State facility in Alexandria Bay.  Him giving the hawk to unlicensed caregivers is a clear violation of the federal Migratory Bird Treaty Act and should cause termination of the USFWS license he has.

There are also several other licensees who have been harboring wildlife and/or exotic animals illegally who should also face termination of licensure, both state and federal.

**A. Staff members of both the state and federal agencies involved should be terminated immediately and forbidden from working, volunteering, or associating themselves with public service agencies ever again.**

1. Lieutenant/Captain William Powell and Officer Kevin Thomas should be held accountable for violating state conservation laws as well as laws concerning breach of privacy, violation of constitutional rights, soliciting and using false testimony, conspiracy, and abusing the legal process by using zoning and non-zoning violations in order to destroy my business when there was no need to do so, especially in that matter.   They should also be held accountable for conspiracy, aiding and abetting and failing to investigate and giving false citations to me.

2. Joe Therrien, James Farquhar and Paul Stringer misrepresented my licensing in order to prejudice me in the return of my animals which I own.  I had licensing until November 7, 2018 and still possess the federal exhibitor's license so therefore I was licensed to have and exhibit all animals which were yet to be returned to me by the other licensee/my colleague with whom I boarded the animals.  All three staff members knew this, and this is why they are acting against my interests and rights secretly passing out documents they have written containing derogatory, mostly likely false, information pertaining to my ownership of my animals, my business and activities, possibly accusing me of animal cruelty, a completely unsubstantiated accusation but one which puts most people in instant judgment against the person against whom such an accusation is made.   I cannot be certain if such documents made it to the judge in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member contacted the judge for the dismissal in order to avoid a jury trial.

whom such an accusation is made.  I cannot be certain if such documents made it to the judge in the Leo v Thomas matter thereby causing the dismissal of the case or if a staff member contacted the judge for the dismissal in order to avoid a jury trial.

3.  <u>Andrea D'Ambrosio</u> should be held accountable with unlawful interference with a contract/business relationship and/or opportunity, conspiracy, aiding and abetting, defamation, false accusations, violations of the *Animal Welfare Act* and failure to conduct good-faith investigations concerning the case of stolen animals.[9]

4.  <u>DEC</u> - failure to enforce laws, rules, and regulations.  failure to acknowledge redress I attempted and providing or  blocking any recourse I could have for relief against unfair treatment by the agency.

5.  <u>USDA</u> - same as for the DEC described in previous paragraph.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        August 23, 2020

Signature of Plaintiff

Printed Name of Plaintiff        Carrie M. Leo

Sworn to before me this 23rd day of November 2020

*Public Notary*

LAUREN FRIEDL
Notary Public - State of New York
NO. 07FR6383306
Qualified in Wayne County
My Commission Expires Nov 13, 2022

---

[9] Even after I requested the Animal Care Division staff to not allow D'Ambrosio close to any information concerning me and my business since she was no longer associated with me as an animal care inspector, the management still put her and her supervisor, Tonya Hadijis, as main contacts for "investigating" the animal care complaints I submitted.  Of course,  the information I sent in or noted was not even accessed, much less considered as part of the investigation by D'Ambrosio.  It makes no sense to put a person who is implicated in a complaint as "investigator" of the complaint. Clearly, they will cover up their involvement and that is exactly what she did.