IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CARRIE M. LEO,

                Plaintiff,

     v.                                            Case No. 20-CV-7039 (FPG)

NEW YORK STATE DEPT. OF ENVIRONMENTAL
CONSERVATION, et al.,

                Defendants.

---

## FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIIFF'S MOTION TO AMEND COMPLAINT

Defendants United States Department of Agriculture ("USDA"), former Secretary of Agriculture Sonny Purdue, and Andrea D'Ambrosio, an Animal Care Inspector ("ACI") employed by the Animal and Plant Inspection Service of the USDA (together, "the Federal Defendants"), through Trini E. Ross, United States Attorney for the Western District of New York, and Kathryn L. Smith, Assistant United States Attorney, of counsel, respond to *pro se* Plaintiff's Motion to Amend her Complaint (Docket No. 42) against them, and state the following in support:

      **I.**      **INTRODUCTION**

Plaintiff Carrie M. Leo, *pro se*, a former wildlife center operator, initiated this action against the Federal Defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). On August 26, 2021, the Federal Defendants moved under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint against them for failure to personally serve the individual defendants and failure to state a claim. Docket No.

35. Plaintiff opposed the Federal Defendants' Motion (*see* Docket No. 38) and, in addition, subsequently moved amend her Complaint.  The Federal Defendants oppose Plaintiff's Motion to Amend on the ground that it is futile.  Plaintiff's proposed Amended Complaint, like her original Complaint, fails to state a claim.

The gist of Plaintiff's proposed Amended Complaint does not substantially differ from her initial Complaint.[1]  She alleges that the Federal Defendants violated her Constitutional rights by interfering with the return of wild animals taken by Plaintiff's associate, Tyler Thomas.  She further alleges that the Federal Defendants failed to adequately investigate animal welfare complaints that Plaintiff initiated against Thomas.

Under a liberal reading of Plaintiff's proposed Amended Complaint, it may be viewed as an attempt to add two additional claims to her *Bivens* action – a Fifth Amendment due process claim and a claim for a writ of mandamus.  Federal Defendants oppose Plaintiff's Motion to Amend.  The proposed Amended Complaint fails to state claim under either new allegation.

---

[1]   In their Motion to Dismiss, the Federal Defendants argued that Plaintiff's Complaint should be dismissed because:  (1) Plaintiff failed to personally serve former Secretary Purdue and ACI D'Ambrosio; (2) Plaintiff failed to state a *Bivens* claim against Secretary Purdue based on vicarious liability; (3) Plaintiff's claims were conclusory; (4) Plaintiff failed to state a *Bivens* claim; (5) Plaintiff sought relief unavailable under *Bivens*; (6) ACI D'Ambrosio is entitled to qualified immunity; (6) Plaintiff cannot bring a *Bivens* complaint against USDA as a federal agency; and (7) the District Court lacked jurisdiction over Plaintiff's FOIA claims.  The Federal Defendants will rely on the arguments previously made in support of their Motion to Dismiss as applicable to Plaintiff's proposed Amended Complaint.

## II. ALLEGATIONS IN PLAINTIFF'S PROPOSED AMENDED COMPLAINT.

In Count V of her proposed Amended Complaint, Plaintiff alleges that the USDA and ACI Andrea D'Ambrosio deprived her of her property rights without due process and misused their policing authority to inflict harm and injury. *See* Exhibit 1 to Motion to Amend, Proposed Amended Complaint, p. 12[2] ("Amended Complaint"). The Amended Complaint does not include any factual content regarding this allegation.

In Count VI of the proposed Amended Complaint, Plaintiff alleges that ACI D'Ambrosio imposed "civil administrative burdens" that were "hardly and/or rarely utilized . . . in overseeing and monitoring license compliance" with Plaintiff's possession and ownership of exotic animals. Plaintiff alleges that ACI D'Ambrosio's actions aided and abetted third persons in withholding Plaintiff's property, resulting in numerous damages. Amended Complaint, p. 13.

Count VIII of the proposed Amended Complaint demands a "Writ of Mandamus" pursuant to 28 USC § 1651(a) directing that the USDA to "prosecute" Thomas. Plaintiff alleges that Tyler Thomas wrongly transported Plaintiff's exotic animals from New York State to Texas in a conspiracy with, *inter alia*, the Federal Defendants. Amended Complaint, p. 15. As a result, Plaintiff alleges she has a lawful right to the return of her property. Plaintiff demands an order directing that the Federal Defendants prosecute Thomas. Plaintiff alleges that such a prosecution would allow her, in an evidentiary

---

[2]     Citations are to page numbers in Docket No. 42 ECF filing.

3

hearing, to prove that Thomas is subject to conviction for unspecified "unlawful activity," thus entitling Plaintiff to restitution. Amended Complaint, p. 16.

### III.  STANDARD ON MOTION TO AMEND COMPLAINT

"Despite the ordinarily lenient Rule 15 standard applicable to motions to amend, 'it is not an abuse of discretion to deny leave to amend' where the amendment proposed by the moving party is futile." *Valentin v. City of Rochester*, 11-cv-6283, 2016 WL 5661729, at *8 (W.D.N.Y. Sept. 30, 2016) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss." *Id*. (citations omitted).

### IV.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A FIFTH AMENDMENT DUE PROCESS CLAIM.

To state a claim under the Fifth Amendment for deprivation of property, Plaintiff must allege facts plausibly suggesting that government action deprived her of a protected property interest. *Waltz v. Board of Educ. of Hoosick Falls Cent. School Dist.*, 12–CV–0507, 2013 WL 4811958, at *10 (N.D.N.Y. Sept. 10, 2013); *see Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000–04, 104 S.Ct. 2862, 2871–74, 81 L.Ed.2d 815 (1984). To prevail on a procedural due process claim, a plaintiff must (1) "identify a property right," (2) "show that the state has deprived him of that right," and (3) "show that the deprivation was effected without due process." *Tang v. Visnauskas*, 847 Fed. App'x 24, 26 2d Cir. 2021) (quoting *Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir. 1990).

Should this Court read Plaintiff's proposed Amended Complaint as alleging that she was deprived of her exotic animals by the Federal Defendants in violation of her

4

rights under the Fifth Amendment, her Motion to Amend should be denied as futile. Plaintiff's proposed Amended Complaint does not state any FACTS that would plausibly demonstrate that the Federal Defendants deprived Plaintiff of a property interest in a manner that violated the procedural requirements of the Due Process Clause. Instead, the proposed Amended Complaint is merely an abbreviated rehash of the grievances raised her initial Complaint.

As a preliminary matter, Plaintiff's proposed Amended Complaint does not identify a Constitutionally protected "property right."  As previously discussed in the Federal Defendants' Motion to Dismiss, owners of exotic animals have only a limited property interest to which a fundamental Constitutional right does not attach. *Wilkins v. Daniels*, 913 F. Supp. 2d 517, 536 (S.D. Ohio 2012), *aff'd*, 744 F.3d 409 (6th Cir. 2014); *see Hetrick v. Ohio Dept. of Agriculture*, 81 N.E.3d 980, 995 (Ohio App. 10 Dist. 2017) (plaintiff "has a limited property interest in his dangerous wild animals, but his ownership of his animals does not rise to the level of a constitutionally fundamental property interest."). Second, Plaintiff's vaguely stated proposed Amended Complaint fails to allege that the Federal Defendants interfered with Plaintiff's property rights.  Returning to the allegations in Plaintiff's initial Complaint, Plaintiff clearly stated in that earlier document that Tyler Thomas, not the Federal Defendants, took possession of Plaintiff's exotic animals when she gave them to him for safe keeping while she recovered from  surgery. Docket No. 1, p. 5 ("In April 2017, I boarded three animals with a colleague and friend I trusted at the time while I recovered from surgery. . . . [W]ithout my permission and knowledge, the colleague took the animals out of New York State[.]").  As such, Plaintiff has not only failed to allege, but cannot allege, that "government action" deprived her of

her property. Finally, Plaintiff as failed to allege how her property right was deprived without "due process." The proposed Amended Complaint is silent as to what "process" the Federal Defendants owed her with regard to a private individual refusing to return wild animals to her care.

To the extent that Plaintiff alleges that she was denied her property rights due to the Federal Defendants' selective enforcement of the Animal Welfare Act in violation of the equal protection component of the Fifth Amendment's Due Process Clause, this claim must also fail. *See Knapp v. U.S. Dept. of Agriculture*, 796 F.3d 445, 467 (5th Cir. 2015). In the proposed Amended Complaint, Plaintiff claims that ACI D'Ambrosio imposed, "civil administrative burdens, compliance rituals, and other requirements hardly and/or rarely utilized and/or used by his [sic] office in overseeing and monitoring license compliance concerning the public and/or a citizen[']s desire to properly and lawfully own, possess, and maintain, and/or exhibit exotic animals as per State and Federal standards/laws[.]" Amended Complaint, p. 13. To successfully bring a selective enforcement claim, Plaintiff must show that the USDA's enforcement "was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.*, citing *Allred's Produce v. U.S. Dept. of Agriculture*, 178 F.3d 743, 748 (5th Cir. 1999) (holding that a selective enforcement claim requires the plaintiff to "prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right"); *see Jones v. J.C. Penney's Dept. Stores, Inc.*, 03–CV–920A, 2007 WL 1577758, at *9 (W.D.N.Y. May 31, 2007) ("A successful selective prosecution claim requires the plaintiff show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on

6

impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.") (internal quotations omitted). In her proposed Amended Complaint, Plaintiff does not allege that the Federal Defendants based any enforcement decision on an arbitrary classification or an otherwise improper consideration. "That not all violators are prosecuted does not alone establish a constitutional violation." *Knapp*, 796 F.3d at 467; *see Allred's Produce,* 178 F.3d at 748 ("[T]he conscious exercise of some selectivity in enforcements not in itself a federal constitutional violation.").

## V.  PLAINTIFF IS NOT ENTITLED TO A WRIT OF MANDAMUS.

Plaintiff's Motion to Amend her complaint to include a cause of action for a writ of mandamus should be denied as futile. A writ may only be issued by a district court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361.[3] It is an "extraordinary remedy" that is warranted only in "exceptional circumstances." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957). Mandamus does not supersede other remedies; it comes into play only when there exists no alternative avenue of relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 379 (2004). Thus, "[t]he Second Circuit has held that a writ of mandamus may issue only when there is: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined

---

[3] Plaintiff styles her motion for a writ under 28 U.S.C. § 1651(a), which confers the power of mandamus on federal appellate courts. The Federal Defendants proceed on the assumption that Plaintiff intended to make her case for a writ under 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7

and preemptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy.'" *Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D.N.Y. 1996) (quoting *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976)).

Here, Plaintiff has not alleged that she has a clear right to have the USDA "prosecute" a third party. Nor has she established that the USCA has a "plainly defined and preemptory duty" to prosecute Tyler Thomas, or anyone else, on Plaintiff's behalf. Finally, Plaintiff has other available, adequate remedies, namely, to pursue Mr. Thomas in a state civil proceeding for the return of her property.  As such, Plaintiff has failed to state a claim for a Writ of Mandamus against the USDA.

## VI. CONCLUSION

For the reasons stated above, the Federal Defendants respectfully request that this Court deny Plaintiff's Motion to Amend, dismiss her Complaint against them in its entirety, and for such other and further relief as the Court deems just and proper.

DATED:   Rochester, New York,
              November 3, 2021

                                            TRINI E. ROSS
                                            United States Attorney

                                BY:   s/KATHRYN L. SMITH
                                      Assistant United States Attorney
                                      Western District of New York
                                      100 State Street, 5th Floor
                                      Rochester, New York 14614
                                      585-399-3961
                                      Kathryn.L.Smith@usdoj.gov